ORIGINAL

ANDRE' S. WOOTEN 3887
ATTORNEY AT LAW
CENTURY SQUARE, SUITE 1909
1188 BISHOP STREET
HONOLULU, HAWAII 96813
TELEPHONE NO. (808) 545-4165

ATTORNEY FOR PLAINTIFF
ROBERT SHEREZ

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 21 2005

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

STATE OF HAWAII

| | |
|---|---|
| ROBERT SHEREZ,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawaii Schools, MEREDITH MAEDA, Principal, Castle High School; SARA GRONNER OR GRONNA, Vice Principal of Castle High School, DOE Employees John & Jane Does 1-10,<br><br>    Defendants. | CIVIL NO. 04-00390 JMS-KSC<br><br>SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

SECOND AMENDED COMPLAINT FOR DAMAGES

PARTIES

1.  THE PLAINTIFF, ROBERT SHEREZ, is an experienced and qualified Special Education/Special Services Home & Hospital Tutor (teacher), a part-time teacher and former full-time teacher at/for the D.O.E., in Honolulu, and an employee of the Hawaii Public Schools, Department of Education since 1988. Robert Sherez resides on Oahu, in the City and Country of Honolulu, in the State of Hawaii, and has repeatedly applied for and been denied assignments of Special Services/Special Education Home & Hospital tutoring jobs for female students in the

Department of Education since 2003, in violation of D.O.E. regulations and State and Federal law, in a manner which is evidence of a pattern and practice of gender discrimination and denial of work to qualified male educators for part-time teaching positions in the Department of Education, State of Hawaii and **retaliation** for requesting Plaintiff's legal rights be recognized, against the illegal gender discrimination.

2. Defendant HAWAII STATE DEPARTMENT OF EDUCATION, (D.O.E.) is a governmental agency incorporated by the State of Hawaii and charged with setting policy, hiring employees and supervising the teachers, principals, programs and students of the State of Hawaii involved in or employed by the State of Hawaii Department of Public Education. It is sued in it's official capacity.

3. Defendant PATRICIA HAMAMOTO, at all times relevant herein was and is the Superintendent of the Hawaii State Department of Education, as such Chief Operating and Executive Officer of the Hawaii Public Schools Department during this time period and she is ultimately responsible for the setting of the policy and administration of the Hawaii Public Schools, programs and supervision of the Principals, Administrators and teachers of the schools within the Hawaii Public School system including all DOE schools and training programs on the Island of Oahu, State of Hawaii. She is sued in her official capacity for failing to lawfully discharge the requirements of her office and actions and omissions personally committed by her.

4. Defendant MEREDITH MAEDA, at all times relevant herein was the Principal of the Castle High School, in the City and County of Honolulu, State of Hawaii from 1999 to 2005. During the time that Robert Sherez was a Special Education/Special Services Home & Hospital Tutor, as chief administrator, Principal Maeda at Castle High School was the superior of V-P

Gronna and therefore responsible for the hiring, firing and supervision, curriculum, disciplinary procedures and ultimately responsible for the Special Services/Special Education Home & Hospital Tutors (teachers) of the high school. In addition, this illegal gender discrimination issue was directly brought before him, unsuccessfully, by Robert Sherez in his capacity as Castle High School Principal. He is being sued in his individual, as well as official capacity, for actions or omissions personally performed by him.

5.     Defendant, SARA GRONNA at all times relevant herein was a Vice Principal of the Castle High School, DOE, in the City and County of Honolulu, State of Hawaii during this time. Robert Sherez had already been employed as a Special Services/Special Education Home & Hospital Tutor(teacher) there from 1989 to 2005. SARA GRONNA as a Vice Principal at Castle High School was put in charge, by Principal Maeda, of the hiring, firing, supervision of Special Services/Special Education Home & Hospital Tutors(teachers), and responsible for the selection of the home tutors of Special Services/Special Education Home & Hospital Tutors(teachers) of the high school. V-P GRONNA enforced a policy barring (Robert Sherez), a male teacher, from tutoring female students in need of Special Services/Special Education Home & Hospital Tutoring. She is being sued in her individual, as well as official capacity, for actions or omissions personally performed by her.

6.     Defendants, JOHN & JANE DOES 1-10, are individuals who may have contributed or performed or omitted to perform duties for which they were responsible in creating the employment discrimination <u>or retaliation</u> suffered by Robert Sherez who, as a <u>tutor</u>/teacher was wrongfully denied assignment of students to tutor, other part and full-time teaching positions, and other retaliations including a "Hostile Work Environment" after he complained that

3

a new Castle High School Vice Principal, Sara Gronna, had enforced a "new" policy that male teachers could no longer tutor female students in need of Special Services/ Special Education Home & Hospital Tutoring in violation of Plaintiff's Constitutional Right to non-discriminatory employment opportunities at Castle High School, per the D.O.E. written regulations.

## STATEMENT OF FACTS

7. ROBERT SHEREZ was a "LISTED"/experienced and educated teacher, with a J.D. from the Western New England School of Law, a B.A. from the S.U.N.Y. and experiences in teaching, before moving to Hawaii and becoming employed by the D.O.E. Since 1988; as a DOE Special Education/Special Services Home Tutor ( and part and full-time teacher), he has excelled in numerous difficult home tutor teaching placements as well as other full and part-time assignments. Plaintiff has been in the D.O.E. RRSC/RISE training program since 2003. Defendant administrators of the D.O.E., Mattison, Gronna and Maeda have breached the terms of the binding D.O.E., Hawaii State, and U.S. rules and regulations by preventing male Special Services/Special Education Home and Hospital Tutors from continuing to tutor female students in need of Special Services/Special Education Home and Hospital Tutoring and in violation of the standard principles of fair evaluation of educational qualifications, teaching experience, D.O.E. part-time teacher classifications and seniority in the D.O.E. for promotions throughout the D.O.E. system.

8. This new policy created a "Pattern and Practice of Discrimination" and "Hostile Work Environment", for Plaintiff Sherez who complained/talked to his superiors about the curtailment of his work, and the retaliation of the Defendants by preventing him from further work as a Special Education/Special Services Tutor in the Honolulu District continuously to this

4

date, limiting his tutoring in the Windward District to MALE EXTREME cases **only**, being fired from McKinley School for Adults, not being hired by the D.O.E. as a full-time classroom Special Education teacher, being harassed and discriminated against in the D.O.E. Special Education training program (which he has had to pay for) and etc...

9. Plaintiff has met all Administrative requirements for filing this law suit.

10. The actions taken by Defendant Maeda, and the other school administrators were clearly done in violation of D.O.E. part-time teacher classifications/regulations which require giving a preference in teaching selections to teachers with greater (as recognized by the D.O.E.) education and teaching experience within the D.O.E. and their whole careers, not just at one school. These actions therefore constitutes intentionally discriminatory conduct by Defendants Gronna & Maeda at Castle High School and M.. Mattison.

11. It is against all D.O.E. rules to hire **non D.O.E. approved** teachers/substitutes, for full-time Special Education teachers, when D.O.E. approved (the D.O.E. eligible to hire **"LIST"**) applicants are available (Plaintiff Robert Sherez). These actions therefore constitute intentionally discriminatory conduct by Defendants John and Jane Doe 1-10 of the D.O.E.

12. The Defendants continues to discriminate against the Plaintiff and retaliate against him illegally to this date, for filing his original Complaint with the Hawaii Civil Rights Commission in 2003. Defendants refuse further employment as a Honolulu District, Special Services/Special Education Home and Hospital Tutor, or for Windward District to tutor females, other part-time teaching positions, Summer School teaching, Adult-Community School teaching, as full-time Special Education classroom teaching, firing him from and denying his further employment with the McKinley School for Adults since the spring of 2003. Where he was

5

suddenly terminated in mid-course, even though he had successfully taught GED preparation classes for several sessions and cutting his student assignment possibilities (and therefore working hours) to males only as a Windward District Special Education/Special Services Home & Hospital Tutor. All as a result of the inception of the gender discriminatory policy and the retaliation.

13. After the Plaintiff's EEO Discrimination Complaint had been initiated in Spring 2003; he was been terminated by the NEW McKinley Adult School Principal/Administrator Helen Sanpei. He was told loud enough by the long-time Registrar (Mr. Won), while being overheard by students; that Plaintiff was fired due to a "Sexual Lawsuit". Plaintiff was not rehired in other similar positions he had successfully held, that he reapplied for and been recommended for/in. These included but not limited to:

14. Teaching High School, Adult & Continuing Education at "Adult Education and Community Schools" ( GED (math and English), 12th grade English, etc.)

15. Teaching Summer Schools, in different DOE schools, grades, subjects and Districts.

16. D.O.E., Honolulu District Office Home & Hospital Special Education/Special Services had a new Educational Specialist (who Plaintiff was **pointedly** told; is also in charge of all Special Education Teachers in much of the D.O.E. Honolulu District), Ms. Kokobun, who informed Plaintiff that the secretary (Ms. C. Ho) now decides and assigns the Home and Hospital Tutoring cases not already assigned tutors by the individual schools. If schools cannot find a tutor it is referred to the District office. Plaintiff has not been assigned one student to tutor for the entire past school year or since, even though a specific request was made for Plaintiff. Plaintiff tried to request that he be allowed to show and give his resume and the many

6

recommendations from parents, principals, assistant Superintendents, etc., from his Special Education/Special Services Home & Hospital Tutoring within the Honolulu District. Plaintiff was told not to. He was confused so he asked for/at a second meeting about his lack of assignments and how Secretary Ho decides on which tutor. He was then told (by) that Ms. Kokobun (without checking tutors, D.O.E. part-time teacher classifications, relevant credentials, etc., herself) approves Ms. Ho's choices.

17. Both Ms. Kokobun and Secretary Ho will not answer or respond to Plaintiff's phone or written messages. Ms. Kokobun refuses to answer certified letters or even send Plaintiff the application (a legal right to apply for Hawaii State Jobs) to continue to tutor in the Honolulu District after over 16 successful years. Interestingly, one of Ms. Kokobun's titles for the D.O.E., Honolulu District Office is " **DUE PROCESS COORDINATOR**".

18. The Assistant Superintendent of the Honolulu District has not responded to plaintiff's request for an application and requirements. She promised to call Plaintiff back, and acknowledged that every Hawaii citizen has a right to reapply for a Hawaii public job they held; especially after over 16 years of HDOE service.

19. In the DOE, Windward District, Plaintiff made an appointment with his supervisor, Home & Hospital Tutoring- Special Education/Special Services Director, Mr. Mattison, the director, to discuss the sexual discrimination. Plaintiff had to sign in at the front desk of the Windward District Office–the reason for his "visit" and who he was visiting. It is written; reason for visit, EEO discrimination, person visited M. Mattison. Plaintiff asked how he could be fired because "HE WAS A MALE", as it was against DOE, Hawaii State and U.S. laws, rules and regulations. Plaintiff showed the D.O.E. brochure on this topic and explained the gender

7

discrimination. Mr. Mattison told Plaintiff there were "new rules", "not secret, just unwritten"...and he, {Robert Sherez},or any Special Services/Special Education Home & Hospital Tutors (teachers) cannot get any copy of the new DOE Special Services/Special Education Home & Hospital Tutors (teachers) rules, the instructions of Plaintiff's job. Plaintiff was told these new rules include (but not limited to) that males aren't to teach females and adult supervision must now be present for all gender and age students; "since the D.O.E. was recently sued for sexual reasons...; there are new rules. They are not secret, just unwritten and you cannot see them". But males should not tutor females of any age, even though under the new rules "an adult supervisor must be present at all times during tutoring regardless of age or gender".

20.     Mr. Mattison was the D.O.E. person who had testified for the D.O.E., to the unemployment appeal hearing, by written response, to official Hawaii Unemployment Dept. that the Plaintiff does not work during the summers. Mattison lied to the Hawaii State Unemployment Appeals Judge, when Plaintiff had the payroll documents that showed that Plaintiff worked during the summers and it was he, Mr. Mattison's office, that assigned and processed the payroll sheets of plaintiff. Official D.O.E. pay sheets show that Plaintiff had in fact worked as a Home and Hospital Tutor for years during the summers by assignment of Mr. Mattison's office-that makes the assignments. These are on file at the unemployment office under Plaintiff's Hawaii State Unemployment Office Misc. File, and Plaintiff has copies. Mr. Mattison improperly sought to prevent Plaintiff from obtaining unemployment benefits, wrongfully in retaliation for having filed an HCRC complaint.

21.     As a part of that retaliation, Mr. Mattison stated at an unemployment hearing falsely, that while Plaintiff was a Special Education/ Special Services Home and Hospital Tutor

for the D.O.E. he and did that not work over the summers.

22. At the last D.O.E., Castle HS IEP conference Plaintiff attended, May 26, 2004, for student Z.Y.H., at Castle HS, "Senior" Vice Principal Mulcahy (who Plaintiff first brought the gender discrimination issue to, before Principal Maeda) when told of all the positive professional attributes of a service provider remarked, "It's only too bad he's not a female." The IEP teacher told Plaintiff that the family and service providers asked for a male tutor since he and his dogs were considered violent/dangerous. She was instructed by Castle High School to first call the female tutors; however when they (the female tutors) turned the assignment down as too dangerous and no one at Castle could/would tutor the student; Plaintiff was called and assigned.

23. A specific request for Plaintiff to tutor was also made in the DOE Honolulu District. Plaintiff had worked well with another case (BD) from the same Approved Hawaii State "Group Home" and they wished him back to tutor. Plaintiff was even told the student had recognized him in a positive way as, having been his previous full-time Special Education classroom teacher. Plaintiff was on the district's approved tutoring list, but he was not assigned the job. Even though, due to the unique special circumstances, a male was asked for. The Honolulu District Office assigned female tutors that later proved unsuccessful.

24. During a subsequent male assignment for the D.O.E., Kalaheo, Windward District- Plaintiff, as the only tutor/teacher teaching the student, was refused the student's Individual Education Plan by the Principal, Mr. Schlosser, and no form HH-1 was given (all required ). The Plaintiff's pay was delayed. Plaintiff **was barred** from the school by the D.O.E. school contact-IEP teacher, except for one hour, once a week, in the spring of 2005. He was not

9

allowed to directly contact the teachers of the student he was tutoring. Twice the Plaintiff appealed to Kalaheo HS Vice-Principal Takeshita. The D.O.E. did not ask Plaintiff, the student's only teacher/tutor, to the IEP or have Plaintiff come in to the review of the case by the Superintendent of the entire D.O.E. even though he was the only teacher of the student and no other teacher or administrator had worked with the student. The district asked Plaintiff to tutor this student after the school could not find anyone to tutor him, there was an ongoing lawsuit over denial of services to this student, and Plaintiff had to be able to pass the family "interview", which included a D.O.E. teacher, before being approved for the assignment.

25.    Marty Mattison was at all times relevant herein the Supervisor of the Windward Oahu District Special Services/Special Education Home & Hospital Tutoring division, DOE, in the City and County of Honolulu, State of Hawaii. During 2003, after Robert Sherez had already been employed as a Special Services/Special Education Home & Hospital Tutor(teacher) there from 1989 to 2005. He supported the illegal enforcement of the gender discrimination policy. He said it was the new "unwritten DOE policy, ... not a secret". Mr. Mattison participated in a policy barring Robert Sherez, a male teacher, from tutoring female students in need of tutoring.

26.    Helen Sanpei was at all times relevant herein the Principal of McKinley School for Adults during the spring of 2003, where Plaintiff Sherez had been employed as a GED teacher for several courses/sessions. She suddenly, and in the middle of the course, abruptly terminated Plaintiff's Daytime GED preparation course prior to the scheduled end as told to the students and Plaintiff by the secretaries, registrar and vice principal. The class had changed to the largest room due to the student enrollment, who appreciated Plaintiff's class. **The (more than 40) students**

**had given up time, jobs, traveled great distances, bought from McKinley Adult School books and calculators, etc. to return to school to complete their Graduate Equivalency Diploma specifically to be in Plaintiff's class and were extremely "upset".** The premature termination of the class was without precedent, with this termination happening after Plaintiff filed his EEO complaint against the DOE regarding the illegal sex discrimination in the DOE. Plaintiff is being denied further employment by Sanpei.

27. All of the foregoing paragraphs are included by reference in the following Causes of Action and incorporated therein.

## JURISDICTION

28. The complainant adheres and states as follows the category jurisdiction. The jurisdiction of this court is afforded this case as matters arising Under 42 U.S.C. 1981, 42 U.S.C. 1983, 42 U.S.C. 1985, 42 U.S.C. 1986, and 42 U.S.C. 2000e, arise under the United States District Court under original jurisdiction. In addition, the amount in controversy is substantially in excess of $75,000.00 pursuant to 28 U.S.C. 1331 and 28 U.S.C. Section 1332(a)(1).

29. Federal Constitution and Civil Rights law violations confer original jurisdiction upon this court pursuant to Federal Civil Rights Law pursuant to U.S.C. Section 1331 and 28 U.S.C. 1343(3) and Under pendant jurisdiction with respect to the causes of action arising under state common law and statutes pursuant to Title 28 U.S.C. and tort. The jurisdiction of the court is invoked to secure the protection of Civil Rights and to redress deprivation of rights, privileges, and immunities secured by a) 14th Amendment to the Constitution of the United States, Section 1(b) the Commerce Clause, article 1, section 8, clause 3 of the Constitution of

11

the United States; c) title 2 of the Civil Rights Act of 1964, 78 STAT 243, 42 U.S.C. Section 2000(a) at seq. Providing for injunctive relief against discrimination and places of public employment and accommodation; and d) 42 U.S.C. 1981, providing for the equal rights of citizens and all persons within the jurisdiction of the United States.

## ADMINISTRATIVE PROCEDURES

30. In the fall of 2003, Plaintiff filed the instant complaint with the State of Hawaii Civil Rights Commission and later with the Federal EEOC.

31. In due time, he received "Right To Sue" letters from HCRC, and this civil complaint is filed within 90 days of Plaintiff's receipt of that letter.

## CAUSE OF ACTION I
## VIOLATION OF FOURTEENTH AMENDMENT
## TITLE IX EDUCATIONAL AMENDMENTS OF 1972
## SECTION 901(a) 20 U.S.C.A. SECTION 161(a)

32. The actions of the Defendants mentioned above violate the Plaintiff's right to Equal Employment Opportunity under the 1964 Civil Rights Act, as amended and the student's rights to non-discrimination due to gender in the selection of teachers and SE/SS H&H tutors in the State of Hawaii.

## CAUSE OF ACTION II
## VIOLATION OF TITLE IX DELIBERATE INDIFFERENCE

33. The actions of the Defendants jointly and severally were clearly unreasonable and either caused directly or were legally insufficient to prevent the repeated acts of denial of equal employment Opportunity under State and Federal anti-discrimination laws which were occurring repeatedly to Robert Sherez, The D.O.E. administration, though informed never took any steps to remedy the discrimination suffered by Plaintiff Sherez.

34. Plaintiff was retaliated against by being denied all Special Services/Special Education Home Hospital tutoring work in all Honolulu District, and continues to be denied assignment of females to tutor in the Windward District, and denied any teaching positions at McKinley School for Adults, other Adult Community Schools, Summer School teacher and as a Special Education class room teacher, even though he has paid the DOE to be on the DOE Special Education eligible list, he has been by-passed for other's not even on the eligible list.

CAUSE OF ACTION III
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. The actions of Defendant Maeda and others in denying Plaintiff Robert Sherez work as a home Tutor or Special Education Teacher is a continuing act in a pattern and practice of illegal promotional discrimination practiced against the qualified male teachers in the DOE Windward District, and holds Plaintiff up for public ridicule and embarrassment. As his colleagues all know that Plaintiff has the qualifications and a lot of experience as a Special Services Home and Hospital Tutor, and hold other teaching positions in the DOE and that the DOE Defendants are retaliating against Plaintiff by refusing to rehire him as a full-time classroom Special Education teacher, Adult Community teacher, summer school teacher, other part-time teaching positions and cutting his hours as a Home Tutor or Home Special Education Teacher, from what the rate of work had been for years, prior to the inception of Sara Gronna's enforcement of the DOE's new gender discriminatory policy, enacted in violation of D.O.E. Rules and State and Federal Laws.

## CAUSE OF ACTION IV
### VIOLATION OF 42 U.S.C. 1985

36. The actions of the Defendants jointly and severely constitute acts, in violation of D.O.E.'s rules and regulations perpetration the conspiracy by the Defendants to deny Robert Sherez, and other qualified non-teachers, his and their equal opportunity for fair employment and promotional opportunity free from discrimination and constitute violations of Title IX of the Educational Opportunity Act, as well as which also become violations of the anti invidious conspiracy Statute act 42 U.S.C. 1985 which the Defendants have conspired to violate.

## CAUSE OF ACTION V
### VIOLATION OF 42 U.S.C. 1986

37. The actions of the Defendants jointly and severely constitute acts or omissions which were conducive to the perpetration of the conspiracy by the Defendants to deny Robert Sherez his equal opportunity for meaningful education and violation of Title IX of the Educational Opportunity Act which the Defendants have violated.

## CAUSE OF ACTION VI
### VIOLATION OF 42 U.S.C. 1983

38. The actions of the Defendants stated above constitute blatant acts of illegal employment discrimination on the basis of gender performed by State agents under color of State law. Defendants' illegal practice of breach of Settlement Agreement contract and sexual discrimination and harassment in denying Robert Sherez, and other qualified male teachers, his and their equal opportunity for fair employment and promotional opportunity free from discrimination, must be enjoined Defendants from denying Robert Sherez his constitutional rights to equal opportunity for fair employment and promotional opportunity free from

discrimination in public school employment with the Hawaii State Department of Education.

39. The State of Hawaii, D.O.E. employed Defendants have consciously and illegally violated Plaintiff's Constitutional rights, under color of state law.

## CAUSE OF ACTION VII
## VIOLATION OF STATE OF HAWAII FAIR EMPLOYMENT ACT

40. The actions of the Defendants mentioned above also violate the State of Hawaii Fair Employment Act Section 368 & 378 of the Hawaii Revised Statutes.

41. The Plaintiff has no meaningful administrative rights not presently exhausted and no meaningful redress against Defendants to save in submitting this litigation.

## CAUSE OF ACTION VIII
## VIOLATION OF TITLE VII, The 1964 U.S.A. FAIR EMPLOYMENT ACT,
## 42 U.S.C. 2000 (e)

42. The actions of the Defendants violated Plaintiff's right to non-discrimination in the application of and for and granting of Plaintiff his due process EEO fairness rights in appointing teaching/tutoring positions in the D.O.E. by Defendants' illegal practice of gender discrimination and harassment in appointing teaching positions at DOE Castle High School for the Special Education/Special Services Home & Hospital Tutor assignments denied him in 2003-04. To also enjoin Defendants from denying Robert Sherez his constitutional rights for appointment as Special Education/Special Services Tutor assignments denied him in 2003-04 at the Windward and Honolulu Districts and the D.O.E. on the basis of his gender and the retaliation against Plaintiff by firing him from his job as GED teacher for McKinley Adult School, and denying him any further work Plaintiff has been employed as, including but limited to a full-time classroom Special Education Teacher for the DOE denied plaintiff in the 2003 to 2005 school

years. Plaintiff has paid to/for attendance in the DOE Special Education full-time classroom teacher "certification" program, and Plaintiff has been denied this employment, even when Principals at schools seek to hire him, D.O.E. officials delay or do not provide supposedly needed paper work or oral verifications resulting in Plaintiff being denied employment at jobs he was offered at schools, in violation of his 14th Amendment Right to Due Process and Equal Protection of the Law in the right to make contracts under the United States Constitution.

43. The Plaintiff has no meaningful administrative rights not presently exhausted and no meaningful redress against Defendants, save in submitting this litigation.

WHEREFORE, THE PLAINTIFF PRAYS FOR RELIEF AGAINST THE DEFENDANTS JOINTLY AND SEVERALLY AS FOLLOWS:

(a) That the declaratory judgment be issued that Plaintiff's rights have been violated as alleged above.

(b) That the Defendants be preliminary and permanently enjoined to desist from the Defendants' illegal practice of gender discrimination, retaliation and harassment in appointing teaching assignments of Special Services/Special Education Home and Hospital Tutors denied Plaintiff in 2003-05, and McKinley School of Adults GED and other Part Time Teaching (as outlined above). To also enjoin Defendants from denying Robert Sherez his constitutional rights to fulfillment of the provision for appointment as a Special Education full time class room teacher.

(c) The Plaintiff having recovered from the Defendants jointly and severally against all Defendants compensatory, special, statutory, liquidated, exemplary, and punitive damages and the monetary relief in the amount of $10,000,000.00 and that Plaintiff recover from the Defendants

jointly and severally prejudgment interest entered to the maximum extent permitted by law;

  (d)  That Plaintiff recover from the Defendants jointly and severally his costs, including reasonable attorney's fees, together with such other remedies as may be provided by law;

  (e)  That the Court grant such other and further relief as deemed necessary and proper.

  DATED:  Honolulu, Hawaii, _Dec 20, 2005_.


                _/s/ Andre' S. Wooten_
                ANDRE' S. WOOTEN
                Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

STATE OF HAWAII

| | | |
|---|---|---|
| ROBERT SHEREZ, | ) | CIVIL NO. 04-00390 JMS-KSC |
| | ) | |
| Plaintiff, | ) | DEMAND FOR JURY TRIAL |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawaii Schools, MEREDITH MAEDA, Principal, Castle High School; SARA GRONNER OR GRONNA, Vice Principal of Castle High School, DOE Employees John & Jane Does 1-10, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff demands a trial by jury of all issues of fact OR otherwise triable to a jury in this action.

DATED: Honolulu, Hawaii, _Dec 20, 2005_.

_____
ANDRE' S. WOOTEN
Attorney for Plaintiff

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____

ROBERT SHEREZ,

V.

STATE OF HAWAII DEPARTMENT OF
EDUCATION; PATRICIA HAMAMOTO,
Superintendent of Hawaii Schools;
MEREDITH MAEDA, Principal, Castle
High School; SARA GRONNER or GRONNA,
Vice Principal of Castle High
School; DOE Employees John and
Jane Doe 1-10

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 04-00390 JMS-KSC

TO: (Name and address of Defendant)

All Above-Named Defendants

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

ANDRE' S. WOOTEN
Attorney at Law
1188 Bishop St., Suite 1909
Honolulu, Hawaii 96813
Telephone: 545-4165

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SUE BEITIA                                              DEC 21 2005

CLERK                                                    DATE

(By) DEPUTY CLERK