IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>          Plaintiff,<br><br>vs.<br><br>STATE OF HAWAI'I DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai'i Schools, MEREDETH MAEDA, Principal, Castle High School; SARA GRONNER OR GRONNA, Vice Principal of Castle High School,<br><br>          Defendants. | CIVIL NO. 04-00390 JMS-KSC<br><br>MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR CONSOLIDATION |

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR CONSOLIDATION

**I.  BACKGROUND**

On December 21, 2005, Plaintiff Robert Sherez ("Plaintiff") filed his Second Amended Complaint (hereinafter "Complaint") against Defendants State of Hawaii Department of Education, Patricia Hamamoto, Sarah Gronna and Meredith Maeda in Civil No. 04-00390 JMS-KSC.

The Complaint alleges that the Plaintiff was employed as a part time tutor and a part time adult education teacher for the Department of Education. Complaint, ¶¶ 1-8. The Complaint alleges that a policy prohibiting male tutors

212243_1.DOC

from teaching female students discriminated against him in his role as tutor, because of his gender. Complaint, ¶¶ 7 and 8. Furthermore, the Complaint alleges that the Department retaliated against him when he complained of the purported discrimination by terminating him as an adult education teacher. Complaint ¶¶ 12 and 13. Therefore, the Plaintiff brought the following claims against the Defendants:

    I.     Violation of Title IX Educational Amendments of 1972 section §901 (a) 20 USCA 161 (a)
    II.    Violation of Title IX Deliberate Indifference
    III.   Intentional Infliction of Emotional Distress;
    IV.   Violation of 42 U.S.C. § 1985
    V.    Violation of 42 U.S.C. § 1986
    VI.   Violation of 42 U.S.C. § 1983
    VII.  Violation of Chapter 378, Haw. Rev. Stat.
    VIII. Violation of Title VII

Later, on October 26, 2006, the Plaintiff filed a First Amended Complaint in Civil No. 06-00367 SPK-KSC (hereinafter "New Complaint"). The New Complaint is very similar to the original Complaint in Civil No. 04-00390 JMS-KSC. The New Complaint is similar to the original Complaint in that it names the Defendants State of Hawaii, Hamamoto, Gronna and Maeda. New Complaint, ¶¶ 2-5. Further, the New Complaint asserts the same claims of liability against the Defendants. New Complaint, ¶¶ 151-161. Moreover, the New Complaint contains the same factual allegations against the Defendants that were set forth in the original Complaint:

| Civil No. 04-00390 JMS-KSC | Civil No. 06-00367 SPK-KSC |
|---|---|
| Paragraph No. 7 | Paragraph No. 12 |
| Paragraph No. 8 | Paragraph No. 13 |
| Paragraph No. 10 | Paragraph No. 14 |
| Paragraph No. 11 | Paragraph No. 15 |
| Paragraph No. 12 | Paragraph No. 16 |
| Paragraph No. 12 | Paragraph No. 17 |
| Paragraph No. 13 | Paragraph No. 18 |
| Paragraph No. 14 | Paragraph No.s 19 and 47A |
| Paragraph No. 15 | Paragraph No.s 20 and 47B |
| Paragraph No. 16 | Paragraph No. 22 |
| Paragraph No. 16 | Paragraph No.s 23, 49 and 50 |
| Paragraph No. 17 | Paragraph No.s 24 and 50 |
| Paragraph No. 18 | Paragraph No.s 25 and 51 |
| Paragraph No. 19 | Paragraph No.s 26, 52 and 53 |
| Paragraph No. 20 | Paragraph No.s 27, 54 and 55 |
| Paragraph No. 21 | Paragraph No. 28 |
| Paragraph No. 22 | Paragraph No.s 29, 57 and 58 |

| | |
|---|---|
| Paragraph No. 23 | Paragraph No. 30 |
| Paragraph No. 24 | Paragraph No.s 31 and 60 |
| Paragraph No. 25 | Paragraph No. 32 |
| Paragraph No. 26 | Paragraph No. 33 |

The New Complaint also names two individual defendants not previously named in the original Complaint. In connection with the two individual defendants, the New Complaint also contains factual allegations that the Department discriminated against the Plaintiff because of his gender because it did not hire him as a fulltime special education teacher. New Complaint, ¶¶ 61-144. However, the New Complaint asserts the same theories of liability against all the defendants that have been previously asserted in the original Complaint. New Complaint, ¶¶ 151-161.

THIS COURT SHOULD EXERCISE ITS DISCRETION TO CONSOLIDATE BOTH PENDING CASES BECAUSE OF COMMON QUESTIONS OF LAW AND FACT.

Rule 42(a), Federal Rules of Civil Procedure governs the consolidation of actions and provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The Ninth Circuit has held that the district court has wide discretion under the rule to consolidate cases pending in the same district. Investors Research Co. v. United States Dist. Ct., 877 F.2d 777 (9th Cir.1989). As the language of Rule 42(a) provides, the presence of a common question of law or fact is a threshold requirement for consolidation. Yousefi v. Lockheed Martin Corp., 70 F.Supp.2d 1061, 1064-65 (C.D.Cal.1999).

Consolidation pursuant to Rule 42(a) is a well-established method of promoting judicial economy and convenience in cases where common issues of law or fact exist with respect to several actions. Ahern v. Gaussoin, 611 F.Supp. 1465, 1496 (D.Or.1985); 9 Wright and Miller, Federal Practice and Procedure § 2383 at 559 (1971). The primary purpose for the consolidation of the pending cases is to avoid the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact. EEOC v. HBE Corp., 135 F.3d 543, 550 (8th Cir.1998). In exercising its broad discretion to order consolidation of actions under Rule 42(a), a court must balance the saving of time and effort consolidation would produce against any inconvenience, delay, confusion, or prejudice resulting from consolidation. Southwest Marine, Inc. v. Triple A Mach. Shop, Inc., 720 F.Supp. 805, 806-7 (N.D.Cal.1989).

Presently, there are two cases pending before the Court which clearly involve common issues of both law and fact. Both cases contain the same factual

allegations and legal claims as between the same parties. The principles of judicial economy informs this Court that both cases be consolidated in order to avoid unnecessary costs and expenditures of time on the part of the litigants by avoiding duplicative discovery, repetitive presentations of the evidence as well as avoiding the possibility of overlapping judgments. Furthermore, consolidation would avoid the expenditure of energies of two trial judges and their respective staff expending time and effort to familiarize themselves with the intricacies of a case that could be heard by one judge at one trial. Consequently, the benefits of consolidation outweigh the associated costs of holding two trials before two judges based on common questions of both fact and law.

DATED:   Honolulu, Hawai`i, November 2, 2006.

_____
NELSON Y. NABETA
Deputy Attorney General

Attorney for Defendant
STATE OF HAWAI`I
DEPARTMENT OF EDUCATION, PATRICIA
HAMAMOTO, MEREDITH MAEDA,
and SARAH GRONNA