IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAI`I DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai`i Schools, MEREDETH MAEDA, Principal, Castle High School; SARA GRONNER OR GRONNA, Vice Principal of Castle High School,<br><br>Defendants. | CIVIL NO. 04-00390 JMS-KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT MOTION TO DISMISS

I.    INTRODUCTION

On December 21, 2005, Plaintiff ROBERT SHEREZ ("Plaintiff") filed Second Amended Complaint (hereinafter "Complaint") against Defendants STATE OF HAWAI'I, DEPARTMENT OF EDUCATION, MEREDITH MAEDA, and SARAH GRONNA. The Complaint alleges that the Plaintiff, Defendants Maeda and Sarah Gronna are employed by the State of Hawaii, Department of Education. Complaint ¶¶ 1, 4-5, 7.

The Complaint alleges, among other things, that the Plaintiff was employed as a part-time home and hospital tutor in the Windward District of the Department of Education. Complaint, ¶¶ 1, 7. The Complaint alleges Defendant Maeda was the principal of Castle High School and was the supervisor of Defendant Sarah Gronna, the school's vice principal, who in turn was responsible for the "selection of home and hospital tutors." The Complaint further alleges that Defendant Gronna enforced an existing departmental policy that prevented the Plaintiff from tutoring female students. Complaint, ¶¶ 4-6. The Complaint alleges that the policy was purportedly adopted by the department, through the tutoring program, because of recent litigation. Complaint, ¶ 19. The Complaint asserts that the alleged policy of the Department of Education discriminated against the Plaintiff because of his gender. Based on these allegations, the Plaintiff asserted the following claims against Defendant Maeda, in his individual capacity:

Cause of Action I: Violation of Title IX

Cause of Action II: Violation of Title IX Deliberate Indifference

Cause of Action III: Intentional Infliction of Emotional Distress

Cause of Action IV: Violation of 42 U.S.C. § 1985

Cause of Action V: Violation of 42 U.S.C. § 1986

Cause of Action VI: Violation of 42 U.S.C. § 1983

Cause of Action VII: Violation of Chapter 378, Haw. Rev. Stat.

Cause of Action VIII: Violation of Title VII

Based on the allegations set forth in the Complaint, Defendant Maeda, respectfully moves this Court to dismiss all the causes of action asserted against him in his individual capacity.

A. Causes of Action I and II (Title IX) Fail to State Claims Upon Which Relief May Be Granted Against Defendant Maeda, in His Individual Capacity

Plaintiff's first and second causes of action allege violations of Title IX which provides in relevant part:

> No person in the United States shall, on the basis of sex, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]

20 U.S.C. § 1981(a).

Defendant Maeda cannot be sued for sex discrimination in his individual capacity under Title IX. Soper v. Hoben, 195 F.3d 845, 854 (6th Cir. 1999); Kinman v. Omaha Public School District, 171 F.3d 607, 611 (8th Cir. 1999); Smith v. Metropolitan School District Perry Township, 128 F.3d 1014, 1019 (7th Cir. 1997) (holding that "[b]ecause Title IX only protects against discrimination under any education program or activity receiving federal financial assistance . . . Title IX claim[s] can only be brought against a grant recipient and not an individual."); Bracey v. Buchanan, 55. F. Supp. 2d 416, 419 (E.D. Va. 1999); Doe v. Petaluma City School District, 830 F. Supp. 1560, 1576 (N.D. Cal. 1993). As a matter of

law, Plaintiff's claims pursuant to Title IX against Defendant Maeda, in his individual capacity, must fail.

> B. Causes of Action IV and V (§1985 and §1986, respectively) Fail to State Claims Upon Which Relief May Be Granted Against Defendant Maeda, in His Individual Capacity
>
> 1. The Complaint has failed to sufficiently allege a claim of conspiracy under § 1985.

The Complaint asserts a claim of conspiracy against Defendant Maeda pursuant to §§1985 and 1986. However, the Complaint plainly fails to allege that Defendant Maeda was a part of any agreement to deprive anyone of a protected right.

Under the analysis as set forth in Griffin v. Breckenridge, 403 U.S. 88 (1971), there are four elements that must be established in order to prove a conspiracy: (1) that the defendants had an agreement with at least one other person and participated or caused something to be done in furtherance of the agreement; (2) that the agreement was to deprive the plaintiff of a protected right; (3) that the defendants were motivated by a dislike or hateful attitude toward a specific class of people and that the plaintiff was a member of that class; and (4) that the conspiracy caused deprivation or injury to the plaintiff. Id. at 103-104. However, a claim of conspiracy must allege facts to support the allegation that defendants actually conspired together. The mere allegation of conspiracy without specific factual

basis is not sufficient. <u>Karim-Panahi v. Los Angeles Police Department</u>, 839 F.2d 621, 626 (9th Cir. 1988).

In this case, the Complaint fails to allege a sufficient claim for conspiracy against Defendant Maeda. The Complaint alleges that the supposed discriminatory policy was adopted by the department through the office of Marty Mattison, director of the home and hospital tutoring program. According to the Complaint, Mr. Mattison disclosed that the reason for the alleged policy was not to deprive persons of a protected right, but to protect the department from certain forms of liability. Complaint, ¶ 19. Given this departmental policy, the Complaint states that Defendant Gronna merely complied with this official requirement by preventing the Plaintiff from tutoring female students. Complaint, ¶ 5. But the Complaint does not state that Defendant Maeda himself had taken any action to enforce the purported policy. More importantly, there is no allegation that the formation of this policy was ever the result of Defendant Maeda's efforts. Similarly, there is no allegation that Defendant Maeda had been part of a wrongful agreement to deprive anyone of a protected right or that he was in communication with anyone before or when Defendant Gronna allegedly "enforced" the purported policy to the claimed detriment of the Plaintiff. Complaint, ¶ 5. In short, the claim against Defendant Maeda is not supported by any facts that he actually conspired with anyone.

2. The claim of civil conspiracy under § 1985 is barred.

The intra-corporate conspiracy doctrine provides that, as a matter of law, a corporation cannot conspire within itself through its own employees or agents. Dombrowski v. Dowling, 459 F.2d 190, 193 (7th Cir. 1972). The rationale for the doctrine derives from the nature of the claim of conspiracy that requires a meeting of minds. Two people, or two entities are required to claim conspiracy. As such, the agreement cannot be premised on the meeting of the minds of two agents or two employees of the same corporation. Hoefer v. Fluor Daniel, Inc., 2 F.Supp.2d 1055, 1057-59 (C.D. Cal. 2000).

Courts have held that the "intra-corporate conspiracy" doctrine applies to § 1985 cases, holding that a governmental body cannot conspire with itself, and that individual members of a governmental body cannot conspire when they act in their official capacities to take official actions on behalf of the governing body. Runs After v. United States, 766 F.2d 347, 354 (8th Cir. 1985); Gladden v. Barry, 558 F.Supp. 676, 679 (D.D.C. 1983); Edmonds v. Dillin, 485 F.Supp. 722, 729 (N.D.Ohio 1980). Consequently, courts have held that the doctrine is a bar to a § 1985 claim where the conspiratorial conduct challenged is essentially a single act by a single governmental body acting exclusively through its own officers, each acting within the scope of his or her official capacity. Rabkin v. Dean, 856 F.Supp. 543, 551-2 (N.D.Cal.1994).

In this case, even if the Complaint were interpreted to allege an agreement between Defendant Maeda and any of the other individuals identified in the pleading, the doctrine would bar the conspiracy claim because all of the persons are employees of the same governmental department.

3. There is no viable claim pursuant to § 1986.

§ 1986 provides a claim against "every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1040 (9th Cir. 1990). Therefore, a claim pursuant to § 1986 depends on the existence of a valid claim under § 1985. McCalden v. Cal. Library Ass'n., 955 F.2d 1214, 1223 (9th Cir. 1990); Karim-Panahi v. L.A. Police Dep't., 839 F.2d 621, 626 (9th Cir. 1988). Consequently, where a plaintiff's claim under §1985 fails, the companion claim pursuant to § 1986 will also fail. Logan v. West Coast Benson Hotel, 981 F.Supp. 1301, 1317 (D.Or.1997).

In this case, because the Plaintiff failed to allege a sufficient claim of conspiracy and the application of the intra-corporate doctrine, Plaintiff's claim under §1986 is not viable and must be dismissed.

    C.    Cause of Action VI (§1983) Cannot be Asserted Against Defendant Maeda, in His Individual Capacity

The Complaint alleges violations of both Title IX and § 1983 based on the allegation of a single set of facts purporting gender discrimination. Complaint, ¶¶ 151-153; 157-8. However, in this case, the Plaintiff's § 1983 claim is preempted.

Generally, courts have held that a claim under § 1983, alleging gender discrimination, is preempted under Title IX. Bougher v. University of Pittsburgh, 713 F.Supp. 139, 145 (W.D.Pa. 1989); Pfeiffer by Pfeiffer v. Marion Center Area School Dist., Bd. of School Directors for Marion Center Area School Dist., 917 F.2d 779, 789 (3rd Cir. 1990). Courts have reasoned that Congress intended the statute's administrative and judicial remedies, to be exclusive in nature and thus a claimed violation of Title IX should not be pursued both under Title IX and § 1983. Bruneau ex rel. Schofield v. South Kortright Cent. School Dist., 163 F.3d 749, 757-759 (2nd Cir. 1998). Consequently, courts have held that the availability of a claim under Title IX preempts the remedies available for sex discrimination under §1983. Boulahanis v. Board of Regents, 198 F.3d 633, 640 (7th Cir. 1999).

As such, courts have held that a plaintiff may not allege the same set of facts upon which to base causes of action under both Title IX and § 1983. In particular, a plaintiff may not claim that an instance of intentional discrimination simultaneously creates causes of action under both Title IX and under § 1983.

Williams v. School Dist. of Bethlehem, Pa., 998 F.2d 168, 176 (3rd Cir. 1993); Waid v. Merrill Area Public Schools, 91 F.3d 857, 862 (7th Cir. 1996).

In this case, the Plaintiff's § 1983 claim against Defendant Maeda is premised on purported gender discrimination that is asserted to be violations of Title IX. However, the Plaintiff's claim based on § 1983 is preempted because of the clear congressional intent that the Title IX be the exclusive remedy for such violations. Consequently, this cause of action should be dismissed.

D. Cause of Action VIII (Title VII) Fails to State a Claim Upon Which Relief May Be Granted Against Defendant Maeda, in His Individual Capacity

Defendant Maeda cannot be sued under Title VII in his individual capacity. The law is clear that individual employees may not be sued under Title VII in their individual capacities. Title VII prohibits discriminatory practices by an employer. See 42 U.S.C. § 2000e-2. However, there is no individual liability for employees under Title VII even if the employees are supervisors or managers. Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998); Greenlaw v. Garrett, 59 F.3d 994, 1001 (9th Cir. 1995); Miller v. Maxwell's International Inc., 991 F.2d 583, 587 (9th Cir. 1993); Black v. City and County of Honolulu, 112 F. Supp. 2d 1041, 1048 (D. Haw. 2000). Therefore, as a matter of law, Plaintiff's claim pursuant to Title VII against Defendant Maeda in his individual capacity must fail.

 E. This Court Should Decline Jurisdiction Over The Remainder Of The State Claims in Causes of Action III (Intentional Infliction of Emotional Distress) and VII (Violation of Chapter 378, Haw. Rev. Stat.)

Courts have held that where the federal claims are dismissed, or summary judgment is granted on the claims based upon federal law, the state claims should be dismissed. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); Jones v. Community Redevelopment Agency, 733 F.2d 646, 651 (9th Cir. 1984). Further, it has been the Ninth Circuit's practice to dismiss state law claims if all federal claims are dismissed before trial. Danner v. Himmelfarb, 858 F.2d 515, 523 (9th Cir. 1988).

In this case, as there are no viable claims against Defendant Maeda, in his individual capacity, based on Title IX, § 1983, § 1985, § 1986 and Title VII, this Court should decline to exercise supplemental jurisdiction over all the remaining state claims contained in Causes of Action III and VII (Intentional Infliction of Emotional Distress and violation of Chapter 378, Haw. Rev. Stat., respectively).

DATED: Honolulu, Hawaii, November 16, 2006.

             _/s/ Nelson Y. Nabeta_
             NELSON Y. NABETA
             Deputy Attorney General

             Attorneys for Defendant
             MEREDITH MAEDA