IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAI`I DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai`i Schools, MEREDETH MAEDA, Principal, Castle High School; SARA GRONNER OR GRONNA, Vice Principal of Castle High School,<br><br>Defendants. | CIVIL NO. 04-00390 HG-KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |

MEMORANDUM IN SUPPORT OF DEFENDANT STATE OF HAWAII,
DEPARTMENT OF EDUCATION'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT FILED ON DECEMBER 21, 2005

I.   INTRODUCTION

On December 21, 2005, Plaintiff Robert Sherez ("Plaintiff") filed Second Amended Complaint (hereinafter "Complaint") against Defendants State of Hawaii, Department of Education and certain individual defendants. The Complaint alleges that the Plaintiff and all of individuals named are employed by the State of Hawaii, Department of Education, and therefore, the individual defendants are sued in their official capacities. Complaint, ¶¶ 1-5.

The Complaint alleges, that the Plaintiff was employed as a part time employee of the Department of Education in several capacities. The Plaintiff served as a part time home and hospital tutor in the Honolulu and Windward Districts of the Department of Education. Complaint, ¶¶ 1, 11 and 13. The Plaintiff also served as a part time adult education teacher at the McKinley Community School for Adults. Complaint, ¶¶ 16-19.

The Complaint alleges that the Plaintiff was subjected to discrimination when he served as a part time tutor in the Home Hospital Instructional Program that assigned teachers to students who cannot attend school for medical reasons. The Plaintiff claims that he was not assigned to teach female students only because he was a male. Complaint, ¶¶ 1, 7-8.

The Complaint claims that after the Plaintiff complained about this alleged discriminatory practice, he was terminated from his part time employment as an adult education teacher. Complaint, ¶¶ 12-13.

Based on these allegations, the Plaintiff asserted the following claims against Defendant State of Hawaii, Department of Education:

Cause of Action I:   Violation of Title IX

Cause of Action II:  Violation of Title IX Deliberate Indifference

Cause of Action III: Intentional Infliction of Emotional Distress

Cause of Action IV: Violation of 42 U.S.C. § 1985

Cause of Action V: Violation of 42 U.S.C. § 1986

Cause of Action VI: Violation of 42 U.S.C. § 1983

Cause of Action VII: Violation of Chapter 378, Haw. Rev. Stat.

Cause of Action VIII Violation of Title VII

Based on the allegations set forth in the Complaint, Defendant State of Hawaii, Department of Education, respectfully moves this Court to dismiss Causes of Action III, IV, V VI and VII asserted against it.

II. LEGAL ARGUMENT

    A. THIS COURT LACKS JURISDICTION TO ADJUDICATE CAUSES OF ACTION IV (§1985), V (§1986) AND VI (§1983) AGAINST DEFENDANT STATE OF HAWAII, DEPARTMENT OF EDUCATION BY APPLICATION OF THE ELEVENTH AMENDMENT IMMUNITY

The Eleventh Amendment to the United States Constitution provides in relevant part:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Under the Eleventh Amendment, a state cannot be sued in the federal courts by its own citizens or citizens of another state. Papasan v. Allain, 478 U.S. 265, 275 (1986). In construing the Eleventh Amendment, the Ninth Circuit has held that absent a state's unequivocal consent, the Eleventh Amendment bars a federal

court from entertaining a suit against that state or one of its agencies or departments. Hall v. State of Hawai`i, 791 F.2d 759, 761 (9th Cir. 1986). Furthermore, unless a state unequivocally waives its sovereign immunity, the Eleventh Amendment also bars suit against state officials in their official capacities. Doe v. Lawrence Livermore Nat. Lab., 131 F.3d 836, 839 (9th Cir. 1997); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989). Accordingly, courts have consistently held that claims made against a state pursuant to §§ 1983, 1985 and 1986 are barred by the Eleventh Amendment. Mitchell v. Los Angeles Community College Distr., 861 F.2d 198, 201 (9th Cir. 1988); Cerrato v. San Francisco Cmty College Dist., 26 F.3d 968, 972, 975 (9th Cir.1994); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989).

Consequently, Causes of Action IV, V and VI that are based on §§ 1985, 1986, and 1983, respectively, are barred against Defendant State of Hawaii, Department of Education, and the official capacities of the named individual defendants by the application of the Eleventh Amendment immunity.

    B.    THIS COURT LACKS SUBJECT MATTER JURISDICTION TO ADJUDICATE CAUSES OF ACTION III (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ) AND VII (VIOLATION OF CHAPTER 378 HAW.REV.STAT.) AGAINST DEFENDANT STATE OF HAWAII, DEPARTMENT OF EDUCATION BY APPLICATION OF THE ELEVENTH AMENDMENT IMMUNITY

In construing the Eleventh Amendment, the Ninth Circuit held that absent a state's unequivocal consent, the immunity bars a federal court from entertaining a suit against that state, or one of its agencies or departments, based on state law. Hall v. State of Hawai`i, 791 F.2d 759, 761 (9th Cir. 1986). This Court has held that the State of Hawai`i has not waived its immunity from suit based on state claims. Bator v. State of Hawai`i, 910 F. Supp. 479, 484-85 (D. Haw. 1995). Furthermore, this Court had specifically held that claims made against a state agency of harassment and hostile work environment pursuant to Chapter 378, Haw.Rev.Stat. is barred by the Eleventh Amendment. Mukaida v. State of Hawai`i, 159 F. Supp. 2d 1211, 1216, 1227 (2001). Similarly, this Court dismissed a plaintiff's claims against the State of Hawai`i premised upon an alleged violation of Hawai`i statutory law proscribing discriminatory practices and common law claims. Linville v. State of Hawai`i, 874 F. Supp. 1095, 1104 (1994). Finally, this Court has held that the tort claim of intentional infliction of emotional distress is also barred by the State's Eleventh Amendment immunity. Mukaida, 159 F. Supp. 2d at 1217.

Accordingly, Causes of Action III and VII that are based on the state claims of intentional infliction of emotional distress and the violation of Chapter 378, Haw.Rev.Stat., respectively, asserted against Defendant State of Hawaii, Department of Education and the official capacities of the named individual defendants, are barred by the application of the Eleventh Amendment immunity.

DATED: Honolulu, Hawai'i, November 22, 2006.

_____
NELSON Y. NABETA
Deputy Attorney General

Attorneys for Defendant
STATE OF HAWAII,
DEPARTMENT OF EDUCATION