IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STATE OF HAWAI`I DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai`i Schools, MEREDITH MAEDA, Principal, Castle High School; SARA GRONNER OR GRONNA, Vice Principal of Castle High School,<br><br>　　　　Defendants. | CIVIL NO. 04-00390 JMS-KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION; |

MEMORANDUM IN SUPPORT OF THE MOTION

I.　　BACKGROUND

On August 24, 2004, a First Amended Complaint was filed by Plaintiff Robert Sherez ("Plaintiff") in this case. On November 22, 2004, the Court duly issued its Rule 16 Scheduling Order. The Scheduling Order set trial for November 15, 2005 and June 15, 2005, for the deadline for filing of dispositive motions.

Pursuant to the deadline set in the Scheduling Order, Defendant Gronna filed Motion for Judgment on the Pleadings on May 26, 2005. In addition, on June 9, 2005, Defendant Gronna filed Motion for Judgment on the Pleadings or, in the

alternative, for Summary Judgment. Later, on June 14, 2005, Defendant State of Hawaii also filed Motion for Summary Judgment.

On August 15, 2005, hearing for motions were held. During the hearing, a discussion was held concerning whether Defendant Maeda was served. The Court instructed the parties to confer to determine the status of this defendant with the Court's observation that dismissal of claims against one individual defendant would be applicable to other individuals. Transcript of proceeding on August 15, 2005, pp. 20-21, a copy of which has been previously submitted to this Court as Exhibit "A" in support of Memorandum in Opposition to Plaintiff's Ex Parte Motion for Leave to File Fourth Amended Complaint filed on October 17, 2005. At the close of the hearing, after hearing arguments of the parties, the Court dismissed the motions "without prejudice to refiling" based on the Court's permission to allow amendments to the complaint and further discovery. Transcript of proceeding on August 15, 2005, p. 23, Exhibit "A" in support of Memorandum in Opposition to Plaintiff's Ex Parte Motion for Leave to File Fourth Amended Complaint filed on October 17, 2005. Subsequently, on August 16, 2005, an order was filed denying motions for judgment on the pleadings and for summary judgment, without prejudice.

On November 3, 2005, approximately, two weeks prior to the original trial date, the Plaintiff filed Motion to Amend First Amended Complaint. On

December 12, 2005, this Court allowed the Plaintiff to amend his pleading by Order Granting in Part and Denying in Part Plaintiff's Motion to Amend First Amended Complaint. Therefore, on December 21, 2005, the Second Amended Complaint was filed.

Subsequently, on July 18, 2006, this Court issued the Amended Rule 16 Scheduling Order. However, the Amended Scheduling Order did not provide for an opportunity for filing of dispositive motions. On November 8 and 9, 2006, Defendants Gronna and Maeda each filed a Motion to Dismiss Second Amended Complaint. On November 20, 2006, the Court ordered the motions by Defendant Gronna and Maeda to be sticken, as untimely, based on the dispositive motions deadline of June 15, 2005.

II.   ARGUMENT

AN EXTENSION OF THE DEADLINE FOR FILING OF DISPOSITIVE MOTIONS FOR ALL PARTIES SHOULD BE ALLOWED AS ORIGINALLY INTENDED BY THE COURT

Generally, the scheduling order "controls the subsequent course of the action of a case unless modified by the court. Rule 16(e), Federal Rules of Civil Procedure. But the rules provide that a scheduling order can be modified upon a showing of good cause. Rule 16(b), Federal Rules of Civil Procedure. To obtain a modification, a party should show "good cause". Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir.1992). This standard "primarily

considers the diligence of the party seeking the amendment." Id. at 609; Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir.2000). A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir.2002). This showing is based on the courts' expectation that parties participate in creating a workable Rule 16 Scheduling Order and must diligently attempt to adhere to that schedule throughout the subsequent course of the litigation. Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D.Cal.1999). The District Court may allow a post-deadline amendment if the deadline could not reasonably have been met despite the diligence of a party. Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1232-1233 (E.D.Cal.1996).

In this case, the Rule 16 Scheduling Order set the trial date for November 15, 2005. The Scheduling Order also established the dispositive motion deadline as June 15, 2005. On May 26, 2005, June 9, 2005 and June 14, 2005, the defendants filed their dispositive motions in compliance with the Scheduling Order. During the hearing on the motions for summary judgment, the Court had expressed its allowance of further filings of motions at a time beyond the deadline for the filing of dispositive motions. Transcript of Proceedings on August 15, 2005, p. 23, Exhibit "A" in support of Memorandum in Opposition to Plaintiff's

Ex Parte Motion for Leave to File Fourth Amended Complaint filed on October 17, 2005.

However, approximately a month after the original trial date, the Plaintiff was allowed to amend his complaint. The amended complaint was filed on December 21, 2005. At the time of the filing of the amended complaint, the deadline set for the filing of dispositive motions had already passed. Later, on July 18, 2006, the Amended Rule 16 Scheduling Order was issued. But the Amended Rule 16 Scheduling Order did not provide any opportunity for the filing of dispositive motions as it indicated that such opportunity was "Closed". But the Amended Scheduling Order did not appear to specifically overrule the Court's original intention to allow the further filing of motions by all parties at a later date. Transcript of Proceedings on August 15, 2005, pp. 20-23, Exhibit "A" in support of Memorandum in Opposition to Plaintiff's Ex Parte Motion for Leave to File Fourth Amended Complaint filed on October 17, 2005. Therefore, the Defendants urge this Court to reconsider its order striking the Motions to Dismiss filed by Gronna and Maeda and also extend the deadline for the filing of dispositive motions in accordance with its original desire.

DATED: Honolulu, Hawai'i, November 19, 2006.

_____
NELSON Y. NABETA
Deputy Attorney General