**ORIGINAL**

LAW OFFICES OF ANDRÉ S. WOOTEN
Attorney and Counselor at Law

ANDRÉ S. WOOTEN        3887
Century Square,        Suite 1909
1188 Bishop Street
Honolulu, Hawai`i       96813
Telephone:      (808) 545-4165

Attorney for Plaintiff
ROBERT SHEREZ

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 5 2007

at ____ o'clock and ____ min____ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF Hawai`i

| | |
|---|---|
| ROBERT SHEREZ,<br><br>                    Plaintiff,<br><br>          vs.<br><br>STATE OF HAWAII DEPARTMENT OF<br>EDUCATION; PATRICIA HAMAMOTO,<br>Superintendent of Hawaii Schools,<br>MEREDITH MAEDA, Principal, Castle<br>High School; SARA GRONNER OR<br>GRONNA, Vice Principal of Castle High<br>School.<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO.    04-00390 JMS-KSC<br><br>PLAINTIFF'S CONCISE COUNTER-STATE-<br>MENT OF FACTS IN OPPOSITION TO THE<br>DEFENDANTS STATE OF HAWAII 'S<br>MOTION FOR SUMMARY JUDGEMENT &<br>COUNTER-MOTION FOR SUMMARY<br>JUDGMENT; DECLARATION OF<br>PLAINTIFF ROBERT SHEREZ;<br>DECLARATION OF COUNSEL;<br>EXHIBITS 1- ;<br><br>Date of Hearing:  Feb. 12, 2007<br>Time: 9:00 AM<br>Judge: Hon. J. MICHAEL SEABRIGHT<br><br>Trial Date: March 28, 2007<br>CERTIFICATE OF SERVICE |

## PLAINTIFF'S CONCISE COUNTER-STATE-MENT OF FACTS IN OPPOSITION TO THE DEFENDANTS STATE OF HAWAII 'S MOTION FOR SUMMARY JUDGEMENT & COUNTER-MOTION FOR SUMMARY JUDGMENT

Comes Now the Plaintiff, ROBERT SHEREZ, by and through his attorney, Andre'

Wooten, hereby files this instant Concise Counter-Statement of Facts in opposition to the

Defendant's Motion for Summary Judgment filed December 18, 2007.

## RESPONSE TO DEFENDANT'S STATEMENT OF FACTS

1.    False.                    Some students are disciplinary problems and
                                barred from campus due to it.  Dec. of Plaintiff para 19,20

2.    False.                    Some students are disciplinary problems and
                                barred from campus due to it.  Dec. of Plaintiff para 19,20

3.    True.

4.    **False**.      Def. Gronna Enforced a gender biased              Declaration of
Teacher employment practice, which Marty Mattison told              Plaintiff, para 19.
Plaintiff was the result of a recent law suit between a male tutor      Exhibits 1, 2.
and a female student.   He also told Plaintiff that under the new
rules an adult must be present for tutoring all students of all ages,
not just students below High School age, as in the past.
Mattison told Plaintiff he could not get a copy of these "unwritten rules".
And Plaintiff has not been assigned a female student to tutor
in three years, since filing this complaint.
        Moreover, the D.O.E.'s own rules call for the most
qualified teachers to be assigned first, based upon degree attainment.
So, it was not supposed to be a total rotation, and was not administered
fairly in any case.

5.    **False.**      Same answer as # 4.  In the 2002-2003      Dec. of Plaintiff, para 23, &
year a counselor gave  Defendant Gronna an application       24, 25,  Ex 1 & 2.
for a contract for Plaintiff Sherez to tutor a pregnant female
student from Castle High School, just as he had for 7 years.
**However, Sara Gronna took plaintiff's name off the application.**
Moreover, the State has refused to Produce requested relevant
policy and procedure and Home-Hospital tutor contract
comparison data, which would support Plaintiff's position.
The duties of Defendant Gronna's predecessor
included making the Castle High Home-Hospital tutor
assignments.   Only when the school did not put down a
Recommended tutor on the form would the District Assign one
Just because Defendant Groona said she forwarded Plaintiff's
application or was "instructed" In some unwritten manner,
by the Windward Dept does not automatically make it so.

The State has refused to Produce requested relevant
policy and procedure and Home-Hospital tutor contract
comparison data, which would support Plaintiff's position.
Especially when as here, the State has refused to Produce
requested relevant policy and procedure and Home-Hospital
tutor contract comparison data, which would support Plaintiff's
position.

The D.O.E. established the gender discriminatory                    Dec. Of Plaintiff 19,
policy but Sara Gronna carried it out and Marty Mattison admitted   23, 24, 25, 26
this to Plaintiff.

The particular issue Plaintiff has raised                          Dec. Of Plaintiff 19,
is blatant gender discrimination in employment.                    23, 24, 25, 26
Sara Gronna, Marty Mattison and Ira Ilson all told Plaintiff       Exhibits 1 & 2.
about this policy.    That was the reason Plaintiff was given
when he was removed as a tutor of a Manoa pregnant student.

6.    **False**.   Plaintiff was told Sara Gronna made the          Dec. Of Plaintiff  23
Decision to deny him work by Ira Ilson and Sara Gronna             24 and 25.
Herself.    Moreover the Defendants                                Exhibit 1 & 2.
have refused to produce the manual or rules that they
Now say Sara Gronna was following.


7.    True.

8.    True

9.    True

10.    True.    3 semesters of class

11.    False.    Sometimes teachers are informed prior to this.    Dec of Plaintiff 29-40.

12.    True.

13.    False.    Plaintiff was informed in mid-term that his        Declaration of Plaintiff,
course was being canceled.                                         Para 29 , 39. Exhibits 3 &4

14.    False.    Plaintiff was terminated in mid-term.              Dec. of Plaintiff, para 22
And the teacher retained was not more qualified than              29, 39, 40.   Exhibits 3 & 4.
Plaintiff to teach the G.E.D. class, as Plaintiff's students

had the highest success and passage rate on the test
in comparison with the other teachers.

## PLAINTIFF'S CONCISE COUNTER-STATEMENT OF FACTS
## IN SUPPORT OF PLAINTIFF'S COUNTER-MOTION FOR SUMMARY JUDGMENT

15.     Plaintiff's equal opportunity for employment          Dec. Plaintiff para 18, 23,
was unfairly denied him by Sara Gronna,                       24, 25, 26, 27 Exhibit 1, 2.
Castle High School, Helen Sanpei and the DOE.

16.     Plaintiff was retaliated against for filing this complaint   Dec. Plaintiff para 18, 23,
against Sara Gronna, and Castle High School by being 24, 25, 26, 27 to 40.
limiting his further work by the Windward District and
at McKinley School for Adults.

17.     Plaintiff was retaliated against for filing this complaint   Dec. Plaintiff para 18, 23
against Sara Gronna and Castle High School by being   29 Exhibits 3 -4.
denied further work by the D.O.E. Adult Education Dept.
At McKinley High school, where he taught part time.
The McKinley school for Adults principal fired Plaintiff
in the middle of his course, stranding the students as well.

18.     Plaintiff had worked at will consistently for over 16 years   Dec. Plaintiff para 18,
as a home Hospital tutor until Sara Gronna became responsible
for making the tutor assignments for the DOE.

19.     Plaintiff had worked consistently for over 16 years for the        Dec. Plaintiff
Windward District as a Home Hospital Tutor before making
this complaint of gender discrimination.

20.     Plaintiff had worked part-time for the D.O.E.                Dec. Plaintiff 29-40
Adult Education Department at McKinley High School complex
Until filing this complaint of gender discrimination for years.

24.     Plaintiff, although vastly experienced and tremendously      Dec. Plaintiff p 30
qualified is the only so qualified teacher enrolled in the D.O.E.   Ex 2, 3 & 4.
Special Education Teacher Certification Program that has
not been hired for a full time job.

25.     Plaintiff has been informed that the reason he has not       Dec. Plaintiff p 30.
been hired or given just limited employment for any of these       Ex 2, 3 & 4.

jobs is because he filed the instant original complaint of
gender discrimination against the DOE. and Sara Gronna.

Dated, Honolulu, Hawaii,   January 25, 2007.

Andre' S. Wooten
Attorney For Plaintiff ROBERT SHEREZ