ANDRE S. WOOTEN      #3887
ATTORNEY AT LAW
1188 BISHOP STREET
SUITE 1909
HONOLULU, HI 96813
TEL: 808-545-4165

ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT SHEREZ, | ) | CIVIL NO.   04-00390 JMS-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DECLARATION OF ROBERT SHEREZ |
| | ) | IN OPPOSITION TO THE |
| | ) | DEFENDANTS' MOTION FOR |
| STATE OF HAWAII DEPARTMENT | ) | SUMMARY JUDGEMENT; |
| OF EDUCATION; PATRICIA | ) | |
| HAMAMOTO, Superintendent of Hawaii | ) | |
| Schools, MEREDETH MAEDA, Principal, | ) | |
| Castle High School; SARA GRONNER OR | ) | |
| GRONNA, Vice Principal of Castle High | ) | |
| School. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DECLARATION OF ROBERT SHEREZ IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

STATE OF HAWAII           )
                          )SS
CITY AND COUNTY OF HONOLULU, )

ROBERT SHEREZ, being first duly sworn upon oath and upon penalty of perjury deposes that:

1.  I was employed by Defendant State of Hawaii Department of Education and Windward District office since 1987, in many positions, including full time teaching.  At Waipahu High I was a temporary certified Full-Time Special Education teacher as at

Kalaheo High School (see recommendation )and King Intermediary school's I was a long term SPED substitute teacher, and part time teaching and or tutoring in all 4 Districts of Oahu (see recommendations). I taught summer courses (see recommendation from summer school Director/Principal) , Adult Education (12th Grade English), Special Motivation (see parent recommendation), GED (see Registrars Recommendation), art course (see recommendation from Teacher AND Windward District Superintendent), HOMEBOUND Teaching or court order and more (SEE HDOE recommendations).

    2.    Frequently, I was selected by the District Office when there was a relative of a DOE employee (See recommendations from teacher whose son I tutored and from family that I had to pass an interview from a DOE teacher Aunt first) that needed tutoring; and in cases where the DOE was being sued for not providing proper services (see recommendation), I was called into those cases, including my most recent student in 2005, whom I am not allowed to name.

    3.    Declarant completed the 4 year degree in Sociology with a minor in business from State University of New York, Binghamton University, Harpur College, in 2 and 1/3 years while working my way through and paying for my own education with a Dean's list average.

    4.    After getting my Honorable Discharge from the U.S.

Marines I went to Western New England School of Law and completed the 4 year evening program in 3 ½ years, while working and paying my way through. I was even a T.A. of Dean Thompson. I graduated in 1978.

5. While working my way through law school, at times I was a substitute and Part-Time teacher for Windsor, Connecticut public schools, and taught at many school levels and courses.

6. I was assistant director in charge of all on Campus Housing at American International College after Law school. Then I worked for Metropolitan Insurance company as a management trainee. I worked for the Dept. of Justice as a FEDERAL LAW ENFORCEMENT OFFICER assigned to Immigration as an Inspector in Honolulu for 3 ½ years, after I started teaching in Hawaii.

7. I began as a Home Hospital Tutor for the Windward District when I first arrived in Hawaii. Then I taught GED courses for the Dept. of Education and etc.

8. As part of the GED class I challenged my students to take the Federal Employment exam and they challenged me to take it too, so I and several students did and I scored highly in many areas, which lead to offers of Federal jobs.

9. But I did not like being on call 24 hours a day and I preferred teaching.

10. Through various (many) Part-Time Teacher DOE jobs, I was at times, making better than full time pay with the Hawaii Department of Education. I was a substitute teacher during

the day or a long term substitute teacher during the day (see recommendations)or I ran the chapter One Federal Reading program at Waimanalo Intermediate (see recommendations), while substituting for a pregnant teacher for months, taught art for almost a full year at King Intermediate school (SEE Superintendent's & teachers recommendation), long term sub/Taught Calculus II, took over a Special Ed class @ Kaleheo High full time (see Department Chairs recommendation).  And I did Home Hospital tutoring until 7 PM and then I taught Adult Education. During the summers I taught Summer School, Adult Education and had assignments by the Windward DOE Home & Hospital Tutoring Office (recommendations).

11.    I taught Adult Education for the Windward District JOINTLY with Kamehameha to get students the GED, or further the students education at the Kahalu Key Project. I was trained and responsible to both the HDOE and Kamehameha but I was paid by the DOE. I taught as a substitute teacher for the English and Social Studies Department chairpersons at Punahau.

12.    Since I earned a J.D. and had previous experience I was paid at the highest level in the DOE for part-time teachers at Class 3 level and then Class "A".

13.    I was first employed/hired by Fran Jorgenson, who was head of the Special Education division for the Windward Office tutoring from 1988 until she retired in the Mid 1990's(see her recommendation). She was recalled from retirement to be an

evaluator when I first started in the RISE?/RRSC?/ARLISE? program.

14. The school with the tutor need always had a first opportunity to put in for a "recommended" teacher. There was an opening/space on the official form for them to write in their "recommendation." If they did not request someone, then the District would fill the tutor opening from the list of available tutors.

15. The rule was to call all the # 3 level tutors, like Plaintiff first, and then the # 2 level teachers and then the level # 1, lowest qualified teachers were supposed to be called for the jobs. The lowest level was eventually eliminated and #2 were renamed Class "B", and #3 were Class "A".

16. Procedures in regard to parents being present, etc. have recently changed over time. However, the D.O.E. has refused to provide us with their new rules, procedures or regulations, forcing us to file a Motion To Compel them to deliver these relevant procedure documents to us, so that we can prove they are violating them, or do not have them and are discriminating against the Plaintiff in assignments.

17. The Central District Home and Hospital division had Plaintiff tutor terminally ill students at Tripler hospital who were dying and military dependents.

18. Plaintiff tutored some kids who were in the program for legal reasons as violent and incorrigible and under court

control. I have taught "HOMEBOUND" for students the court decided were too dangerous to attend a school (see pay sheets through Mattison's Office). Not all students were in the program for medical reasons. Plaintiff tutored Special Education/Special Services students during summers. Students who I had Tutored during the school year as well as being assigned a new student for ESY summer only (see pay sheets and photocopied HDOE description of ESY teacher)). But Mattison assigned cases in a discriminatory manner and purged himself about the Plaintiff working in the summer in an unemployment hearing. SEE MATTISON"S STATEMENT AND MY PAY RECORDS THROUGH MATTISON'S OFFICE. R.Sherez brought proof to the Hawaii Attorney General; however they refused to prosecute M. Mattison.

19. Def. Gronna Enforced a gender biased Teacher employment practice, which Marty Mattison told Plaintiff was the result of a recent law suit between a male tutor/HDOE and a female student. He also told Plaintiff that under the new rules an adult must be present for tutoring all students of all ages, not just students below High School age, as in the past. Mattison told Plaintiff he could not get a copy of these "unwritten rules".

20. It included Students under court supervision prohibited from attending school or for other legal reasons. Some were too violent to be allowed back to school or were sex offenders (see pay sheets through Mattison's Office).

21. One year the Special Education teacher @ Kalaheo

High school, Mrs. Kealoha, was discovered not to be a certified teacher, she had a drug problem and was caught stealing from the school, teachers and students. The DOE/Kalaheo called me in to catch the students up and they told me this when the District Office called me in to take over her class, which had not done any real educational work for the whole quarter. See the recommendation given by the SpEd Department Chairperson - Mr. Linsky.

22. Plaintiff had filed the paper work given to him to receive the same work assignments that he had been performing for years and for which he was well qualified. Plaintiff received a copy of the official appointment letter for that year. Exhibit 3 is a true copy of this document. This argument is a false pre-text for gender Discrimination by Ms. Gronna and the Windward Department.

23. Ira Ilson, the Castle High School counselor called Plaintiff and told him that he submitted Plaintiff's name on the form to provide tutoring for this pregnant female student and that Sara Gronna told him that "males cannot tutor females; So remove his name." The next day I confronted Sara Gronna about not being allowed to tutor female students, as I had done for many years before (see recommendation from Asst. Superintendent). At first she denied any gender restriction, but then she said "males cannot teach females."

24. And the previous year Sara Gronna had me removed

from tutoring a female student of Castle Highs School who was living in a group home in Manoa. The official reason I was given was because I was a male. I called HDOE Virgina Soares about this. Although I was promised another job, one was not provided at that time to replace that assignment.

25. In past years during the time Booth School for pregnant girls was operating and girls who had trouble with the law or drugs were not allowed to attend Booth School, at that time pregnant girls were not allowed to attend regular schools, I was the tutor for McKinley High School pregnant girls who were not allowed to go to Booth(see exhibits). Usually I tutored these students in their homes or the public library.

26. Some of the tutoring was not done at homes however, some was performed in Hospitals, Libraries or Group Homes or other agreed upon places.

27. If the program was fair, Plaintiff would have been assigned to the female student, the Defendant's claim the Plaintiff's name was submitted to tutor by the school before it went into the rotational policy at district level. And Plaintiff has not been assigned a female student since ( Dec. Plaintiff p 30.) this in over 2 years. And Ira Ilson, Sara Gronna and Marty Mattison all told him they were enforcing a gender biased employment policy decided by the HDOE.

28. Plaintiff was retaliated against for filing this complaint against Sara Gronna and Castle High School by being

limiting his further work by the Windward District. Eliminating half of his possible tutoring students negatively affecting his income.  And he has not been assigned another female student since he filed this complaint and has greatly reduced tutoring.

29.     Plaintiff was teaching Adult Education GED preparation at McKinley School for Adults in 2003, as he had for some time there for GED courses.  In the spring my class was prematurely terminated by the principal disregarding the registrar's statements to students that the course would end right before the GED was to be given. Thereby preventing the students from passing the exam, costing the students time and money and costing me my job and reputation. In fact the registrar enrolled a new student on that very last day.

30.     Plaintiff, although vastly experienced and tremendously qualified is the only so qualified teacher enrolled in the D.O.E. Special Education Teacher Certification Program Cohort that has not been hired for a full time job. Even though the State unemployment office rated his job search as excellent. ( SEE HDOE Shimomoto's constant apology and promise to correct his error.

31.     Plaintiff has been informed that the reason he has not been hired for any of these and or other jobs is because he filed the instant original complaint of gender discrimination against the DOE. and Sara Gronna.

32. Exhibit 1 is a true copy of a letter received from M. Mattison on Feb, 8, 2006. It shows that " the schools have recommended and assigned tutors to there students".

33. Exhibit 2 is a true copy of a letter sent to me by Castle Counselor Ira Ilson on 5/24/02 showing that the counselors routinely make the tutoring decision and the individual school routinely passes the recommendation to the District Office. This confirms the exhibit 1 said by M. Mattison.

34 I have not been assigned or approved to tutor any student in the Honolulu District since this started.

35 I did not have a female student assigned by Windward district entire last year and only tutored for 1 day this year.

36 I have not been hired or allowed to interview for any Adult Courses, etc.

37 I was hired for summer school by the Vice-Principal in writing; but then 3 months later it was withdrawn. I was hired to teach Windward Summer School, elementary level; however P. Ida in the Windward District Office cancelled that.

38. I still am on the wrong eligible to hire list for this last year and only been interviewed for ineligible positions for the RRSC?/RISE?/ARLISE? Program. Schools within my allowable 4 areas that I contact tell me that I first should get on the proper list.

39. Exhibit 3 is a true copy of a letter from Registrar Won dated 2/18/05 shows that my enrollment was constantly increasing

and not decreasing as shown by enrollment logs kept by the MCSA school. He also states that I am an "efficient and effective teacher" thatwas selected by MCSA to Highlight the school. He also states my high abilities in math.

40. Exhibit 4 from ETS shows National Recognition of Excellence necessary for teaching the GED.

WHEREFORE, DECLARANT respectfully requests that the court deny the Defendant's Summary Judgment Motion and Grant Plaintiff's Counter Motion for Summary Judgment.

FURTHER DECLARANT SAYETH NAUGHT.

_____
ROBERT SHEREZ, PLAINTIFF