ORIGINAL

LAW OFFICES OF ANDRÉ S. WOOTEN
Attorney and Counselor at Law

ANDRÉ S. WOOTEN          3887
Century Square,       Suite 1909
1188 Bishop Street
Honolulu, Hawai`i          96813
Telephone:       (808) 545-4165

Attorney for Plaintiff
ROBERT SHEREZ

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 5 2007

at __9__ o'clock and __48__ min. __P__ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF Hawai`i

| | |
|---|---|
| ROBERT SHEREZ,<br><br>        Plaintiff,<br><br>    vs.<br><br>STATE OF HAWAII DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawaii Schools, MEREDITH MAEDA, Principal, Castle High School; SARA GRONNAER OR GRONNA, Vice Principal of Castle High School.<br><br>        Defendants. | CIVIL NO.   04-00390 JMS-KSC<br><br>PLAINTIFF'S CONCISE COUNTER-STATE-MENT OF FACTS IN OPPOSITION TO THE DEFENDANTS MEREDITH MAEDA AND SARA GRONNA 'S MOTION FOR SUMMARY JUDGEMENT & COUNTER-MOTION FOR SUMMARY JUDGMENT; DECLARATION OF PLAINTIFF ROBERT SHEREZ; EXHIBITS 1-4 ;<br><br>Date of Hearing:  Feb. 12, 2007<br>Time: 9:00 AM<br>Judge: Hon.  J. MICHAEL SEABRIGHT<br><br>Trial Date: March 28, 2007<br>CERTIFICATE OF SERVICE |

### PLAINTIFF'S CONCISE COUNTER-STATE-MENT OF FACTS IN OPPOSITION TO THE DEFENDANTS MEREDITH MAEDA AND SARA GRONNA 'S MOTION FOR SUMMARY JUDGEMENT & COUNTER-MOTION FOR SUMMARY JUDGMENT

Comes Now the Plaintiff, ROBERT SHEREZ, by and through his attorney, Andre'

Wooten, hereby files this instant Concise Counter-Statement of Facts in opposition to the

Defendant's Meredith Maeda and Sara Gronna's Motion for Summary Judgment filed December 18, 2007.

## RESPONSE TO DEFENDANT'S STATEMENT OF FACTS

1.   True.

2.   False.                Some students are also disciplinary problems and barred from campus due to it.  Dec. of Plaintiff para 19,20

3.   **False**.   Plaintiff was told Sara Gronna made the     Dec. Of Plaintiff 23
Decision to deny him work by Ira Ilson and Sara Gronna     24 and 25.
Herself.    Moreover the Defendants                                      Exhibit 1, 2
have refused to produce the manual or rules that they
Now say Sara Gronna was following.

4.   **False**.     When Plaintiff learned that Def. Gronna     Declaration of
Enforced a gender biased employment practice                   Plaintiff, para 19.
which Marty Mattison told Plaintiff was the result of a recent law     Exhibits 1, 2
suit between a male tutor and a female student, <u>he called and
complained about it to principal Maeda, who was in charge of
the Vice Principal making the assignments</u>.   Mattison
also told Plaintiff that under the new rules an adult must
be present for tutoring all students of all ages,
not just students below High School age, as in the past.
Mattison told Plaintiff he could not get a copy of these "unwritten rules".
And Plaintiff has not been assigned a female student to tutor
in three years, since filing this complaint.
      Moreover, the D.O.E.'s own rules call for the most
qualified teachers to be assigned first, based upon degree attainment.
So, it was not supposed to be a total rotation, and was not administered
fairly in any case.

5.   True.

6.   **False.**     Same answer as # 4.  In the 2002-2003     Dec. of Plaintiff, para 23, &
year a counselor gave  Defendant Gronna an application     24 Ex 1, 2.
for a contract for Plaintiff Sherez to tutor a pregnant female
student from Castle High School, just as he had for 7 years.

**However, Sara Gronna took plaintiff's name off the application.**
Moreover, the State has refused to Produce requested relevant
policy and procedure and Home-Hospital tutor contract
comparison data, which would support Plaintiff's position.

| | |
|---|---|
| The duties of Defendant Gronna's predecessor | Ex 1 |
| included making the Castle High Home-Hospital tutor | Ex 1 |

assignments.   Only when the school did not put down a
Recommended tutor on the form would the District Assign one

| | |
|---|---|
| Just because Defendant Groona said she forwarded Plaintiff's | Dec. of Plaintiff, |
| application or was "instructed" In some unwritten manner, | para 23, 24, & 25. |

by the Windward Dept does not automatically make it so.
   The State has refused to Produce requested relevant
policy and procedure and Home-Hospital tutor contract
comparison data, which would support Plaintiff's position.
Especially when as here, the State has refused to Produce
requested relevant policy and procedure and Home-Hospital
tutor contract comparison data, which would support Plaintiff's
position.

| | |
|---|---|
|    The D.O.E. established the gender discriminatory | Dec. Of Plaintiff 19, |
| policy but Sara Gronna carried it out and Marty Mattison admitted | 23, 24, 25, 26 |

this to Plaintiff.

| | |
|---|---|
|    The particular issue Plaintiff has raised | Dec. Of Plaintiff 19, |
| is blatant gender discrimination in employment. | 23, 24, 25, 26 |

Sara Gronna, Marty Mattison and Ira Ilson all told Plaintiff
about this policy.    That was the reason Plaintiff was given
when he was removed as a tutor of a Manoa pregnant student.

| | | |
|---|---|---|
| 7. | **False**.   Plaintiff was told Sara Gronna made the | Dec. Of Plaintiff 23 |
| | Decision to deny him work by Ira Ilson and Sara Gronna | 24 and 25. |
| | Herself.    Moreover the Defendants | Exhibit 1 & 2. |

have refused to produce the manual or rules that they
Now say Sara Gronna was following.


| | | |
|---|---|---|
| 8. | True. | Counselor Ira Ilson gave V.P. Gronna a form |
| | | Appointing Plaintiff counselor for a student, |
| | | who happened to be female, the same as he |
| | | had been doing for years.   Ex. 1, 2. |

| | | |
|---|---|---|
| 9. | False.     The duties of Defendant Gronna's predecessor | Ex 1 & 2. |

included making the Castle High Home-Hospital tutor

assignments.   Only when the school did not put down a
Recommended tutor on the form would the District Assign one
Just because Defendant Groona said she forwarded Plaintiff's            Dec. of Plaintiff,
application or was "instructed" In some unwritten manner,               para 23, 24, & 25.
by the Windward Dept does not automatically make it so.
Therefore, by removing Plaintiff's name, Defendant Gronna,
deselecting him from a job the counselor had recommended
him for.   As Gronna's predecessor had and exercised that
selection authority, Gronna possessed it too, but abused it.
　　　　　The State has refused to Produce requested relevant
policy and procedure and Home-Hospital tutor contract
comparison data, which would support Plaintiff's position.
Especially when as here, the State has refused to Produce
requested relevant policy and procedure and Home-Hospital
tutor contract comparison data, which would support Plaintiff's
position.


10.　　False.   See # 9.   Gronna removed Plaintiff's name from      Dec. of Plaintiff
the application, despite the recommendation of the counselor Ira    para 23, 24, & 25.
Ilson, who was familiar with both Plaintiff's qualifications and the   Ex. 1 & 2.
student in need of counseling, unlike the Windward District office.

11.　　**False.**   This program operated in a discriminatory        Dec. Plaintiff para 18, 23,
manner.   And Defendant has refused to produce relevant             24, 25, 26, 27 Exhibit 1 –
employment records which would corroborate                          Ex 2, 3 & 4
Plaintiff's claims of gender discrimination or prove they
were not doing so.   Defendants have not provided any
documents which prove this is true.   Quite the contrary.

12.　　**False.**   This program operated in a discriminatory        Dec. Plaintiff para 18, 23,
manner.   And Defendant has refused to produce relevant             24, 25, 26, 27 Exhibit 1 –
employment records which would corroborate                          Ex 2.
Plaintiff's claims of gender discrimination or prove they
were not doing so.   Defendants have not provided any
documents which prove this is true.   Quite the contrary.
 The particular issue Plaintiff has raised
is blatant gender discrimination in employment.
Sara Gronna, Marty Mattison and Ira Ilson all told Plaintiff
about this policy.    That was the reason Plaintiff was given
when he was removed as a tutor of a Manoa pregnant student.

## PLAINTIFF'S CONCISE COUNTER-STATEMENT OF FACTS
## IN SUPPORT OF PLAINTIFF'S COUNTER-MOTION FOR SUMMARY JUDGMENT

13. Plaintiff's equal opportunity for employment was unfairly denied him by Sara Gronna, Castle High School, Helen Sanpei and the DOE.  
Dec. Plaintiff para 18, 23, 24, 25, 26, 27 Exhibit 1,2

14. Plaintiff was retaliated against for filing this complaint against Sara Gronna, and Castle High School by being limiting his further work by the Windward District and at McKinley School for Adults.  
Dec. Plaintiff para 18, 23, 24, 25, 26, 27 Exhibit 1

15. Plaintiff was retaliated against for filing this complaint against Sara Gronna and Castle High School by being denied further work by the D.O.E. Adult Education Dept. At McKinley High school, where he taught part time. The McKinley school for Adults principal fired Plaintiff in the middle of his course, stranding the students as well.  
Dec. Plaintiff para 18, 23 29

16. Plaintiff had worked at will consistently for over 16 years as a home Hospital tutor until Sara Gronna became responsible for making the tutor assignments for the DOE.  
Dec. Plaintiff para 18,

17. Plaintiff had worked consistently for over 16 years for the Windward District as a Home Hospital Tutor before making this complaint of gender discrimination.  
Dec. Plaintiff

18. Plaintiff had worked part-time for the D.O.E. Adult Education Department at McKinley High School complex Until filing this complaint of gender discrimination.  
Dec. Plaintiff Ex 3 & 4

24. Plaintiff, although vastly experienced and tremendously qualified is the only so qualified teacher enrolled in the D.O.E. Special Education Teacher Certification Program that has not been hired for a full time job.  
Dec. Plaintiff p 30

25. Plaintiff has been informed that the reason he has not been hired or given just limited employment for any of these jobs is because he filed the instant original complaint of gender discrimination against the DOE. and Sara Gronna.  
Dec. Plaintiff p 30.

Dated, Honolulu, Hawaii,   January 25, 2007.

_____
Andre' S. Wooten
Attorney For Plaintiff ROBERT SHEREZ