MARK J. BENNETT         2672
Attorney General of Hawai`i

JAMES E. HALVORSON      5457
NELSON Y. NABETA        3004
Deputy Attorneys General
Department of the Attorney
   General, State of Hawai`i
235 South Beretania Street, 15th Floor
Honolulu, Hawai`i 96813
Telephone: (808) 587-2900
Facsimile: (808) 587-2965
E-Mail: Mark.J.Bennett@Hawai`i.gov
        James.E.Halvorson@Hawai`i.gov
        Nelson.Y.Nabeta@Hawai`i.gov

Attorneys for Defendants
STATE OF HAWAI`I
DEPARTMENT OF EDUCATION
AND SARAH GRONNA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>        Plaintiff,<br>vs.<br><br>STATE OF HAWAI`I DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai`i Schools, MEREDETH MAEDA, Principal, Castle High School; SARA GRONNER OR GRONNA, Vice Principal of Castle High School,<br><br>        Defendants. | CIVIL NO. 04-00390 JMS-KSC<br><br>DEFENDANTS MEREDITH MAEDA AND SARAH GRONNA'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE<br><br>Date:   February 12, 2007<br>Time:   10:00 a.m.<br>Judge:  J. Michael Seabright |

## DEFENDANTS MEREDITH MAEDA AND SARAH GRONNA'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

I. THE PLAINTIFF DOES NOT OPPOSE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO HIS CONSPIRACY CLAIMS

The Plaintiff's opposition does not contain argument or authority in opposition to the Defendants' motion for summary judgment as to his conspiracy claims.

II. THE PLAINTIFF'S OPPOSITION DOES NOT PRESENT A TRIABLE ISSUE OF FACT CONCERNING WHETHER THERE IS A PRIMA FACIE CASE BASED ON 42 U.S.C. § 1983.

The Plaintiff's § 1983 claim against Defendants Sarah Gronna and Meredith Maeda is premised on the existence of a purportedly "unwritten" policy that prohibited male teachers from serving as tutors for female students, under the Home-Hospital Instructional Services program. Thus, the Plaintiff, believing in the existence of this "unwritten" policy, claims that Defendant Gronna enforced this policy against him. Opposition, p. 6 and Declaration of the Plaintiff, ¶ 19. However, the Plaintiff's opposition fails to present any admissible evidence to establish a triable issue of fact that the policy actually exists.

The declarations of Martin Mattison, Beverly Reidy, and Pauline Kokubun, the educational specialists who supervised the Home-Hospital Instructional Services program in the Windward and Honolulu Districts for the Department of Education all state that the program never had a policy that prohibited the

assignment of a male teacher to serve as a tutor for a female student. Declarations in support of summary judgment: Declaration of Martin Mattson, ¶ 2; Declaration of Beverly Reidy, ¶ 5; Declaration of Pauline Kokubun, ¶ 4. Similarly, Defendants Maeda and Gronna, both employees of the Department of Education, and familiar with this program, confirm that no such policy exists. Declaration of Meredith Maeda in support of summary judgment, ¶ 3; Declaration of Sarah Gronna in support of summary judgment, ¶ 3. Furthermore, it is undisputed that other male teachers in the same program, over the years, have been assigned to serve as tutors for female students. Declaration of Beverly Reidy, in support of State of Hawaii's Reply memorandum, ¶¶ 4-5. The assignment of male teachers to female students could not have occurred if there had actually been the gender discriminatory policy in place as argued by the Plaintiff. Finally, it is also undisputed that the only entity authorized to create this purported policy is the Board of Education and the board did not establish such a policy. § 302A 633.5, Haw.Rev.Stat.; Declaration of Beverly Reidy, in support of State of Hawaii's Reply memorandum, ¶ 5. Consequently, the Plaintiff's opposition fails to present any admissible evidence to establish a triable issue of fact that the policy actually exists. Absent the existence of the purportedly "unwritten" policy, the Plaintiff's claim for individual liability against Defendants Maeda and Gronna must fail.

But in spite of this, the Plaintiff argues for the existence of the "unwritten" policy and individual liability against Defendant Gronna on the claim that he heard Defendant Gronna say "males cannot teach females." Declaration of the Plaintiff, ¶ 23. However, this argument is without merit even if Defendant Gronna had made these unlikely statements since a plaintiff may not rely upon statements that are contrary to the statutory authority granted to a school board. Brown v. Caldwell School District No. 132, 898 P.2d 43, 49 (Idaho 1995). Therefore, where statements have been made that are contrary to the statutory grant of authority, a plaintiff does not have the right to justifiably rely upon such remarks. Daniel v. University of Cincinnati, 761 N.E.2d 1168, 1172 (Ohio 2001).

Moreover, even if Defendant Gronna had made these statements, according to the Plaintiff's opposition, she was merely enforcing an existing official departmental policy. Consequently, as a member of the Department of Education, Defendant Gronna's compliance of an official policy presumptively lacked a personal discriminatory motivation necessary for individual liability under a § 1983 claim. Firefighters Local Union No. 1784 v. Stotts, 467 U.S. 561, 583 n. 16, 104 S.Ct. 2576, 2590 n. 16, 81 L.Ed.2d 483 (1984); Washington v. Davis, 426 U.S. 229, 239-41, 96 S.Ct. 2040, 2047-48, 48 L.Ed.2d 597 (1976). Stones v. Los Angeles Community College District, 796 F.2d 270, 279 (9th Cir. 1986).

222315_1.DOC

4

Finally, the Plaintiff's opposition fails to present any facts showing a triable issue of fact that Defendant Maeda had personally participated in any activity that deprived the Plaintiff of any rights because of his gender. Absent such personal participation, Defendant Maeda cannot be held individually liable under § 1983. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

DATED:   Honolulu, Hawai`i, February 1, 2007.

_____
NELSON Y. NABETA
Deputy Attorney General
Attorney for Defendants
 STATE OF HAWAI`I
 DEPARTMENT OF EDUCATION
 AND SARAH GRONNA