MARK J. BENNETT                 2672
Attorney General of Hawai`i

JAMES E. HALVORSON              5457
NELSON Y. NABETA                3004
Deputy Attorneys General
Department of the Attorney
   General,  State of Hawai`i
235 South Beretania Street, 15th Floor
Honolulu, Hawai`i  96813
Telephone: (808) 587-2900
Facsimile:  (808) 587-2965
E-Mail:  Mark.J.Bennett@Hawai`i.gov
         James.E.Halvorson@Hawai`i.gov
         Nelson.Y.Nabeta@Hawai`i.gov
Attorneys for Defendants
STATE OF HAWAI`I,
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>            Plaintiff,<br>vs.<br><br>STATE OF HAWAI`I DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai`i Schools, MEREDETH MAEDA, Principal, Castle High School; SARA GRONNER OR GRONNA, Vice Principal of Castle High School,<br><br>            Defendants. | CIVIL NO. 04-00390 JMS-KSC<br><br>DEFENDANT STATE OF HAWAII'S REPLY TO PLAINTIFF'S LATE SUBMITTALS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE<br><br>Hearing:<br>Date:     February 12, 2007<br>Time:     10:00 a.m.<br>Judge:    J. Michael Seabright |

223255_1.DOC

DEFENDANT STATE OF HAWAII'S REPLY
TO PLAINTIFF'S LATE SUBMITTALS IN OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT

I.  PLAINTIFF'S LATE SUBMITTAL OF LETTERS OF RECOMMENDATION DO NOT ESTABLISH PRETEXT TO DEFEAT SUMMARY JUDGMENT

On January 30, 2007, Plaintiff submitted various letters of recommendations, in opposition to the pending motion for summary judgment filed by Defendant State of Hawaii, Department of Education by a document entitled Second Supplemental Declaration of Robert Sherez in Opposition to Defendant's Motion for Summary Judgment, filed on January 30, 2007. The Plaintiff appeared to submit the letters for purposes of arguing that he is a qualified teacher, and that the explanation given by the principal of the McKinley Community School for Adults was a pretext for retaliation, because not hiring him to teach the subsequent semester would have been unwise in light of the Plaintiff's purported qualifications. However, the submission of the letters do not establish pretext. A review of the case law indicates that such letters are not, as a matter of law, evidence that the explanation given by the principal of the McKinley Community School for Adults was a pretext for retaliation.

It had long been established that "courts do not sit as a super-personnel department that reexamines an entity's business decisions". Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 973 (8th Cir.1994). Accordingly, courts do not judge

whether the articulated reason given by the employer was wise, fair, or even correct. Giannopoulos v. Brach & Brock Confections, Inc., 109 F.3d 406, 411 (7th Cir.1997); Wilking v. County of Ramsey, 153 F.3d 869, 873-74 (8th Cir.1998). Instead, the courts have held that the question of pretext turns on whether the decision maker honestly believed her reasons for making an employment decision, not whether those reasons were wise, well founded, or correct. Wade v. Lerner New York, Inc., 243 F.3d 319, 323 (7th Cir. 2001). Consequently, the focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered, because a court will not reexamine an employer's business decision and review the propriety of the that decision. Stewart v. Henderson, 207 F.3d 374, 378 (7th Cir.2000); Simms v. Oklahoma, 165 F.3d 1321, 1330 (10th Cir.1999); Green v. Maricopa County Community College School Green v. Maricopa County Community College School Dist., 265 F.Supp.2d 1110, 1128 (D. Ariz. 2003).

In this case, the Plaintiff argues that the principal's decision not to hire him to teach a subsequent semester at the McKinley Community School for Adults was a pretext for retaliation because such a decision was not well considered, or correct, in light with his purported qualifications as a teacher. But clearly, the case law does not support the reasoning of the Plaintiff. The case authority clearly informs this Court not to play the role as an examiner of the propriety of the

principal's decision. Moreover, the letters of recommendation are not probative of whether the principal honestly believed in the reasons for her decision. As such, the letters of recommendation, as a matter of law, cannot be considered evidence of pretext.

II. PLAINTIFF'S LATE SUBMITTAL OF A HEARSAY STATEMENT CONTAINED IN THE AFFIDAVIT BY DAGMAR SUZUKI WILL NOT ESTABLISH PRETEXT TO DEFEAT SUMMARY JUDGMENT

In this case, since the letters of recommendation, by themselves cannot be considered evidence of pretext, the Plaintiff will argue that the late submittal of an affidavit of Ms. Dagmar Suzuki should be considered as evidence of pretext. The affidavit is attached to a Declaration of Andre Wooten in opposition to Defendant's Motion for Summary Judgment dated January 26, 2007. The affidavit of Dagmar Suzuki contains a hearsay statement. The Plaintiff will argue that the hearsay statement establishes pretext by showing that the real motivation for not hiring the Plaintiff to teach in the next semester was actually because the Plaintiff filed a discrimination claim against the Department of Education. However, the hearsay statement is not, as a matter of law, evidence of pretext.

Courts have held that a workplace remark, by an individual who did not have authority over the employment decision, is merely a "stray remark" without probative value to establish pretext. <u>Martin v. Kroger Co.</u>, 65 F. Supp. 2d 516, 548-9 (S.D. Tex. 1999). Courts have reasoned that where someone, without

authority over the employment decision, makes a statement such hearsay is merely an expression of opinion by a non-decision maker, and insufficient to establish pretext. Reynolds v. Land O'Lakes, Inc., 112 F.3d 358, 364 note 6 (8th Cir. 1997); Randall v. Unitech Systems, Inc., 243 F.Supp. 2d 822, 831-32 (N.D. Ill 2003); dela Concha v. Fordham University, 5 F. Supp. 2d 188, 194 (S.D.N.Y. 1998). As such, a stray remark not acted upon or communicated to a decision maker is insufficient to establish pretext. Mondero v. Salt River Project, 400 F.3d 1207, 1213 (9th Cir. 2005). Consequently, a single stray remark, without other substantial evidence is insufficient to withstand summary judgment. Mangold v. California Public Utilities Commission, 67 F. 3d 1470, 1477 (9th Cir. 1995).

In this case, it is undisputed that Helen Sanpei served as the principal of the McKinley Community School for Adults. As the principal, Ms. Sanpei was responsible for the overall administrative oversight of the entire school, including the supervision of the school's students, teachers and programs. In particular, Ms. Sanpei was responsible for the hiring of teachers for the various classes. Declaration of Helen Sanpei, ¶¶ 1-2. However, the Plaintiff argues that the principal's explanation as to why she did not hire the Plaintiff to teach in another semester is shown as false because a Ms. Dagmar Suzuki had heard an employee of the school, named Mr. Won, say to the Plaintiff: "I heard it (FIRED) was because of a Sexual Lawsuit."

It is not clear from the wording used by Ms. Suzuki that the statement she overheard actually referred to the principal's decision not to hire the Plaintiff to teach another semester at the school.  But, even if the double hearsay statement refers to the principal's decision, the statement amounts to a "stray remark" by a person who was not the decision maker concerning the issue presented for this case.  Furthermore, there is no indication from the affidavit that either declarants were speaking for the principal, who was the only person authorized to hire the Plaintiff as a teacher, or had spoken to the principal after she made her decision.  Consequently, the double hearsay statement contained in the affidavit of Ms. Suzuki, is an apparent expression of opinion and cannot be considered competent evidence of pretext to oppose summary judgment.

Dated:     Honolulu, Hawaii, February 6, 2007.

                                    /s/ NELSON Y. NABETA
                                    NELSON Y. NABETA
                                    Deputy Attorney General
                                    Attorney for Defendants