IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ROBERT SHEREZ, <br><br> Plaintiff, <br> vs. <br><br> STATE OF HAWAI'I, DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai'i Schools; MEREDITH MAEDA, Principal, Castle High School; SARA GRONNER or GRONNA, Vice Principal of Castle High School, <br><br> Defendants. | Civil No. 04-00390 JMS/KSC <br><br> MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I. BACKGROUND

On August 24, 2004, the Plaintiff filed a First Amended Complaint for Damages. The complaint named Defendants Maeda and Gronna as defendants in their individual capacities. The complaint asserted claims based on 42 USC §1983 (Cause of Action VII) and §378-2, Hawaii Revised Statutes (Cause of Action IX). The claims against Defendants Maeda and Gronna are purported based on a gender discriminatory policy that was created and established by Defendant Gronna. The complaint states that Defendant Gronna "established a policy barring Robert Sherez, a male teacher, from tutoring female students . . .". First Amended

Complaint, ¶ 6. The complaint states that Defendant Gronna supposedly established the purported policy in her capacity as vice-principal of Castle High School:

> Robert Sherez who, as a teacher was wrongfully denied a section or assignment of studenrts to totur or counsel, after he complained that Castle High School Vice Principal Sarah Gronna has instituted a new policy that male teachers could no longer tutor female students...

First Amended Complaint, ¶ 7

The complaint further states that the purported policy was in fact "Sarah Gronna's discriminatory policy." Id., ¶ 12.

On December 21, 2005, the Plaintiff filed a Second Amended Complaint for Damages. The Second Amended Complaint now alleges that Defendant Gronna did not create or enforce the discriminatory policy. Instead, the Second Amended Complaint states that Defendant Gronna "enforced a policy barring (Robert Sherez), a male teacher, from tutoring female students . . .". Second Amended Complaint, ¶ 5. The Second Amended Complaint specifically states that Defendant Gronna had now "enforced a new policy." Id., ¶ 6. The Second Amended Complaint states that the policy was a part of new "unwritten" rules and that said rules were part of an "unwritten DOE policy." Id., ¶¶ 19, 25.

This change was clarified in Plaintiff's concise statement of facts in opposition to summary judgment motions. The concise statement of facts filed on

July 28, 2005, stated that the Department of Education had established this purported policy:

> The DOE established the Gender discriminatory policy but Sara [sic.] Gronna carried it out and Marty Mattison admitted this to Plaintiff.
>
> * * * *
>
> The particular issue Plaintiff has raised is blatant gender discrimination in employment. Sara [sic.] Gronna, Marty Mattison and Ira Ilson all told the Plaintiff about this policy.

Plaintiff's Concise Counter-Statement of Facts in Opposition to the Defendants State of Hawaii and Sara Gronna's Motion for Summary Judgment and Counter Motion for Summary Judgment, filed on July 28, 2005, ¶¶ 9, 11.

Subsequently, Plaintiff stated the same position in another Concise Statement of Facts in opposition to summary judgment motions by Defendants Maeda and Gronna:

> The D.O.E. established the gender discriminatory policy but Sara [sic.] Gronna carried it out and Marty Mattison admitted this to Plaintiff.

Plaintiff's Concise Counter-Statement of Facts in opposition to the Defendants Meredith Maeda and Sara Gronna's Motion for Summary Judgment & Counter-Motion for Summary Judgment, filed on January 25, 2007, ¶ 6.

In his declaration in opposition to the same motions for summary judgment, Plaintiff also confirmed that said policy belonged to the Department of Education:

> And Ira Ilson, Sara [sic.] Gronna and Marty Mattison all told him they were enforcing a gender biased employment policy by the HDOE.

226986_1.DOC

5

Declaration of Robert Sherez filed in to Defendant's Motion for Summary Judgment, attached to the Plaintiff's Concise Counter Statement of Facts in opposition to the Defendants Meredith Maeda and Sara Gronna's Motion for Summary Judgment & Counter-Motion for Summary Judgment, filed on January 25, 2007, ¶ 27.

It is anticipated that at trial, Plaintiff may attempt to introduce evidence that Defendants Maeda and Gronna, for purposes of his claim under 42 U.S.C. § 1983, somehow intentionally violated his rights when they, as employees of the Department of Education, enforced an official departmental policy.

II. DISCUSSION

    A.    Plaintiff Should Be Estopped From Introducing Any Evidence Inconsistent With His Postion That Defendants Maeda And Gronna Enforced An Official Departmental Policy

Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking an inconsistent position. Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600-601 (9th Cir. 1996). The doctrine of judicial estoppel is invoked to prevent a party from abusing the judicial process by asserting a position inconsistent with a position the party previously asserted, whether in the same or in different litigation. Allied Tube and Conduit Corp. v. John Maneely Co., 125 F.Supp.2d 987 (D.Ariz. 2000).

The policies underlying preclusion of inconsistent positions are general judicial concerns for the orderly administration of justice and regard for the dignity

of the proceedings. <u>Huston v. Imperial Credit Commercial Mortg. Inv. Corp.</u>, 179 F.Supp.2d 1157 (C.D.Cal., 2001). Courts apply judicial estoppel in order to prevent a party from abusing the judicial process through gamesmanship, by achieving success on one position, then arguing the opposing to suit the moment. <u>Griffith v. Wal-Mart Stores, Inc.</u>, 135 F.3d 376 (6th Cir. 1998). Thus, it has been said that judicial estoppel is intended to protect against a litigant "playing fast and loose with the courts". <u>Huston</u> at 1180.

In this case, Plaintiff brings a claim of individual liability against Defendants Maeda and Gronna alleging that they had intentionally violated his rights under 42 U.S.C. § 1983. Plaintiff's first complaint supported this claim by alleging that Defendant Gronna had created and established a policy that was discriminated against the Plaintiff. However, the Second Amended Complaint and other judicial statements established that Plaintiff now takes another position concerning this matter. Plaintiff's present position is that he no longer asserts that Defendant Gronna created and established a policy but that there was an official departmental policy that prevented him from serving as a tutor for female students. Plaintiff's position that "the DOE established the gender discriminatory policy but Sara [sic.] Gronna carried it out" is a judicial admission. <u>Ensign v. Pennsylvania</u>, 227 U.S. 592, 33 S.Ct. 321, 57 L.Ed. 658 (1913); <u>MacDonald v. General Motors Corp.</u>, 110 F.3d 337, 340 (6th Cir. 1997; <u>Greenwell v. Boatwright</u>, 184 F.3d 492, 498 (6th Cir.

1999. Likewise, Plaintiff's position that Defendants Maeda and Gronna, "were enforcing a gender biased employment policy by the HDOE" is also a judicial admission.

As such, any evidence that Plaintiff attempts to introduce that Defendants Maeda and Gronna had intentionally discriminated against Plaintiff is inconsistent with the position that they, as employees of the Department of Education, had merely enforced the official policy.

The Court should not allow Plaintiff to now change his position, as to Defendants Maeda and Gronna, and to introduce evidence that they did anything but comply with a Department of Education policy. Accordingly, Plaintiff should be estopped from introducing any evidence against Defendants Maeda and Gronna that prove otherwise.

III.   CONCLUSION

For the reasons set forth above, Defendants requests this Court for an order prohibiting Plaintiff from introducing evidence that Defendants, for purposes of his claim under 42 U.S.C. §1983, intentionally violated his rights when they enforced an official departmental policy.

DATED:    Honolulu, Hawai`i, March 7, 2007.

/s/ NELSON Y. NABETA
NELSON Y. NABETA
Deputy Attorney General

Attorney for Defendants