IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>             Plaintiff,<br>vs.<br><br>STATE OF HAWAI`I, DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai`i Schools; MEREDITH MAEDA, Principal, Castle High School; SARA GRONNER or GRONNA, Vice Principal of Castle High School,<br><br>             Defendants. | Civil No. 04-00390 JMS/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

Plaintiff brings both federal and state law claims against Defendants Maeda and Gronna. In particular, the Plaintiff asserts a claim under §378-2, Hawaii Revised Statutes ("HRS"). Previously, this Court has interpreted the statute to apply to individuals, who are not employers. §378-2, HRS reads as follows:

> It shall be an unlawful discriminatory practice:
> (3)   For any person whether an employer, employee, or not, to aid, abet, incite, compel, or coerce the doing of any of the discriminatory practices forbidden by this part, or to attempt to do so;

226991_1.DOC

However, in this instance, Plaintiff's charge of discrimination and retaliation filed in August 2003, did not name either Defendants Maeda or Gronna as respondents. Moreover, the charge of discrimination and retaliation did not contain any allegations that either Defendants had aided, abetted others to cause the Plaintiff to suffer gender discrimination or retaliation. See Charge of Discrimination, dated August 5, 2003, attached hereto as Exhibit A.

Subsequently, on December 21, 2005, the Plaintiff filed a Second Amended Complaint for Damages. The complaint does not indicate that Defendants Maeda and Gronna either aided or abetted others to cause Plaintiff to be the victim of discrimination because of his gender. On the contrary, the Plaintiff's Second Amended Complaint plainly alleges that Defendants were actually complying with an official departmental policy.

The Complaint states only that Defendant Gronna "enforced a policy barring (Robert Sherez), a male teacher, from tutoring female students . . ." and that Defendant Gronna had now "enforced a new policy." Second Amended Complaint, ¶¶ 5 & 6. Additionally, the Complaint then states that the policy was a part of new "unwritten" rules and that such rules were part of an "unwritten DOE policy." Id., ¶¶ 19 & 25.

The record in this case also clearly lacks any reference to Defendants Maeda and Gronna somehow aiding or abetting others to cause discrimination against the Plaintiff.

On the contrary, the record plainly indicates that Plaintiff believed that Defendants had actually complied with an official departmental policy.

This belief is shown in the Plaintiff's concise statement of facts in opposition to summary judgment motions. The concise statement of facts filed on July 28, 2005, stated that the Department of Education had established this purported policy:

> The DOE established the Gender discriminatory policy but Sara [sic.] Gronna carried it out and Marty Mattison admitted this to Plaintiff.
>
> * * * *
>
> The particular issue Plaintiff has raised is blatant gender discrimination in employment. Sara [sic.] Gronna, Marty Mattison and Ira Ilson all told the Plaintiff about this policy.

Plaintiff's Concise Counter-Statement of Facts in Opposition to the Defendants State of Hawaii and Sara Gronna's Motion for Summary Judgment and Counter Motion for Summary Judgment, filed on July 28, 2005, ¶¶ 9, 11.

Subsequently, Plaintiff again stated his position in another concise statement of facts in opposition to summary judgment motions by Defendants Maeda and Gronna:

> The D.O.E. established the gender discriminatory policy but Sara [sic.] Gronna carried it out and Marty Mattison admitted this to Plaintiff.

Plaintiff's Concise Counter Statement of Facts in Opposition to the Defendants Meredith Maeda and Sara Gronna's Motion for Summary Judgment & Counter-Motion for Summary Judgment, filed on January 25, 2007, ¶ 6.

In his declaration in opposition to the same motions for summary judgment, Plaintiff also confirmed that said policy belonged to the Department of Education:

> And Ira Ilson, Sara [sic.] Gronna and Marty Mattison all told him they were enforcing a gender biased employment policy by the HDOE.

Declaration of Robert Sherez filed in to Defendant's Motion for Summary Judgment, attached to the Plaintiff's Concise Counter Statement of Facts in opposition to the Defendants Meredith Maeda and Sara Gronna's Motion for Summary Judgment & Counter-Motion for Summary Judgment, filed on January 25, 2007, ¶ 27.

It is anticipated that at trial, Plaintiff may attempt to introduce evidence that Defendants Maeda and Gronna, for purposes of §378-2(3), HRS, somehow aided or abetted others to cause the Plaintiff to be the victim of discrimination and retaliation that is inconsistent with his judicial admissions.

II. <u>DISCUSSION</u>

    A.   <u>Any Evidence Of Aiding Or Abetting On The Part Of Defendants Maeda And Gronna Is Not Admissible Because Plaintiff Failed To Name The Defendants As Respondents In His Charge Of Discrimination</u>

Courts have generally held that where there is a statute prohibiting employers from discriminating, an employee must comply with the administrative

requirements of the statute or be precluded from bringing action under the statute. Charland v. Muzi Motors, Inc., 631 N.E. 2d 555 (Mass. 1994); Melley v. Gillette Corp., 475 N.E. 2d 1227 (Mass. 1985). Under such a statute, recourse must first be made administratively before an action can be filed in the courts. Van Scoyk v. St. Mary's Assumption Parochial School, 580 P.2d 1315 (Kan. 1978). Thus, courts require a plaintiff to exhaust all administrative remedies under a statute prohibiting employment discrimination. Bailey v. Storlazzi, 729 A.2d 1206 (Pa. 1999). The failure of the employee to comply with provisions of an employment discrimination statute bars direct action against the employer. Thakkar v. Wilson Enterprises, Inc., 458 N.E. 2d 985 (Ill. 1983). Where an employee fails to file a complaint with the proper state agency, a court is without jurisdiction to adjudicate the civil action for employment discrimination. Bennett v. Borden, Inc., 128 Cal. Rptr. 627 (1976). Simply put, the failure to satisfy administrative prerequisites deprives the court of subject matter jurisdiction over the employment discrimination claim. Vincent v. West Texas State University, 895 S.W. 2d 469 (Tex. 1995).

In this case, the Plaintiff's charge of discrimination filed before the Hawaii Civil Rights Commission, fails to name the Defendants as respondents. As such, administrative requirements were not followed concerning the Plaintiff's specific claim based on §378-2(3), HRS, against the Defendants. Consequently, Plaintiff

should be precluded, in this trial, from introducing such evidence in order to prevent confusion and unfair prejudice against Defendants Maeda and Gronna.

      B.      Any Evidence Of Aiding Or Abetting On The Part Of Defendants Maeda And Gronna Is Not Admissible Because Plaintiff Failed To Allege Such Facts In His Charge Of Discrimination And Retaliation

In this case, Plaintiff's charge of discrimination not only fails to name the Defendants as respondents as noted above, but also does not allege any facts on the part of Defendants Maeda and Gronna that they had aided or abetted others to discriminate or retaliate against Plaintiff. As such, administrative requirements were not followed concerning the Plaintiff's specific claim based on §378-2(3), HRS, against the Defendants. Consequently, Plaintiff should be precluded, in this trial, from introducing such evidence in order to prevent confusion and unfair prejudice against Defendants Maeda and Gronna.

      C.      Plaintiff Should Be Estopped From Introducing Any Evidence Of Aiding Or Abetting On The Part Of Defendants Maeda And Gronna, For Purposes Of A Claim Pursuant To §378-2(3), Hrs.

Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking an inconsistent position. Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600-601 (9th Cir. 1996). The doctrine of judicial estoppel is invoked to prevent a party from abusing the judicial process by asserting a position inconsistent with a position the party previously asserted, whether in the same or in

different litigation. <u>Allied Tube and Conduit Corp. v. John Maneely Co.</u>, 125 F.Supp.2d 987 (D.Ariz. 2000).

The policies underlying preclusion of inconsistent positions are general judicial concerns for the orderly administration of justice and regard for the dignity of the proceedings. <u>Huston v. Imperial Credit Commercial Mortg. Inv. Corp.</u>, 179 F.Supp.2d 1157 (C.D.Cal., 2001). Courts apply judicial estoppel in order to prevent a party from abusing the judicial process through gamesmanship, by achieving success on one position, then arguing the opposing to suit the moment. <u>Griffith v. Wal-Mart Stores, Inc.</u>, 135 F.3d 376 (6th Cir. 1998). Thus, it has been said that judicial estoppel is intended to protect against a litigant "playing fast and loose with the courts." <u>Huston</u> at 1180.

In this case, Plaintiff's position concerning Defendants Maeda and Gronna is that their actions were directly in compliance with a Department of Education policy. The Plaintiff's judicial admission that "the DOE established the gender discriminatory policy" is a judicial admission. <u>Ensign v. Pennsylvania</u>, 227 U.S. 592, 33 S.Ct. 321, 57 L.Ed. 658 (1913); <u>MacDonald v. General Motors Corp.</u>, 110 F.3d 337, 340 (6th Cir.1997; <u>Greenwell v. Boatwright</u>, 184 F.3d 492, 498 (6th Cir. 1999.

Moreover, Plaintiff's position that Defendants Gronna and Maeda had enforced the official policy is inconsistent with a position that they had somehow

aided or abetted others to cause discrimination and retaliation. The Court should not allow Plaintiff to now change his position, as to Defendants Maeda and Gronna, to introduce evidence that they did anything but comply with a Department of Education policy. Accordingly, Plaintiff should be estopped from introducing any evidence against Defendants Maeda and Gronna that prove otherwise.

III. <u>CONCLUSION</u>

For the reasons set forth above, any and all evidence relating to matters not pled in Plaintiff's charge of discrimination before the Hawaii Civil Rights Commission should be precluded at trial.

DATED:   Honolulu, Hawai`i, March 7, 2007.

<u>/s/ NELSON Y. NABETA</u>
NELSON Y. NABETA
Deputy Attorney General

Attorney for Defendants