IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ROBERT SHEREZ, | Civil No. 04-00390 JMS/KSC |
| Plaintiff, | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | |
| STATE OF HAWAI`I, DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai`i Schools; MEREDITH MAEDA, Principal, Castle High School; SARA GRONNER or GRONNA, Vice Principal of Castle High School, | |
| Defendants. | |

MEMORANDUM IN SUPPORT OF MOTION

I.    BACKGROUND

Plaintiff will attempt to introduce irrelevant and cumulative evidence against Defendant DEPARTMENT OF EDUCATION.  Specifically, Plaintiff will introduce evidence relating to his teaching skills during the time period that Plaintiff taught the GED class at the McKinley Community School for Adults, as testified to by numerous students who were in his class.

II.    DISCUSSION

Plaintiff will attempt to introduce evidence of his teaching skills while he taught the GED class at the McKinley Community School for Adults.  In support

of said evidence, Plaintiff intends to have several individuals who were students in his GED class testify at trial, although it is unclear as to which semester Plaintiff had these individuals as students in the GED class. The individuals listed as witnesses in Plaintiff's Witness List are the following: Pamela Chan-Gallagher, Keola Anderson, Ralphy Kesol, Chih Cha Yim, Susie H. Kang, Haruko Okamura, Jae E. Kang, Ronald Aloliho, Youn-chz Hu, Dagmar Suzuki, Robert Hart, Tom Bummel and Keola Nahalea.

A.   Testimony Relating to Plaintiff's Teaching Skills at the McKinley Community School for Adults is Irrelevant Evidence

Rules 401 and 402, Federal Rules of Evidence ("FRE"), provide as follows:

> **Rule 401.  Definition of "Relevant Evidence"**
> "Relevant evidence" mans evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable than it would be without the evidence.
>
> **Rule 402.  Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissable**
> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other statutory authority.   Evidence which is not relevant is not admissible.

Any evidence relating to Plaintiff's teaching skills will not assist the jury in determining whether Plaintiff was retaliated against when he was not hired to teach the GED course for the 2003 Summer semester at the McKinley Community School for Adults.  This is a wholly separate and distinct inquiry and any evidence

of Plaintiff's teaching skills during this time period will not make the question of
whether Plaintiff was retaliated against because he complained about his belief that
he was the victim of gender discrimination in the Windward District any more or
less probable.

    B.    Testimony Relating to Plaintiff's Teaching Skills is Cumulative
          Evidence

Even if evidence of Plaintiff's teaching skills was determined to be relevant
in determining whether the decision not to hire Plaintiff to teach the GED class for
the 2003 Summer semester was caused by retaliation, Rule 403, FRE, would still
prohibit the admission of the evidence.  Rule 403 provides:

> **Rule 403.  Exclusion of Relevant Evidence on Grounds
> of Prejudice, Confusion, or Waste of Time**
> Although relevant, evidence may be excluded if its
> probative value is substantially outweighed by the danger
> of unfair prejudice, confusion of the issues, or misleading
> the jury, or by considerations of undue delay, waste of
> time, or needless presentation of cumulative evidence.

If evidence of Plaintiff's teaching skills were allowed via the testimony of
the above-named witnesses, the testimony would be nothing more than a "needless
presentation of cumulative evidence."  By permitting such "evidence", the court
will necessarily be permitting Plaintiff to waste time, confuse the issues, and
deflect the jury's attention from the real issues and evidence, i.e., whether or not
the decision to hire Plaintiff to teach the 2003 Summer semester was retaliation.
Furthermore, as noted above, testimony from the thirteen (13) former students

would be cumulative.  As such, any and all testimony from Plaintiff's former students should be excluded.

III.    <u>CONCLUSION</u>

For the reasons set forth above, any and all evidence relating to Plaintiff's teaching skills during his GED class at McKinley Community School for Adults should be excluded at trial.

DATED:    Honolulu, Hawai`i, March 7, 2007.

/s/ NELSON Y. NABETA
NELSON Y. NABETA
Deputy Attorney General

Attorneys for Defendants