IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>Plaintiff,<br>vs.<br><br>STATE OF HAWAI'I, DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai'i Schools; MEREDITH MAEDA, Principal, Castle High School; SARA GRONNER or GRONNA, Vice Principal of Castle High School,<br><br>Defendants. | Civil No. 04-00390 JMS/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

Plaintiff brings both federal and state law claims against Defendants. The Complaint against the Defendants State of Hawai'i, Department of Education, Meredith Maeda and Sarah Gronna alleges that Plaintiff was employed as a part-time home and hospital tutor in the Windward District of the Department of Education. The Complaint alleges Defendant Maeda was the principal of Castle High School and was the supervisor of Defendant Gronna, the school's vice-

226985_1.DOC

principal, who in turn was responsible for the "selection of home and hospital tutors." Second Amended Complaint, ¶¶ 4 & 5. The Complaint further alleges that Defendant Gronna enforced an existing departmental policy that prevented the Plaintiff from tutoring female students. Id., ¶ 5. The Complaint alleges the policy that prevented the Plaintiff from tutoring female students was purportedly adopted by the department, through the tutoring program, because of recent litigation. The Complaint asserts that the alleged policy of the Department of Education discriminated against him because of his gender.

Plaintiff also alleges in the Complaint that after he complained about this alleged discriminatory policy, he was terminated from his part-time employment as a teacher with the McKinley Community School for Adults. Id., ¶ 12.

It is anticipated that Plaintiff, at trial, may attempt to introduce opinions regarding purported emotional or mental injuries he suffered, allegedly resulting from the Plaintiff's belief that he was the victim of gender discrimination and retaliation. This type of improper opinion evidence is inadmissible because it has the great potential to arouse prejudice and confusion in the finder of fact.

II.   **DISCUSSION**

Rule 701 of the Federal Rules of Evidence ("FRE") provides as follows:

> "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited

> to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Rule 701, FRE, permits lay witnesses to "offer an opinion on the basis of relevant historical or narrative facts that the witness has perceived." MCI Telecomms. Corp. v. Wanzer, 897 F.2d 703, 706 (4th Cir. 1990) (quoting Teen-Ed, Inc. v. Kimball Int'l, Inc., 620 F.2d 399, 403 (3d Cir.1980)). This rule, however, generally "does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness." Randolph v. Collectramatic, Inc., 590 F.2d 844, 846 (10th Cir.1979); U.S. v. Henderson, 68 F.3d 323 (9th Cir 1995); Certain Underwriters at Lloyd's, London v. Sinkovich, 232 F.3d 200 (4th Cir. 2000).

Any opinions concerning injuries to one's emotions and cognitive functions far exceeds the realm of common experience and which require the special skill and knowledge of an expert witness should not be allowed. Thus, in this case, it is clear that any lay opinions offered by Plaintiff regarding a mental or emotional condition he claims to suffer are a matter for expert testimony.

Plaintiff may argue that lay people can testify regarding the functioning of their own bodies and various subjective feelings that all people experience from

time to time. However, it is anticipated that Plaintiff will attempt to render his layman's opinion as to what type of injury he purportedly suffers and when he allegedly suffered the injury. This type of lay opinion is clearly inadmissible because the Plaintiff is not qualified as a medical doctor. Kolln v. Saint Luke's Regional Medical Center, 130 Idaho 323, 940 P.2d 1142 (1997).

Courts have held that these types of lay opinion are actually medical conclusions and are far removed from the usual and ordinary experience of the average person and therefore require expert knowledge. Evans v. Twin Falls County, 118 Idaho 210, 214, 796 P.2d 87, 91 (1990). Moreover, the courts are especially aware that a determination of the cause of the injury is beyond the purview of the layperson's common knowledge. Strok v. F/T Northern Jaeger, 1993 A.M.C. 1290 (W.D.Wash. Sep. 28, 1992). In such instances, courts require expert medical testimony to establish injury causation. Moody v. Maine Central R.R. Co., 823 F.2d 693 (1st Cir. 1987); Money v. Manville Corp. Asbestos Disease Comp. Trust Fund, 596 A.2d 1372 (Del. 1991); Albert v. Alter, 381 A.2d 459 (Pa. 1977); Sears, Roebuck & Co. v. Hurst, 652 S.W.2d 563 (Tex. Ct. App. 1983); Greene v. Flewelling, 366 So.2d 777 (Fla. Dist. Ct. App. 1979). Accordingly, in this matter, Plaintiff should be prohibited from presenting and referring to any such lay opinions.

III. <u>CONCLUSION</u>

For the reasons set forth above, Defendants requests that this Court prohibit Plaintiff from rendering any improper opinions regarding any purported injury he suffered.

DATED:   Honolulu, Hawaii, March 7, 2007.

/s/ NELSON Y. NABETA
NELSON Y. NABETA
Deputy Attorney General

Attorney for Defendants

226985_1.DOC                                5