IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>    Plaintiff,<br>vs.<br><br>STATE OF HAWAI`I, DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai`i Schools; MEREDITH MAEDA, Principal, Castle High School; SARA GRONNER or GRONNA, Vice Principal of Castle High School,<br><br>    Defendants. | Civil No. 04-00390 JMS/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.  INTRODUCTION

Plaintiff brings both federal and state law claims against Defendants. The Complaint against Defendants State of Hawai`i, Department of Education, Meredith Maeda and Sara Gronna alleges that Plaintiff was employed as a part-time home and hospital tutor in the Windward District of the Department of Education. The Complaint alleges Defendant Maeda was the principal of Castle High School and was the supervisor of Defendant Gronna, the school's vice-principal, who in turn was responsible for the "selection of home and hospital

226989_1.DOC

tutors." Second Amended Complaint, ¶¶ 4 & 5. The Complaint further alleges that Defendant Gronna enforced an existing departmental policy that prevented the Plaintiff from tutoring female students. Id., ¶ 5. The Complaint alleges the policy that prevented the Plaintiff from tutoring female students was purportedly adopted by the department, through the tutoring program, because of recent litigation. The Complaint asserts that the alleged policy of the Department of Education discriminated against Plaintiff because of his gender.

Plaintiff also alleges that after he complained about this alleged discriminatory policy by filing a complaint with the Hawaii Civil Rights Commission, he was terminated from his part-time employment as a teacher with the McKinley Community School for Adults. Id., ¶ 12.

It is anticipated that Plaintiff, at trial, may attempt to introduce evidence of other lawsuits or charges of discrimination involving the Defendants that would create unfair prejudice to the Defendants.

II. DISCUSSION

In general, evidence of a party's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion. Federal Rules of Evidence, Rule 404(a); United States v. Piche, 981 F.2d 706 (4th Cir. 1992. This general prohibition is in recognition that character evidence has a great capacity to arouse prejudice, confusion and unfair

surprise. Advisory Committee's Note to Federal rules of Evidence, Rule 405; Johnson v. Pistilli, 1996 WL 587554 (N.D. Ill. 1996. Consequently, courts generally hold that character evidence is normally not admissible in a civil rights case. Gates v. Rivera, 993 F.2d 697, 700 (9th Cir. 1993.

Character evidence is generally excluded as a matter of policy because "character evidence is of slight probative value and may be very prejudicial." Fed.R.Evid. 404, Advisory Committee's Note. Further, "it tends to distract the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." Id.

Consequently, evidence of extrinsic acts may not be introduced unless the party attempting to introduce the evidence establishes its relevance to an actual issue in this case. United States v. Rocha, 553 F.2d 615, 616 (9th Cir. 1977). Moreover, such extrinsic evidence is not looked upon with favor and its use must be narrowly circumscribed and limited. U.S. v. Hodges, 770 F.2d 1475 (1985).

In this case, the introduction at trial of any evidence of other lawsuits or charges of discrimination would unfairly prejudice the Defendants because of the high likelihood that the finder of fact would make improper inferences or come to assumptions by the existence of other lawsuits. Therefore, to avoid the unfair prejudice to the Defendants, caused by such character evidence, the Plaintiff

should be prohibited from introducing any evidence of other lawsuits or charges of discrimination.

III. CONCLUSION

For the reasons set forth above, any and all evidence of other lawsuits or charges of discrimination involving Defendants should be precluded at trial.

DATED:   Honolulu, Hawaii, March 7, 2007.

/s/ NELSON Y. NABETA
NELSON Y. NABETA
Deputy Attorney General

Attorney for Defendants