IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>        Plaintiff,<br>vs.<br><br>STATE OF HAWAI`I, DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai`i Schools; MEREDITH MAEDA, Principal, Castle High School; SARA GRONNER or GRONNA, Vice Principal of Castle High School,<br><br>        Defendants. | Civil No. 04-00390 JMS/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.    INTRODUCTION

Plaintiff brings both federal and state law claims against Defendants. The Complaint against Defendants State of Hawai`i, Department of Education, Meredith Maeda and Sarah Gronna alleges that Plaintiff was employed as a part-time home and hospital tutor in the Windward District of the Department of Education. The Complaint alleges Defendant Maeda was the principal of Castle High School and was the supervisor of Defendant Gronna, the school's vice-principal, who in turn was responsible for the "selection of home and hospital

226988_1.DOC

tutors." Second Amended Complaint, ¶¶ 4 & 5. The Complaint further alleges that Defendant Gronna enforced an existing departmental policy that prevented the Plaintiff from tutoring female students. Id., ¶ 5. The Complaint alleges the policy that prevented Plaintiff from tutoring female students was purportedly adopted by the department, through the tutoring program, because of recent litigation. The Complaint asserts that the alleged policy of the Department of Education discriminated against him because of his gender.

Plaintiff also alleges in the Complaint that after he complained about this alleged discriminatory policy, he was terminated from his part-time employment as a teacher with the McKinley Community School for Adults. Id., ¶ 12.

It is anticipated that Plaintiff, at trial, may attempt to render legal conclusions concerning this case, based on his belief that he was the victim of gender discrimination and retaliation. This type of improper testimony evidence is inadmissible because it usurps the role of the trier of fact and has the potential to create confusion and unfair prejudice to the Defendants.

II. DISCUSSION

Courts approach opinion testimony that renders legal conclusions with great care. In Hogan v. American Tel. & Tel. Co., 812 F.2d 409 (8th Cir. 1987), the court held that "[o]pinion testimony is not helpful to the fact finder if it is couched as a legal conclusion." The court in Hogan noted that the proper analytical focus

was whether the evidence was helpful to the fact finder. The requirement of "helpfulness" assures against admitting opinions which would in essence tell the factfinder what result to reach. Id. at 411.

Similarly, in Owen v. Kerr-McGee Corp., 698 F.2d 236 (5th Cir. 1983), the court held that Rule 704, Federal Rules of Evidence, was not "intended to allow a witness to give legal conclusions." The court also stated that "allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." Id. at 240.

Accordingly, any and all evidence relating to legal conclusions proferred by Plaintiff should be excluded.

III. CONCLUSION

For the reasons set forth above, Defendants requests that this Court prohibit Plaintiff from introducing any opinion testimony in the form of legal conclusions.

DATED:   Honolulu, Hawaii, March 7, 2007.

/s/ NELSON Y. NABETA
NELSON Y. NABETA
Deputy Attorney General

Attorney for Defendants