IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>　　　　Plaintiff,<br>vs.<br><br>STATE OF HAWAI'I, DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai'i Schools; MEREDITH MAEDA, Principal, Castle High School; SARA GRONNER or GRONNA, Vice Principal of Castle High School,<br><br>　　　　Defendants. | Civil No. 04-00390 JMS/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

Plaintiff brings both federal and state law claims against Defendants. The Complaint against the Defendants State of Hawai'i, Department of Education, Meredith Maeda and Sara Gronna alleges that Plaintiff was employed as a part-time home and hospital tutor in the Windward District of the Department of Education. The Complaint alleges Defendant Maeda was the principal of Castle High School and was the supervisor of Defendant Gronna, the school's vice-

226984_1.DOC

principal, who in turn was responsible for the "selection of home and hospital tutors." Second Amended Complaint, ¶¶ 4 & 5. The Complaint further alleges that Defendant Gronna enforced an existing departmental policy that prevented the Plaintiff from tutoring female students. Id., ¶ 5. The Complaint alleges the policy that prevented the Plaintiff from tutoring female students was purportedly adopted by the department, through the tutoring program, because of recent litigation. The Complaint asserts that the alleged policy of the Department of Education discriminated against him because of his gender.

Plaintiff also alleges in the Complaint that after he complained about this alleged discriminatory policy, he was terminated from his part-time employment as a teacher with the McKinley Community School for Adults. Id., ¶ 12.

It is anticipated that Plaintiff, at trial, may attempt to introduce character evidence tending to show that he is generally a good person, by numerous letters of appreciation concerning events not related to the relevant incidents of this case. This type of evidence of good character is clearly inadmissible because it has a great potential to arouse prejudice and confusion in the finder of fact.

II.   DISCUSSION

In general, evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a

particular occasion. Federal Rules of Evidence, Rule 404(a); U.S. v. Piche, 981 F.2d 706 (4th Cir. 1992). This general prohibition is in recognition that character evidence has a great capacity to arouse prejudice, confusion and unfair surprise. Advisory Committee's Note to Federal Rules of Evidence 405; Johnson v. Pistilli, WL 587554 (N.D. Ill. 1996). Thus, it has been generally established that in a civil proceeding, evidence of a party's good character is inadmissible. United States v. Hill, 40 F.3d 164 (7th Cir. 1994); Williams v. Bailey. 759 S.W. 2d 394 (Mo. 1988); Steber Chevrolet-Oldsmobile, Inc. v. Morgan, 429 So.2d 1013 (Ala. 1983). This general rule derives from the sound judicial rationale that only relevant evidence should be admissible. Consequently, where the pleadings in an action raises issues of fact, as opposed to placing character of a party in issue, evidence of a party's character is irrelevant and therefore inadmissible. Ellis v. Ellis, 612 S.W. 747 (Ky. 1980).

In this case, Plaintiff's claims for damages are two-fold: 1) because he was not selected to be assigned to certain positions as a tutor in the Home Hospital Instructional program because of his gender; and 2) because he was not selected as a teacher for the McKinley Community School of Adults out of retaliation for complaining about the gender discrimination.

The claims put forth by Plaintiff do not require proof of good character as an element of a prima facie case. Accordingly, any attempt by Plaintiff to present evidence of his good character by the numerous letters of appreciation is not relevant and therefore should be held inadmissible. The Court should not allow Plaintiff to present character evidence because by doing so, is to allow the creation of collateral issues with a great potential for prejudice and distraction from the true issues of the proceedings. Farley v. Johnny Londoff Chevrolet, Inc., 673 S.W.2d 800 (Mo. 1984). Therefore, since evidence of good character is not an essential element of the Plaintiff's claim, it is irrelevant and inadmissible. United States v. Gravely, 840 F.2d 1156 (4th Cir. 1988).

In response, the Plaintiff may argue that the use of character evidence is proper for rehabilitation purposes. Plaintiff may argue that evidence of good character is allowed when the opposing party raises the issue of bad character. When this occurs, the party whose character is attacked is entitled to introduce evidence of good character. Bailey v. Valtec Hydraulics Inc., 748 S.W. 805 (Mo. 1988). However, this exception is not applicable in this case.

Courts have carefully analyzed the narrow exception allowing the introduction of evidence of a party's good character and have held that ordinary impeachment of a witness' credibility on cross-examination does not constitute an

attack upon the character. Consequently, a cross-examination showing a lack of factual foundation or lack of truthfulness of a particular instance does not justify the opportunity to present evidence of good character. Kravitz v. Long Island Jewish-Hillside Medical Center, 497 N.Y.S. 2d 51 (1985). Furthermore, courts have held that impeachment by prior inconsistent statement does not justify the opportunity to present evidence of good character. Ellis v. Ellis, 612 W.W.2d 747 (Ky. 1980).

In this case, Plaintiff's credibility will be attacked on cross-examination and his testimony will be shown to be highly improbable. However, the lack of the Plaintiff's credibility does not justify the introduction of character evidence in the hope of bolstering his credibility.

III. CONCLUSION

For the reasons set forth above, Defendants requests that this Court prohibit Plaintiff from introducing evidence of his good character.

DATED: Honolulu, Hawaii, March 7, 2007.

/s/ NELSON Y. NABETA
NELSON Y. NABETA
Deputy Attorney General

Attorney for Defendants