IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>    Plaintiff,<br>vs.<br><br>STATE OF HAWAI`I, DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai`i Schools; MEREDITH MAEDA, Principal, Castle High School; SARA GRONNER or GRONNA, Vice Principal of Castle High School,<br><br>    Defendants. | Civil No. 04-00390 JMS/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

Plaintiff brings both federal and state law claims against Defendants. The Complaint against Defendant Department of Education includes claims based on Title VII (Cause of Action VIII) and Title IX (Causes of Action I and II) for gender discrimination and retaliation. The Complaint states that Plaintiff asserts these claims based on, among other things, denial of employment as a "full-time classroom Special Education Teacher for the DOE." Second Amended Complaint, ¶42. See also Second Amended Complaint, ¶¶ 33-35.

226990_1.DOC

However, Plaintiff's charge of discrimination and retaliation filed in August 2003, did not contain any allegations that concerned denial of this type of employment. See Charge of Discrimination, dated August 5, 2003, attached hereto as Exhibit A.

It is anticipated that at trial, Plaintiff may attempt to introduce evidence of the purported denial of employment as a "full-time classroom Special Education Teacher" when he had not pled this assertion in his charge.

## II. DISCUSSION

Courts have generally held that where there is a statute prohibiting employers from discriminating, an employee must comply with the administrative requirements of the statute or be precluded from bringing action under the statute. Charland v. Muzi Motors, Inc., 631 N.E. 2d 555 (Mass. 1994); Melley v. Gillette Corp., 475 N.E. 2d 1227 (Mass. 1985). Under such a statute, recourse must first be made administratively before an action can be filed in the courts. Van Scoyk v. St. Mary's Assumption Parochial School, 580 P.2d 1315 (Kan. 1978). Thus, courts require a plaintiff to exhaust all administrative remedies under a statute prohibiting employment discrimination. Bailey v. Storlazzi, 729 A.2d 1206 (Pa. 1999). The failure of the employee to comply with provisions of an employment discrimination statute bars direct action against the employer. Thakkar v. Wilson Enterprises, Inc., 458 N.E. 2d 985 (Ill. 1983). Where an employee fails to file a

complaint with the proper state agency, a court is without jurisdiction to adjudicate the civil action for employment discrimination. <u>Bennett v. Borden, Inc.</u>, 128 Cal. Rptr. 627 (1976). Simply put, the failure to satisfy administrative prerequisites deprives the court of subject matter jurisdiction over the employment discrimination claim. <u>Vincent v. West Texas State University</u>, 895 S.W. 2d 469 (Tex. 1995).

In particular, courts have held that prior to instituting suit in federal court alleging violations of Title VII, a plaintiff must first exhaust his administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC"). <u>Burgh v. Borough Council of Montrose</u>, 251 F.3d 465, 470 (3d Cir. 2001). The filing of an EEOC charge is a mandatory prerequisite of a Title VII lawsuit. <u>McCray v. DPC Industries, Inc.</u>, 942 F.Supp. 288, 294 (E.D.Tex. 1996). The exhaustion of the plaintiff's administrative remedy occurs after the plaintiff files a timely charge of discrimination with the EEOC and subsequently receives a statutory notice from the Commission of the right to sue. <u>Shabazz v. Texas Youth Com'n</u>, 300 F.Supp.2d 467, 471 (N.D.Tex. 2003). Thus, a defendant, in a Title VII case, is entitled to insist that a plaintiff comply with the exhaustion requirement. <u>Lyon v. Jones</u>, 168 F.Supp.2d 1, 7 (D.Conn. 2001).

In this case, the Complaint appears to far exceed the scope of the Plaintiff's charge of discrimination. As such, administrative requirements were not followed

concerning the Plaintiff's specific claim based on a purported denial of employment as a "full-time classroom Special Education Teacher for the DOE." Consequently, Plaintiff should be precluded, in this trial, from introducing such evidence in order to prevent confusion and unfair prejudice against Defendant Department of Education.

III. <u>CONCLUSION</u>

For the reasons set forth above, any and all evidence as to matters not pled in Plaintiff's charge of discrimination before the Hawaii Civil Rights Commission should be precluded at trial.

DATED:   Honolulu, Hawaii, March 7, 2007.

<u>/s/ NELSON Y. NABETA</u>
NELSON Y. NABETA
Deputy Attorney General

Attorney for Defendants