MARK J. BENNETT          2672
Attorney General of Hawaii

JAMES E. HALVORSON       5457
NELSON Y. NABETA         3004
CLAIRE W.S. CHINN        4495
Deputy Attorneys General
Department of the Attorney
    General, State of Hawai`i
235 S. Beretania Street, 15th Floor
Honolulu, Hawai`i  96813
Telephone: (808) 587-2900
Facsimile:  (808) 587-2965
E-Mail: Nelson.Y.Nabeta@hawaii.gov

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF HAWAI'I, DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawaii Schools; MEREDITH MAEDA, Principal, Castle High School; SARAH GRONNER OR GRONNA, Vice Principal of Castle High School,<br><br>        Defendants. | CIVIL NO. 04-00390 JMS/KSC<br><br>DEFENDANTS' PROPOSED JURY INSTRUCTIONS; CERTIFICATE OF SERVICE<br><br><br><br>Trial Date:  March 28, 2007<br>Judge:     Hon. J. Michael Seabright |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

COME NOW, Defendants STATE OF HAWAI'I, DEPARTMENT OF EDUCATION, PATRICIA HAMAMOTO in her official capacity, MEREDITH MAEDA in his individual and official capacity, and SARAH GRONNA in her individual and official capacity (hereinafter referred to collectively as "Defendants"), by and through their undersigned attorneys, pursuant to the Court's Rule 16 Scheduling Order, Rule 16, Federal Rules of Civil Procedure, and Rule 16.6, Local Rules of Practice for the United States District Court for the District of Hawai'i, hereby submit their proposed jury instructions, consisting of the Court's general instructions, as well as substantive instructions and supporting authority.

Defendants request that the Court utilize the attached instructions for the trial scheduled to begin on March 28, 2007, before the Honorable J. Michael Seabright.

DATED:  Honolulu, Hawai'i, March 13, 2007.

/s/ NELSON Y. NABETA
NELSON Y. NABETA
Deputy Attorney General

## PROPOSED INSTRUCTION NO. 1

Members of the Jury:

You have now heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in this case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It has been my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is now my duty to instruct you on the law applicable to the case.

_____

Court's Instruction No. 1

## PROPOSED INSTRUCTION NO. 2A

You, as jurors, are the judges of the facts. But in determining what actually happened in this case — that is, in reaching your decision as to the facts — it is your sworn duty to follow the law I am now defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

In deciding the facts of this case you must not be swayed by sympathy, bias or prejudice as to any party. This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

---

Court's Instruction No. 2A

## PROPOSED INSTRUCTION NO. 2B

You, as jurors, are the judges of the facts. But in determining what actually happened in this case — that is, in reaching your decision as to the facts — it is your sworn duty to follow the law I am now defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

In deciding the facts of this case you must not be swayed by sympathy, bias or prejudice as to any party. This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice. A corporation is entitled to the same fair trial at your hands as is a private individual.

_____

Court's Instruction No. 2B

PROPOSED INSTRUCTION NO. 3

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

---

Court's Instruction No. 3

## PROPOSED INSTRUCTION NO. 4

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

---

Court's Instruction No. 4

## PROPOSED INSTRUCTION NO. 5

During the course of a trial I may occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to the questions of counsel. Do not assume from anything I have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

---

Court's Instruction No. 5

## PROPOSED INSTRUCTION NO. 6

The court may take judicial notice of certain facts or events.

When the court declares it will take judicial notice of some fact or event,

you may accept the court's declaration as evidence, and regard the fact or

event which has been judicially noticed as conclusively proved.

---

Court's Instruction No. 6

## PROPOSED INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

_____

Court's Instruction No. 10

PROPOSED INSTRUCTION NO. 8

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the testimony. In weighing the testimony of a witness you should consider: (1) the witness's relationship to the plaintiff or to the defendant; (2) the witness's interest, if any, in the outcome of the case; (3) the witness's manner of testifying; (4) the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; (5) the witness's candor, fairness, and intelligence; and (6) the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

---

Court's Instruction No. 11

## PROPOSED INSTRUCTION NO. 9

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that, at some other time, the witness said or did something that is inconsistent with the witness's present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

---

Court's Instruction No. 13

## PROPOSED INSTRUCTION NO. 10A

The burden is on the plaintiff in a civil action such as this to prove every essential element of the claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, the jury should find for the defendant as to that claim.

---

Court's Instruction No. 17

## PROPOSED INSTRUCTION NO. 10B

In a civil action such as this, each party asserting a claim has the burden of proving every essential element of that claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

Where more than one claim is involved, as in this case, you should consider each claim, and the evidence pertaining to it, separately, as you would had each claim been tried before you separately; but in determining any fact in issue, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof as to that claim.

---

Court's Instruction No. 17B

PROPOSED INSTRUCTION NO. 11

Although there is more than one defendant in this suit, it does not follow from that fact alone that if one is liable all are liable. Each defendant is entitled to a fair and separate consideration of that defendant's own defense and is not to be prejudiced by your decision as to the others. All instructions given apply to the case against each defendant unless otherwise stated.

You will decide each defendant's case separately.

---

Court's Instruction No. 19

## PROPOSED INSTRUCTION NO. 12

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

---

Court's Instruction No. 20

## PROPOSED INSTRUCTION NO. 13

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe the plaintiff should, or should not, prevail in this case.

_____
Court's Instruction No. 21

## PROPOSED INSTRUCTION NO. 14

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. A verdict form has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please put your message or question in a note, and have the foreperson sign the note. The foreperson will then contact the Courtroom Deputy via the telephone located in the hallway outside the jury room. The Courtroom Deputy will pick up the note and bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time. For example, you should never state that "x" number of jurors are leaning or voting one way and "x" number of jurors are leaning or voting another way.

---

Court's Instruction No. 21

228170_1.DOC                                16

## PROPOSED JURY INSTRUCTION NO. 15

The Plaintiff has brought a claim of employment discrimination against the Department of Education. The Plaintiff claims that his sex was the sole reason for the Department of Education's decision to take an adverse employment action against him.

The Department of Education denies that Plaintiff's sex was the sole reason for its actions and claims its decision was based upon lawful reasons.

The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. The plaintiff suffered an adverse employment action caused by the defendant; and
2. Such action was solely because of the plaintiff's sex.

In this case, the Plaintiff alleges that he was subjected to an adverse employment action in 2003, when the Department of Education enforced an existing departmental policy that prevented all male tutors from teaching female students in the Home Hospital Instructional Program in the Windward and Honolulu Districts. The Plaintiff alleges the reason the Department of Education enforced the policy was solely because of his sex.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove

either of these elements, your verdict should be for the defendant.

---

Model Jury Instruction 12.1A and B

PROPOSED JURY INSTRUCTION NO. 16

The Plaintiff has brought a claim of employment discrimination against the Department of Education. The Plaintiff claims the Department of Education, through the actions of Meredith Maeda and Sarah Gronna, responded to his complaints of sex discrimination with deliberate indifference.

The Department of Education denies that Meredith Maeda and Sarah Gronna responded to Plaintiff's complaints with deliberate indifference.

The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. The Department of Education had actual knowledge that Plaintiff was being discriminated because of his sex; and
2. The Department of Education responded to that knowledge with deliberate indifference.

In this case, the Plaintiff alleges that he was subjected to an adverse employment action in 2003, when the Department of Education enforced an existing departmental policy that prevented all male tutors from teaching female students in the Home Hospital Instructional Program in the Windward and Honolulu Districts, solely because of his sex. The Plaintiff alleges that upon informing the Department of Education through Meredith Maeda and Sarah Gronna, regarding the enforcement of this departmental policy, they responded with deliberate indifference.

If you find that the plaintiff has proved both of these elements, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove either of these elements, your verdict should be for the Department of Education.

---

Reese v. Jefferson School District No. 14J, 208 F.3d 736, 740 (9th Cir. 2001), citing Davis v. Monroe County Board of Education, 526 U.S. 629, 119 S.Ct. 1661, 143 L.Ed2d 839 (1999).

## PROPOSED JURY INSTRUCTION NO. 17

"Deliberate indifference" means that a defendant has actual knowledge that a plaintiff was being discriminated against because of his sex but that the defendant responded or failed to respond in such a manner that it was clearly unreasonable in light of the known circumstances.

---

Reese v. Jefferson School District No. 14J, 208 F.3d 736, 740 (9th Cir. 2001), citing Davis v. Monroe County Board of Education, 526 U.S. 629, 119 S.Ct. 1661, 143 L.Ed2d 839 (1999)

## PROPOSED JURY INSTRUCTION NO. 18

The Plaintiff has brought a claim of employment discrimination against the Department of Education. The Plaintiff claims that his sex was the sole reason for the Department of Education's decision to take an adverse employment action against him.

The Department of Education denies that Plaintiff's sex was the sole reason for its actions and claims its decision was based upon lawful reasons.

The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.  The Plaintiff suffered an adverse employment action caused by the Department of Education; and
2.  The Plaintiff's sex was the sole reason in the Department of Education's decision to take the adverse employment action.

In this case, the Plaintiff alleges that he was subjected to an adverse employment action in 2003, when the Department of Education enforced an existing departmental policy that prevented all male tutors from teaching female students in the Home Hospital Instructional Program in the Windward and Honolulu Districts. The Plaintiff alleges that his sex was the sole reason for the Department of Education to enforce the policy.

If you find that the plaintiff has proved both of these elements, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove either of these elements, your verdict should be for the Department of Education.

———————————————————

Model Jury Instruction 12.1A and B

## PROPOSED JURY INSTRUCTION NO. 19

The Plaintiff seeks damages against the Department of Education for retaliation. The Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. The Plaintiff engaged in or was engaging in an activity protected under federal law, and
2. The Department of Education, as his employer, subjected the Plaintiff to an adverse employment action, and
3. The protected activity was a substantial or motivating factor in the adverse employment action.

In this case, the Plaintiff alleges that he was terminated from a part-time teaching position at the McKinley Community School for Adults. The Plaintiff alleges that the termination occurred because he had earlier complained to Meredith Maeda and Sarah Gronna concerning the existing departmental policy that prevented all male tutors from teaching female students and that the enforcement of this policy was due to his sex.

If you find that each of the elements on which the Plaintiff has the burden of proof has been proved, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any one of these elements, your verdict should be for the Department of Education.

---

Model Jury Instruction Ninth Circuit, 12.3A

PROPOSED JURY INSTRUCTION NO. 20

"Protected activity" is an employee's conduct in opposing a discriminatory practice, making a charge of discrimination or testifying, or assisting or participating in any manner in an investigation.

---

Tarin v. County of Los Angeles, 123 F.3d 1259, 1264 (9th Cir. 1997).

PROPOSED JURY INSTRUCTION NO. 21

An employer's action is an adverse employment action if it is materially adverse to the employee.  However, not all actions taken by an employer are materially adverse to an employee.  For an action to be materially adverse, the effect on the employee must be more disruptive than mere inconvenience or an alteration of job responsibilities or result in feelings of unhappiness or dissatisfaction.  A materially adverse employment action must be such that that would dissuade a reasonable worker from making or supporting a charge of discrimination.

---

Crady v. Liberty Nat'l Bank & Trust Co., 993 F.2d 132, 136 (7th Cir.1993); Kipnis v. Baram, 949 F.Supp. 618, 624 (N.D.Ill.,1996); Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir.1996); Burlington Northern & Santa Fe Railway Co. v. White, 126 S.Ct. 2405 (2006).

PROPOSED JURY INSTRUCTION NO. 22

Where a substantial amount of time had passed between the claimed

protected activity and the adverse employment action, there is less likely to exist a

connection between the two events.  Absent evidence demonstrating a connection

between the two events, where more than six months had passed between claimed

protected activity and the adverse employment action, the protected activity would

not be a substantial motivating factor of the adverse employment action.

---

Leslie v. Mobile Transit Authority, 963 F.Supp. 1142 (S.D.Ala. 1997); Valdez v. Mercy Hospital, 961 F.2d 1401, 1403 (8th Cir. 1992); In Balletti v. Sun-Sentinel Co., 909 F.Supp. 1539, 1549 (S.D.Fla. 1995)

PROPOSED JURY INSTRUCTION NO. 23

You may not return a verdict for Plaintiff just because you might disagree with the Department of Education's enforcement of an existing departmental policy that prevented Plaintiff from tutoring female students in the Home Hospital Instructional Program in the Honolulu and Windward Districts believe that such a policy was harsh or unreasonable.

---

Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981) ("The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose [the employer] to Title VII liability. . . .").

PROPOSED JURY INSTRUCTION NO. 24

You may not return a verdict for Plaintiff just because you might disagree with the Department of Education's decision not to offer Plaintiff further employment as a GED teacher at McKinley School for Adults or believe that such a decision was harsh or unreasonable.

---

Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981) ("The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose [the employer] to Title VII liability. . . .").

## PROPOSED JURY INSTRUCTION NO. 25

An employer, such as the Department of Education, is entitled to make its own policy decisions that may affect its employees. Therefore, the Department of Education can decide how to assign tutors for the Home Hospital Instructional Program and can decide whether or not to rehire Plaintiff as a GED teacher at McKinley School for Adults, however misguided that may appear to you. Consequently, you should not return a verdict just because you may disagree with the Department of Education's stated reasons or you believe that the decision was harsh or unreasonable, as long as Department of Education would have made the same decision regardless of the Plaintiff's sex.

---

Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981) ("The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose [the employer] to Title VII liability. . . .").

PROPOSED JURY INSTRUCTION NO. 26

The Plaintiff has brought a claim against MEREDITH MAEDA personally

and SARA GRONNA personally, pursuant to Section 378-2(3) of the Hawaii

Revised Statutes.   Section 378-2(3) provides a plaintiff with a cause of action

when he has been a victim of a discriminatory practice.  Section 378-2(3) states:

> It shall be an unlawful discriminatory practice for any person whether
> an employer, employee, or not, to aid, abet, incite, compel, or coerce
> the doing of any of the discriminatory practices forbidden by this part,
> or to attempt to do so.

---

Section 378-2(3), Hawaii Revised Statutes.

PROPOSED JURY INSTRUCTION NO. 27

The Plaintiff has the burden of proving the Section 378-2(3), Hawai'i Revised Statutes claim against Meredith Maeda by a preponderance of the evidence.

In order to prevail, the following elements need to be proven:

1.    That an identifiable discriminatory practice existed; and

2.    That Meredith Maeda intentionally aided or abetted in the furtherance of the discriminatory practice.

In this case, the Plaintiff alleges that he was subjected to discrimination when the Department of Education enforced an existing departmental policy that prevented all male tutors from teaching female students in the Home Hospital Instructional Program in the Windward and Honolulu Districts. The Plaintiff further alleges that Meredith Maeda intentionally aided and abetted in the furtherance of this departmental policy by enforcing this policy.

However, your verdict must be for Meredith Maeda if any of the above elements has not been proved by a preponderance of the evidence.

---

Section 378-2(3), Hawaii Revised Statutes.

## PROPOSED JURY INSTRUCTION NO. 28

The Plaintiff has the burden of proving the Section 378-2(3), Hawaii Revised Statutes claim against Sarah Gronna by a preponderance of the evidence. In order to prevail, the following elements need to be proven:

1.    That an identifiable discriminatory practice existed; and

2.    That Sara Gronna intentionally aided or abetted in the furtherance of the discriminatory practice.

In this case, the Plaintiff alleges that he was subjected to discrimination when the Department of Education enforced an existing departmental policy that prevented all male tutors from teaching female students in the Home Hospital Educational Program in the Windward and Honolulu Districts. The Plaintiff further alleges that Sarah Gronna intentionally aided and abetted in the furtherance of this departmental policy by enforcing this policy.

However, your verdict must be for Sara Gronna if any of the above elements has not been proved by a preponderance of the evidence.

---

Section 378-2(3), Hawaii Revised Statutes.

## PROPOSED JURY INSTRUCTION NO. 29

The defense of qualified immunity protects governmental officials, when acting in the performance of their public duty from liability for civil damages to the extent that the privilege is not abused and thereby lost. Even if the official exercised his or her judgment in error, the official is protected by qualified immunity if done in the performance of his or her public duty. In order for an official to enjoy the protections of a privilege, it is essential that Plaintiff allege and prove that the official had been motivated by malice and by an improper purpose.

If an official is enforcing an official policy, the official is entitled to immunity and is therefore, not subject to individual liability.

---

Towse v. State, 64 Haw. 624, 631, 647 P.2d 696, 702 (1982); Runnels v. Okamoto, 56 Haw. 1, 4-5, 525 P.2d 1125, 1128 (1974); Medeiros v. Kondo, 55 Haw. 499, 504-05, 522 P.2d 1269, 1272 (1974); Watson by Hanson v. Metropolitan Transit Com'n, 553 N.W.2d 406, 412-413 (1996).

PROPOSED JURY INSTRUCTION NO. 30

The Plaintiff has brought a claim against MEREDITH MAEDA personally

and SARAH GRONNA personally, pursuant to 42 U.S.C. § 1983. 42 U.S.C. §

1983 provides a plaintiff with a cause of action when he has been deprived of a

federal right under color of state law. The statute states:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of
> Columbia, subjects or causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured in an action of law, suit in
> equity, or other proper proceeding for redress.

---

42 USC § 1983.

## PROPOSED JURY INSTRUCTION NO. 31

In this case, in order to prove a claim under this law, the Plaintiff must establish by a preponderance of the evidence, each of the following elements:

1.    The acts of Sarah Gronna constituted deliberate indifference to the rights of the Plaintiff protected under the United States Constitution.

2.    Sarah Gronna acted under the color of state law.

3.    The acts Sarah Gronna were the legal cause of the deprivation of Plaintiff's rights protected under the United States Constitution.

In this case, the Plaintiff alleges that Sarah Gronna was deliberately indifferent to his rights under the Constitution when she enforced an existing departmental policy that prevented all male tutors from teaching female students in the Home Hospital Instructional Program. The Plaintiff further alleges that Sarah Gronna acted under the color of state law when she enforced the departmental policy and that this enforcement caused the Plaintiff to be deprived of his rights under the Constitution.

However, your verdict must be for Sarah Gronna if any of the above elements has not been proved by a preponderance of the evidence.

---

42 U.S.C. § 1983.

PROPOSED JURY INSTRUCTION NO. 32

In this case, in order to prove a claim under this law, the Plaintiff must establish by a preponderance of the evidence, each of the following elements:

1.    The acts of Meredith Maeda constituted deliberate indifference to the rights of the Plaintiff protected under the United States Constitution.

2.    Meredith Maeda acted under the color of state law.

3.    The acts Meredith Maeda were the legal cause of the deprivation of Plaintiff's rights protected under the United States Constitution.

In this case, the Plaintiff alleges that Meredith Maeda was deliberately indifferent to his rights under the Constitution when he enforced an existing departmental policy that prevented all male tutors from teaching female students in the Home Hospital Instructional Program. The Plaintiff further alleges that Meredith Maeda acted under the color of state law when he enforced the departmental policy and that this enforcement caused the Plaintiff to be deprived of his rights under the Constitution.

However, your verdict must be for Meredith Maeda if any of the above elements has not been proved by a preponderance of the evidence.

_____

42 U.S.C. §1983

PROPOSED JURY INSTRUCTION NO. 33

Acts are done under "color of state law" not only when state officials act within the bounds or limits of their lawful authority, but also when such officers act without and beyond the bounds of their lawful authority. In order for unlawful acts of an official to be done "under color of any law," the unlawful acts must be done while the official is purporting or pretending to act in the performance of his or her official duties; that is to say, the unlawful acts must consist of an abuse or misuse of power which is possessed by the official only because he or she is an official; and the unlawful acts must be of such a nature, and be committed under such circumstances, that they would not have occurred but for the fact that the person committing them was an official, purporting to exercise his or her official powers.

---

Banisaied v. Clisham, 992 F. Supp. 128, 130 (D. Conn. 1998).

## PROPOSED JURY INSTRUCTION NO. 34

The defense of qualified immunity protects governmental officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have know.  Therefore, regardless of whether the constitutional violation occurred, the official should prevail if the right asserted by the plaintiff was not clearly established, or the official could have reasonably believed that his or her particular conduct was lawful.

The defense of qualified immunity allows for mistaken judgments and protects all but the plainly incompetent, or those who knowingly violate the law.

This accommodation for reasonable error exists because officials should not err always on the side of caution because they fear being sued.

The central purpose of affording public officials qualified immunity is to protect them from undue interference with their duties and from potential disability threats of liability.

If an official is enforcing an official policy, the official is entitled to immunity and is therefore, not subject to individual liability.

---

Mukaida v. Hawaii, 159 F.Supp.2d 1211, 1237 (D. Haw. 2001); Bluitt v. Houston Independent School District, 236 F. Supp. 2d 703, 720 (S.D. Tex. 2002); McGrath v. Scott, 250 F.Supp.2d 1218, 1223-1224 (D. Ariz. 2003).

PROPOSED JURY INSTRUCTION NO. 35

If you find either the DEPARTMENT OF EDUCATION or MEREDITH

MAEDA or SARAH GRONNA is liable to Plaintiff, Plaintiff is entitled to recover

damages in an amount which will reasonably compensate him for the loss and

injury suffered as a result of the unlawful conduct.  You must not award

compensatory damages more than once for the same injury.  For example, if

Plaintiff prevails on two claims and establishes a dollar amount for his injuries,

you must not award him additional compensatory damages on each claim.  Plaintiff

is only entitled to be made whole once and may not recover more than he has lost.

Of course, if different injuries are attributed to separate claims, then you must

compensate Plaintiff fully for all of his injuries.  With respect to punitive damages,

you may make separate awards on each claim that Plaintiff has established.

If you find that the DEPARTMENT OF EDUCATION or MEREDITH

MAEDA or SARAH GRONNA are liable to Plaintiff then you must determine an

amount that is fair compensation for all of Plaintiff's damages.  These damages are

called compensatory damages.  The purpose of compensatory damages is to make

Plaintiff whole – that is, to compensate Plaintiff for the damage that Plaintiff has

suffered.  If Plaintiff wins, he is entitled to compensatory damages for the pain and

suffering, and mental anguish, shock and discomfort, and past lost earnings that he

has suffered because of the DEPARTMENT OF EDUCATION or MEREDITH

MAEDA or SARAH GRONNA'S conduct.

You may award compensatory damages only for injuries that Plaintiff

proves were proximately caused by the DEPARTMENT OF EDUCATION'S or

MEREDITH MAEDA'S or SARAH GRONNA'S allegedly wrongful conduct.

The damages that you award must be fair compensation for all of Plaintiff's

damages, no more and no less.  Damages are not allowed as punishment and

cannot be imposed or increased to penalize the DEPARTMENT OF EDUCATION

or MEREDITH MAEDA or SARAH GRONNA.  You should not award

compensatory damages for speculative injuries, but only for those injuries which

Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the

future.

If you decide to award compensatory damages, you should be guided by

dispassionate common sense.  Computing damages may be difficult, but you must

not let that difficulty lead you to engage in arbitrary guesswork.  On the other

hand, the law does not require that Plaintiff prove the amount of his losses with

mathematical precision, but only with as much definiteness and accuracy as the

circumstances permit.

---

McNamara & Southerland, *Federal Employment Jury Instructions*, §§ 1:1230 and
1:1240 (2002).

## PROPOSED JURY INSTRUCTION NO. 36

If you find for Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The Plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, or in reckless disregard of the Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety, rights, or the defendant acts in the face of a perceived risk that its actions will violate the Plaintiff's rights under federal law.

If you find that punitive damages is appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of responsibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the Plaintiff.

Punitive damages may not be awarded against the DEPARTMENT OF EDUCATION.  You may impose punitive damages against MEREDITH MAEDA or SARAH GRONNA.

---

Model Jury Instruction Ninth Circuit, 12.1C