LAW OFFICES OF ANDRÉ S. WOOTEN
Attorney and Counselor at Law

ANDRÉ S. WOOTEN        3887
Century Square,    Suite 1909
1188 Bishop Street
Honolulu, Hawai`i        96813
Telephone No.: (808) 545-4165

Attorney for Plaintiff
ROBERT SHEREZ

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF Hawai`i

| | |
|---|---|
| ROBERT SHEREZ, | ) CIVIL NO.    04-00390 JMS-KSC |
| | ) |
| Plaintiff, | ) PLAINTIFF'S MEMORANDUM IN |
| | ) OPPOSITION TO THE DEFENDANT |
| vs. | ) STATE & SARA GRONNA'S MOTION In |
| | ) LIMINE NO. 1, TO BAR RELEVANT |
| STATE OF HAWAII DEPARTMENT OF | ) TEACHING RECOMMENDATIONS OF |
| EDUCATION; PATRICIA HAMAMOTO, | ) PLAINTIFF FROM EVIDENCE AT TRIAL |
| Superintendent of Hawaii | ) |
| Schools, MEREDETH MAEDA, | ) Date of Hearing:   March 22, |
| Principal, Castle High School; | ) 2007 |
| SARA GRONNER OR GRONNA, Vice | ) Time: 9:00 AM |
| Principal of Castle High | ) Judge: Hon.  J. Michael |
| School. | ) Seabright |
| Defendants. | ) |
| | ) |
| | ) |
| | ) Trial Date: March 28, 2007 |
| _____ | ) CERTIFICATE OF SERVICE |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE DEFENDANT STATE & SARA GRONNA'S MOTION In LIMINE NO. 1, TO BAR RELEVANT TEACHING RECOMMENDATIONS OF PLAINTIFF FROM EVIDENCE AT TRIAL

Comes Now the Plaintiff, ROBERT SHEREZ, by and through his

attorney, Andre' Wooten, hereby files this Memorandum in

opposition to the Defendant's Motion In Limine No. 1, to bar the

Plaintiff from intoducing into evidence some of the scores of

recommendations and commendations for his teaching work for the DOE over the years, that have been given to him by satisfied parents and pleased DOE principals, counselors and administrators.    This request should be denied under Rules 301, 302, 401 and 402 of the Federal Rules of evidence.

The State mischaracterises, of course Plaintiff intent and legal basis for presenting evidence of his experience and competency in the form of letters commending his performance as a "Home Hospital tutor" in difficult and challenging cases for years for the DOE and students in Hawaii on Oahu.    The competency of Plaintiff as a "Home Hospital tutor".    And the fact that his qualifications are superior to some persons selected for employment by the DOE in place of Plaintiff, are factors relevant to proving that the DOE discriminated against and retaliated against the Plaintiff in this case.

**Regarding Helen Sanpei's claims that she appointed a more qualified teacher for the one remaining GED class**, Plaintiff's Juris Doctor degree, scores of excellent recommendations for this tutoring work over 20 years and commendations of tutoring works exhibits illustrate and establish a material Question of fact in this case concerning Defendant's pre-textual defenses for retaliating against Plaintiff by denying him work after he complained of gender discrimination in tutoring assignments and being removed after a counselor recommended him for another job.

Plaintiff scores exceptionally high on the PRAXIS test, the

National teacher exam and he has the Certificate to prove it. His qualifications for work are relevant to the essential issue of discrimination and retaliation in the case.

Plaintiff has all of the qualifications to be a licensed teacher in Hawaii, having passed all of the class room work and tests with high marks.  However, in retaliation for filing this suit the Defendant D.O.E. has refused to place the Plaintiff in a Special Education class room teaching position, for which his past (paid) successful participation in the Special Education Teacher program recently qualifies him.  Plaintiff has been wrongfully denied work necessary to qualify his for his D.O.E. Special Education class room Teacher certificate.

Nevertheless, Plaintiff passed the Praxis, and challenges the State to produce the qualifications and test scores on the GED test of his predecessor, to compare with his students scores. Which were of the highest percentage, which was why students were leaving the other night class to take his day class.    Ex. 3-4.

Plaintiff's description of his education and teaching experience in his declaration and Exhibits 2, 3 and 4 establish to the court that Plaintiff has and can produce witnesses to vouch for the scores of recommendations from teachers, principals, and parents of students he has helped over the years.

So Plaintiff requests permission to introduce into evidence in the record documents relevant to the Defendant's claim that they gave Plaintiff's old McKinley School for Adults GED class to

a more qualified teacher.  And that Castle High, the Windward and Honolulu District hired more qualified Home Hospital Tutors, after 2003.

The Defendants State of Hawaii and Defendant Sara Gronna, in her individual capacity, face various different and related causes of action in the trial of this case.

1.   Violation of Title IX.

2.   Intentional Infliction of Emotional Distress.

3.   Violation of 42 U.S.C. 1981.

4.   Violation of 42 U.S.C. 1985.

5.   Violation of 42 U.S.C. 1986.

6.   Violation of 42 U.S.C. 1983.

7.   Violation of State of Hawaii Fair Employment Act.

8.   Violation of Title VII, 42 U.S.C. 2000e.

The State of Hawaii Anti-employment discrimination act clearly makes individuals liable on it's face, the State of Hawaii Supreme Court has also so ruled.

It is anticipated they will attempt to state Mr. Sherez was not qualified, that the State DOE did not have a policy to hire the most qualified (based upon attainment of advanced educational degrees) Home Hospital Tutors and Substitute teachers.  To attempt to explain why Plaintiff, a man who has earned a juris Doctor Degree, and passed the Praxis exam (National Teacher's competency examination) was passed over for work, the Defendants are anticipated to attempt to denigrate and mis-state Plaintiff's

qualifications, experience and past successful performance and decade of experience as a Home Hospital Tutor.

The documents Plaintiff seeks to introduce into evidence of his experience, training and competency are relevant to the essential issues of discrimination and retaliation at the heart of this case.

The actions of the Defendant State of Hawaii DOE Meredith Maeda and Sarah Gronna's conduct, actions and statements with regard to their handling of Plaintiff's application and the arrangements for the selection and assignment of the positions for Home Hospital Tutor on Oahu and GED course instructor at McKinley School For Adults are relevant information under Rule 402 of the Federal Rules of Evidence.

The documents establishing Plaintiff's experience and positive feedback from numerous former principals and counselors working for the Defendant DOE, help to establish the Defendant's violations of Plaintiff's constitutional rights to fair employment under Federal and State law is relevant matter for inquiry at the trial under Rule 402 of The Federal Rules of Evidence in this case.    See  42 U.S.C. Sec. 2000-5 (f)(i), 42 U.S.C. Sec. 2000e-5, Civil Rights Act of 1964 as amended, 42 U.S.C. 2000(e)(3), 42 U.S.C.S.1981 and Section 378 of the Hawaii Revised Statutes.

This documentary evidence is of the type generally admitting at trial, as the Ninth Circuit Court of appeal ruled in

<u>Sischo-Nwnejad v. Merced Community College Dist.</u>, 934 F 2d 1104,

1109 (9th Cir. 1991)

> the plaintiff may prove his case by direct or
> circumstantial evidence. The trier of fact should
> consider all the evidence, giving it whatever weight
> and credence it deserves. Thus, we agree with the Court
> of Appeals that the District Court should not have
> required Aikens to submit direct evidence of
> discriminatory intent. See <u>Teamsters v. United States</u>,
> 431 U.S. 324, 358, n. 44 (1977) ("[T]he McDonnell
> Douglas formula does not require direct proof of
> discrimination").

In <u>WATSON v. FORT WORTH BANK & TRUST</u>, 487 U.S. 977

(1988) 487 U.S. 977,  the Supreme Court ruled:

> JUSTICE STEVENS, agreeing that the **racially adverse
> impact of an employer's practice of simply committing
> employment decisions to the unchecked discretion of a
> white supervisory corps is subject to the test of
> Griggs v. Duke Power Co.**, 401 U.S. 424, concluded that,
> since cases [487 U.S. 977, 981]

> 1. In the disparate-impact context, a plaintiff who
> successfully establishes a prima facie case shifts the
> burden of proof, not production, to the defendant to
> establish that the employment practice in question is a
> business necessity. See, e. g., <u>Albemarle Paper Co. v.
> Moody</u>, 422 U.S. 405, 425; <u>Dothard v. Rawlinson</u>, 433
> U.S. 321, 329; and <u>Griggs v. Duke Power Co.</u>, 401 U.S.
> 424, 432.  Unlike a [487 U.S. 977, 980]

This information is very important, as it provides concrete

evidence of disfavorable treatment for Mr. Sherez in the face of

numerous positive recommendations of Mr. Sherez for his Home

Hospital tutoring work, and goes a long way to explain why the

lack of his employment by the District to continue in that work

since he filed this complain is and was unfair.    Since Mr.

Sherez is conceded to be an excellent and better than average

Home Hospital Tutor and teacher.

> "Title VII of the civil Rights Act prohibits **all** forms
> of discrimination in **all** aspects of employment and the
> degree of discrimination practiced by an employer is
> unimportant under the Act.  " <u>Rowe v. General Motors
> Corp.</u> 457 F.2d 348.
> Further more courts have long held that:

> "An employer, whose upper levels of management have
> compiled an exemplary record in race relations, cannot
> escape its responsibilities under Title VII on that
> basis when one of its lower level managers discharges
> an employee for racial reasons." <u>Anderson v. Methodist
> Evangelical Hospital, Inc.</u> 464 F 2d 723.

The relevant testimony of all of these letters of recommendation regarding Mr. Sherez's conduct and performance on the job as related to the Home Hospital Tutor position assignments he successfully completed in the past should be allowed in this trial, According to:

> <u>Rule 402. Relevant Evidence Generally Admissible;
> Irrelevant Evidence Inadmissible </u>
>
>             All relevant evidence is admissible,
> except as otherwise provided by the Constitution of the
> United States, by Act of Congress, by these rules, or
> by other rules prescribed by the Supreme Court pursuant
> to statutory authority. Evidence which is not relevant
> is not admissible.

Appropriate exceptions to the Hearsay rule under Rules 803(5)(6)(8)(16)&(18) and as Self-Authenticating documents under 901(7)&(8) and 902(5)&(6) apply to the Defendant's other objections, hence all of these witnesses should be allowed to testify.   For their introduction into evidence is not going to take Mr. Sherez long.   As the Supreme Court ruled in National

RailRoad vs. Morgan, 122 S.Ct. 2061 (2002) citing

      Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim. Id. at 2072 (emphasis added). Thus, even if appellants were aware that the appellee had violated their rights through the prior discriminatory assignment of details, their timely failure to-promote claims are not barred. In fact, appellants are permitted to offer evidence of the pre-limitations discriminatory detail assignment scheme in the prosecution of their timely claims.

                     \*

      **We begin instead with the Court's statement in Evans that untimely evidence of the employer's discriminatory acts "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue."** 431 U.S. at 558 (emphasis added). "Relevant evidence" is defined by Rule 401 of the Federal Rules of Evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.    In the context of a racial disparate treatment claim, admissible background evidence must be relevant to determine "the ultimate question: whether . . . `the defendant intentionally discriminated against [the plaintiff]' because of his race." <u>St. Mary's Honor Ctr. v. Hicks</u>, <u>509 U.S. 502</u>, 511 (1993) (quoting <u>Texas Dep't of Cmty. Affairs v. Burdine,</u> <u>450 U.S. 248</u>, 253 (1981)).  This determination will not impose the same limitations on the plaintiff's evidence as were previously imposed under our reasonable-relation test.<u>[fn12]</u>

      The district court will sometimes be required to engage in Rule 403 balancing when determining the admissibility of evidence of time-barred acts, Fed.R.Evid. 403 (stating that otherwise relevant evidence may be excluded if its probative value is substantially outweighed by its potential for unfair prejudice or confusion of the issues), **bearing in mind that, in discrimination cases, probative evidence of wrongful intent will necessarily prejudice the defendant's case.**<u>[fn13]</u>    <u>LYONS v. ENGLAND</u>,  307 F 3rd 1092 (9th Cir. 2002) Filed October 9, 2002.

Therefore, the entire evidence of Plaintiff's teaching

experience and usual work time given to Plaintiff performing Home
Hospital Tutoring annually for the DOE and the evaluations of the
level of work he performed those duties, are relevant to the
question of whether or not Plaintiff was discriminated against by
his non-selection for any further work by the DOE after 2003, and
whether he was retaliated against for filing this complaint by
the Defendants.

At the initial stage of a case of disparate treatment,
appropriate background evidence will be evidence, either direct
or circumstantial, that, when combined with evidence of the
employer's present conduct, "give[s] rise to an inference of
unlawful discrimination." Burdine, 450 U.S. at 253.

Further, where, as here, the employer has not published the
qualifications for positions that were awarded without a
competitive application process, it would be unreasonable to
require a plaintiff to present direct evidence of the actual job
qualifications as part of his prima facie case. See Shannon v.
Ford Motor Co., 72 F.3d 678, 682 (8th Cir. 1996) ("It would be
ironic . . . if a victim of discrimination were unable to
vindicate her rights because she had the peculiar misfortune of
being discriminated against in a way that necessarily prevented
her from making her prima facie case."). LYONS v. ENGLAND, 307 F
3rd 1092 (9th Cir. 2002) Filed October 9, 2002.

That is a very relevant statement in this case, because
Defendants have never articulated any superior qualifications for
the persons selected for Home Hospital Tutoring work over

Plaintiff by the DOE after he lodged the complaint of gender

discrimination in 2003.     By proving Plaintiff has superior

qualifications in comparison to his rival, this is a well

recognized method of proving discriminatory hiring practices by

an employer.   Which this employer seeks unfairly to prevent

Plaintiff from doing.

        In such a circumstance, a plaintiff may satisfy
the second prong of McDonnell Douglas by providing
circumstantial evidence of his qualification for the
position. For the purpose of establishing a prima
facie case, the plaintiff is not restricted to
providing the bare minimum of evidence required by the
McDonnell Douglas test, <u>but may rely also on other
circumstantial evidence that tends to raise an
inference of discrimination.</u> See Wallis, 26 F.3d at
889 ("In offering a prima facie case, of course, a
plaintiff may present evidence going far beyond the
minimum requirements."); see also McDonnell Douglas,
411 U.S. at 802 n. 13 (stating that <u>"[t]he facts
necessarily will vary in Title VII cases, and the
specification above of the prima facie proof required
from [the plaintiff] is not necessarily applicable in
every respect to differing factual situations"</u>);
Cordova, 124 F.3d at 1148 (stating that the McDonnell
Douglas test provides "[o]ne way" to raise an
inference of discrimination).  <u>LYONS v. ENGLAND</u>,307 F
3rd 1092 (9th Cir. 2002) Filed October 9, 2002.
(Emphasis added)


                    CONCLUSION
        Following the Supreme Court's recent decision in
National Railroad Passenger Corp. v. Morgan, 122 S.Ct.
2061 (2002), we affirm the district court's ruling
that appellants' claims of disparate treatment arising
out of detail assignments made prior to May of 1996
are time-barred.   However, we reverse the court's
summary judgment on appellants' timely failure-to-
promote discrimination claims. We remand for trial on
Lyons' and Tate's promotion claims, arising out of
events occurring in 1996, and on all appellants'
promotion claims arising out of the 1997 events.
Appellants' evidence of discriminatory detail
assignments occurring outside the limitations period
cannot be used to sustain an independent cause of
action for discrete acts of disparate treatment based
on time-barred events, **but appellants may offer it as**

**relevant evidence of the employer's intent to discriminate both within the limitations period and following the filing of appellants' EEOC charges.** We affirm the district court's summary judgment on Tate's retaliation claim. The court should award costs to the appellants.   <u>LYONS v. ENGLAND</u>, 307 F 3rd 1092 (9th Cir. 2002) Filed October 9, 2002.

For condoning actions in violation of 42 U.S.C. 1981, 1982, 1983 and 1985 is illegal under 42 U.S.C. 1986.   As the Administrator in charge of the school,  once principal Maeda was made aware of illegal gender discrimination on the job, he has an obligation to address, and not ignore these law violations in a reasonable manner.   Refusing to employ the Plaintiff, despite his glowing recommendations, was a violation.   And once informed of the violation, principal Maeda he had a legal obligation to do **something** under 42 U.S.C. 1986.

Plaintiff should be allowed to present this further circumstantial evidence of gender  discrimination and retaliation on the job, under <u>NATIONAL RAILROAD PASSENGER CORPORATION *v*. MORGAN.</u>   WINARTO v. TOSHIBA AM. ELECTRONICS COMPONENTS, 274 F.3d 1276 (9th Cir. 2001)

**bearing in mind that, in discrimination cases, probative evidence of wrongful intent will necessarily prejudice the defendant's case.**<u>[fn13]</u>   <u>LYONS v. ENGLAND</u>, 00-55343 (9th Cir. 2002) Filed October 9, 2002. "<u> Burdine</u>, 450 U.S. at 253.

Therefore, the many written recommendations of Plaintiff as a substitute and Home Hospital Tutor sign should be admitted over a 403 objection, because the commendations are  facts, of which

the Defendant should have had knowledge and such gender biased discriminatory conduct in school employment is illegal and inherently prejudicial.    For Plaintiff's "pattern and practice of discrimination allegations, are indeed analogous to a "hostile work environment" claim.    And his lack of work after 2003, as compared to his work pattern in light of his commendations makes the discrimination he suffered even more clear.

Which is why the State's improper attempt to bar this evidence should be denied.

This    12th Day of March 2007.


   /S/    Andre' S. Wooten                
    ANDRE' S. WOOTEN
    Attorney For Plaintiff
    ROBERT SHEREZ