LAW OFFICES OF ANDRÉ S. WOOTEN
Attorney and Counselor at Law

ANDRÉ S. WOOTEN          3887
Century Square,    Suite 1909
1188 Bishop Street
Honolulu, Hawai`i         96813
Telephone No.: (808) 545-4165

Attorney for Plaintiff
ROBERT SHEREZ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF Hawai`i

| | |
|---|---|
| ROBERT SHEREZ, | ) CIVIL NO.    04-00390 JMS-KSC |
| | ) |
| Plaintiff, | ) PLAINTIFF'S STATEMENT OF THE |
| | ) CASE AT TRIAL |
| vs. | ) |
| | ) |
| STATE OF HAWAII DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawaii Schools, MEREDETH MAEDA, Principal, Castle High School; SARA GRONNER OR GRONNA, Vice Principal of Castle High School. | ) |
| | ) |
| | ) |
| | ) Date of Hearing:   March 22, 2007 |
| | ) Time: 9:00 AM |
| | ) Judge: Hon.  J. Michael Seabright |
| Defendants. | ) |
| | ) |
| | ) |
| | ) Trial Date: March 28, 2007 |
| _____ | ) CERTIFICATE OF SERVICE |

**PLAINTIFF'S STATEMENT OF THE CASE AT TRIAL**

Comes Now the Plaintiff, ROBERT SHEREZ, by and through his attorney, Andre' Wooten, hereby files this PLAINTIFF'S STATEMENT OF THE CASE AT TRIAL.

As Mr. Sherez stated in these paragraphs in his Declaration filed in Opposition To Defendant's Concise Statement of Facts:

Plaintiff was first employed by Fran Jorgenson, who was head of the Special Education division for the Windward Office of the Hawaii State Department of Education for tutoring from 1988 until she retired in the Mid 1990's.

Since Plaintiff Sherez has earned a Juris Doctor degree, he was paid at the highest level in the DOE for part-time teachers, at the Class 3 level.

In the Assignment of Home Hospital Tutors, the school with child that needed the tutor need always had an opportunity to put in for a "recommended" teacher.  There was an opening on the official form for them to write in their "recommendation."  If they did not request someone, then the District would fill the tutor opening from the list of available tutors.   But it made sense for the child's school counselor, who should know the child's needs and the available counselor's to make that initial recommendation, this that information might not be available at the district office.

The DOE told Plaintiff they were supposed to call all the # 3 level tutors, like Plaintiff first, and then the # 2 level teachers and then the level # 1, lowest qualified teachers were supposed to be called for the jobs.

The DOE has argued This procedure changed over time. However, the D.O.E. has refused to provide us with their new rules, procedures or regulations, despite forcing us to file a Motion To Compel them to deliver these relevant procedure

documents to us.

However, the letter of Marty Mattison makes it clear however, that the initial assignment of tutors was routinely made at the School level.  And Ira Ilson and many other school counselors and principals had recommended Plaintiff for work consistently, for 16 years at that time.   Which certainly raises a substantial question of the material fact alleged by the Defendants that the Windward had Honolulu District offices routinely and always made the Home/Hospital teacher-student assignments rather than the school counselor, as Ira Ilson, Castle High School counselor and Marty Mattison, director of the tutoring program wrote in their letters.

So, why hase the Plaintiff not been assigned any female students to tutor on the Windward District or any male students in the numbers of the past decade at Castle High school if he is not being discriminated against?

The Defendants argue, Castle V.P. Gronna's predecessor, did the job of assignments, but she did not.  While she admits, in her round about way that she "de-selected" Plaintiff for the tutoring job, counselor Ira Ilson, who know Plaintiff where Gronna did not, for this tutoring job.

So it is clear that Defendant Gronna took work away from the Plaintiff that she could have facilitated.  Given the policy of the school making the initial referral, as Mr. Ilson did, and then the District only filling the position by default when the

school neglects to recommend a tutor.   And the record is also clear at that all of Plaintiff's part time DOE work including his McKinley School for Adults GED teacher position, dried up right after he filed this civil rights violation complaint, and has not been returned or replaced.

The Defendant's declarations do not take the place of the actual procedures and polices the Defendants refused to produce. And the jury will be able to deduce circumstantial evidence from the lack of documentation to refute Mr. Mattison's and Mr. Ilson's letters.    And the voluminous file of Plaintiff's teaching appointments, and recommendations over the years.

Those recommendations, scores of them, are relevant to the Defendant's claim that a better qualified teacher was given the McKinley school for adult GED class teaching assignment.

The registrar, Mr. Won's letter refutes the Defendant's argument that enrollment declined.   And the Defendant's refused to produce the *GED* graduation records of the teacher who took Mr. Sherez place to compare them.    Mr. Won the registrar knows that Plaintiff's success rate in preparing students for the GED was better than the night teacher's.

There was only a day class and a night class.   The records will show that Mr. Sherez had almost 100 students for his class and had to be moved into a larger room, and students were still enrolling when Mr. Sherez class were terminated.

Because Plaintiff had exceptional success with very

difficult autistic and even violent boys and troubled girls, Ira Ilson, the Castle High counselor frequently recommended Plaintiff for tutoring jobs he thought through his experience with Plaintiff and knowledge of the students history would be decent matches for success.

Regarding Helen Sanpei's claims that she appointed a more qualified teacher for the one remaining GED class, Plaintiff's Juris Doctor degree, scores of excellent recommendations for this tutoring work over 20 years and exhibit 4, establish a material Question of fact.  Exhibit 4, means that Plaintiff scores exceptionally high on the PRAXIS test, the National teacher exam. Plaintiff has all of the qualifications to be a licensed teacher in Hawaii, having passed all of the class room work and tests with high marks.  However, in retaliation for filing this suit the Defendant D.O.E. has refused to place the Plaintiff is a Special Education teaching position, for which his (paid) participation in the Special Education Teacher program recently qualifies him.  So that he has not been granted his certificate.

Nevertheless, Plaintiff passed the Praxis, and challenges the State to produce the qualifications and test scores on the GED test of his predecessor, to compare with his students scores. Which were of the highest percentage, which was why students were leaving the other night class to take his day class.  Ex. 3-4.

It is hoped that Plaintiff's description of his education and teaching experience in his declaration and Exhibits 2, 3 and

4 will establish to the court that Plaintiff has and can produce witnesses to vouch for the scores of recommendations from teachers, principals, and parents of students he has helped over the years.   So Plaintiff requests permission to submit evidence into the record of documents relevant to Defendant's claim that they gave Plaintiff's old McKinley School for Adults GED class to a more qualified teacher.    For the Defendant's have not even named this person yet, let alone established their superior credentials, which they must do to support their pre-text for retaliation against the Plaintiff.

    This   12th Day of March 2007.


                                   /S/    Andre' S. Wooten
                                    ANDRE' S. WOOTEN
                                    Attorney For Plaintiff
                                    ROBERT SHEREZ