LAW OFFICES OF ANDRÉ S. WOOTEN
Attorney and Counselor at Law

ANDRÉ S. WOOTEN          3887
Century Square,   Suite 1909
1188 Bishop Street
Honolulu, Hawai`i       96813
Telephone No.: (808) 545-4165

Attorney for Plaintiff
ROBERT SHEREZ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF Hawai`i

| | |
|---|---|
| ROBERT SHEREZ, | ) CIVIL NO.    04-00390 JMS-KSC |
| | ) |
| | ) PLAINTIFF'S OBJECTION TO SOME OF |
| Plaintiff, | ) THE EXHIBITS LISTED BY THE |
| | ) DEFENDANTS FOR THE TRIAL OF THIS |
| vs. | ) CASE |
| | ) |
| STATE OF HAWAII DEPARTMENT OF | ) |
| EDUCATION; PATRICIA HAMAMOTO, | ) |
| Superintendent of Hawaii | ) |
| Schools, MEREDITH  MAEDA, | ) |
| Principal, Castle High School; | ) Date of Hearing:   March 22, |
| SARA GRONNER OR GRONNA, Vice | ) 2007 |
| Principal of Castle High | ) Time: 9:00 AM |
| School. | ) Judge: Hon.  J. Michael |
| Defendants. | ) Seabright |
| | ) |
| | ) |
| | ) Trial Date: March 28, 2007 |
| _____ | CERTIFICATE OF SERVICE |

**PLAINTIFF'S OBJECTION TO SOME OF THE EXHIBITS LISTED BY THE DEFENDANTS FOR THE TRIAL OF THIS CASE**

Comes Now the Plaintiff, ROBERT SHEREZ, by and through his attorney, Andre' Wooten, hereby files this list of objections to some of the Exhibits listed by the State Defendants, as follows:

Defendant's Exhibits

D 1  ; OBJECTION- Lack of Foundation and Authenticity.

   A)  Form HHI-3, Appendix D, January 2002 is incorrect and not used.

   B)  Several Other Forms were never used, as both teachers, SSCs Plaintiff was never presented with the Exhibit D-1 in this form nor many of these forms.

   C)  Different forms were sent to Plaintiff by Mattison's office ( Virginia Soares).

   D)  Different & Fewer forms were told to Plaintiff to hand in.

   E) "Contact" persons, Senior school personnel and V. Soares told Plaintiff not to use or worry about forms and/or directions, follow the school directions and carry out sometimes objectionable/wrong/contrary school orders.

   F)  Plaintiff was NOT given (some) forms of these forms.

   G)  Plaintiff has no Knowledge of some internal forms/documents/files/ communications and/or **when they** were created.  Those created after the incidents in this case in 2003 are irrelevant.

   K)  Some of these forms are new and only been used after the incident.

   L)  Some internal forms are wrong in the facts, what is

then  written on them or etc.

Exhibit  D.2  OBJECTION  - But Foundation - no connection to Plaintiff  ETC

Exhibit  D.3  OBJECTION  - Relevance.  These documents do not mention the Plaintiff or Castle High during the relevant time period 2002-2004. (Some are as late as 2005 and the Only Castle one is for 2006, which is irrelevant, as it is clearly years beyond the proper time period)

    A)  So much information is deleted that Plaintiff cannot identify the student/issue involved or make an adequate defense.   B)  D.1  B, M, J,… ETC.

Exhibit   D.4  OBJECTION   Relevance, no date on the document proving when it was created.  No indication Plaintiff was ever given a copy.

Exhibit   D.5  OBJECTION     Relevance, 2 dates on the documents proving they were  created at different times (1994 and 2002).  But there is  No indication Plaintiff was ever given a copy.    The Second & Third Pages were never Given to Plaintiff.     Plaintiff  was confirmed to be working at several Ptt jobs , where DOE Sent him Pay Stubs.   (But they are not presented)   Form HHI-3, Appendix D, January 2002 is incorrect and not used.

Exhibit   D.6   OBJECTION    Relevance.   Lack of Foundation.

> Objection to the Alterations by Defendants. The Deletions make it hard to identify parties for cross-examination. Plaintiff not identified as tutor on documents. No evidence all these documents go together. So they should not be allowed to be foundation for non-related other documents in the same number, not clearly a part of the former document.

Exhibit   D.7   OBJECTION   — Lack of Foundation. Was never presented to Plaintiff and he was never contacted by the HPD about it. False and irrelevant hearsay. Irrelevant, Due to (1998) not being in the appropriate "TIME PERIOD".

Exhibit   D.8   OBJECTION   - A) This is not true   B) Prejudicially Incomplete.

C) Relevant information on the student was withheld.   D) DOE E-Mail PROVES/Shows Plaintiff was and is an ESY teacher.   E) The DOE Does Not Include Plaintiff's Written Statement to the DOE- MULCAHEY (sic) or her <u>directions</u> to him in this case or the required forms or with required IEP directions which should also be a part of their file. And without which this case file is prejudicially  Incomplete.

Exhibit   D.9   OBJECTION   A) Incomplete. This is only one year, for only one district. Where Plaintiff was told to only fill out certain areas.   This is one of many, where are the rest?

Exhibit D.10    OBJECTION    Hearsay.  Lack of Foundation.  Bad copy too light to read =alteration of original .

Exhibit D.11    OBJECTION    Hearsay.  Lack of Foundation.  C) Copies either "whited" out or sections are copied too faintly (unreadable) for plaintiff to read/identify/verify and defend against. Bad copy too light to read = alteration of original .

Exhibit D.12    OBJECTION    Hearsay.  Lack of Foundation.  C) Copies either "whited" out or sections are copied too faintly (unreadable) for plaintiff to read/identify/verify and defend against. Bad copy too light to read = alteration of original .

Exhibit D.13    OBJECTION    OBJECTION- Lack of Foundation and Authenticity.
   Plaintiff was NOT given (some) forms of these forms.

Exhibit D.14    No  OBJECTION.

Exhibit D. 15   No  OBJECTION   But Plaintiff was directed on how to summarize his statement, which lead to some information/facts/charges being left out.

Exhibit D.16    No  OBJECTION, as this is a jurisdictional requirement.  Still it does not usually get entered into evidence and presented to the jury, because of the prejudicial discussion of the finding of "no cause" prejudicing Plaintiff's right to a jury

trial De Novo.

Exhibit    D.17   OBJECTION    First page does not go with the rest.    All the rest          Hearsay.   Lack of Foundation.    C) Copies either "whited" out or sections are copied too faintly (unreadable) for plaintiff to read/identify/verify and defend against. Bad copy too light to read = alteration of original .

Exhibit    D.18   OBJECT     Incomplete   – There are more application forms.   And where are the forms for the other McKinley GED courses he taught.

Exhibit    D.19   OBJECTION    Lack of Foundation Plaintiff has no Knowledge of some internal forms/documents/files/communications and/or **when they were created**.    Then there are a lot of different DOE – Adult classes Kukui Towers, Waikiki Com Center, All over town but no other GED classes.   So they are irrelevant, and the relevant other GED courses are missing.

Exhibit    D.20   OBJECTION    Incomplete hearsay.

Exhibit    D.21   Objection    Irrelevant.    Does not mention the GED course schedules.

Exhibit    D.22    No objection –

Exhibit    D.23   No objection –

Exhibit    D.24    Irrelevant Hearsay    ADMIT   SUBJECT   TO

establishing foundation and relevancy    A) Relevancy of, and certificates/Transcripts/ETC of master and doctor of PUBLIC HEALTH to teaching the Graduate Equivalency Degree program.

Exhibit    D.25  OBJECTION Hearsay  – Lack of Foundation.  No evidence of when some documents not communicated to Plaintiff were created.    Objection.   Copies so light as to not be legible indicates alteration of the original. Not the Best Evidence, to substitute a "legible" original Educational Progress Report for.    No evidence Plaintiff was ever shown or given copies of all of these (hearsay) e-mails and notes not addressed to him about him.    Thus without the author to authenticate the e-mails and letters not written to or by the Plaintiff, they are inadmissible hearsay.

Exhibit    D.26  OBJECTION —   Summary Hearsay   — Not admissible in absence of presentation of data from which compilation or summary is drawn.    Also the Top Half of the Document Contradicts the Bottom half of it.    So it does not make any sense.

Exhibit    D.27  OBJECTION    — Hearsay  - Incomplete copies, prejudicial alteration.

A) Quality of the copies "cut" relevant information off, and therefore cannot be seen.

Exhibit    D.28  OBJECTION    Hearsay   Lack of

Foundation.   Document lacks a date and does not show it was addressed to or ever seen by Mr. Sherez.   Mr. Mattison is deceased.

Exhibit   D.29  OBJECTION   – Hearsay  Lacks  Foundation. and does not show it was addressed to or ever seen by Mr. Sherez.

Exhibit   D.30   OBJECTION   Irrelevant and Incomplete hearsay.   These are not all Plaintiff's time sheets in the specified period.   Some that are missing were the ones he handed directly to Kailua HS when teaching the assigned "HOMEBOUND' student, so he was paid so late that it even interfered with my Credit and Unemployment.

Exhibit   D.31  OBJECTION  OBJECTION  OBJECTION Irrelevant and Incomplete hearsay.   These are not all Plaintiff's time sheets in the specified period.

Exhibit   D.32   OBJECTION   OBJECTION   OBJECTION Irrelevant and Incomplete hearsay.   These are not all Plaintiff's time sheets in the specified period.

Exhibit   D.33  OBJECTION  OBJECTION   Irrelevant and Incomplete hearsay.   These are not all Plaintiff's time sheets in the specified period.

    DATED: Honolulu, Hawaii   March 12, 2007

       /S/    Andre' S. Wooten
       ANDRE' S. WOOTEN
       Attorney For Plaintiff
       ROBERT SHEREZ