```
LAW OFFICES OF ANDRÉ S. WOOTEN
Attorney and Counselor at Law

ANDRÉ S. WOOTEN          3887
Century Square,    Suite 1909
1188 Bishop Street
Honolulu, Hawai`i        96813
Telephone No.: (808) 545-4165

Attorney for Plaintiff
ROBERT SHEREZ
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF Hawai`i

| | |
|---|---|
| ROBERT SHEREZ, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF HAWAII DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawaii Schools, MEREDETH MAEDA, Principal, Castle High School; SARA GRONNER OR GRONNA, Vice Principal of Castle High School. <br><br> Defendants. <br> _____ | CIVIL NO.    04-00390 JMS-KSC <br><br> PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE DEFENDANT STATE MOTION In LIMINE NO. 5, 6, 7 & 8, TO BAR RELEVANT TESTIMONY ON FACTS AND DAMAGES FROM EVIDENCE AT TRIAL <br><br> Date of Hearing:  March 22, 2007 <br> Time: 9:00 AM <br> Judge: Hon. J. Michael Seabright <br><br><br><br> Trial Date: March 28, 2007 <br> CERTIFICATE OF SERVICE |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE DEFENDANT STATE MOTION In LIMINE NO. 5, 6, 7 & 8, TO BAR RELEVANT TESTIMONY ON FACTS AND DAMAGES FROM EVIDENCE AT TRIAL**

Comes Now the Plaintiff, ROBERT SHEREZ, by and through his attorney, Andre' Wooten, hereby files this Memorandum in opposition to the Defendant's Motion In Limine No. 5, 6, 7 & 8 to bar the Plaintiff from intoducing into evidence factual

narratives of events which happened to him during the course of this whole matter.

Mr. Sherez does have almost 20 years experience with the D.O.O. part time but consistently working as a Home Hospital Tutor, problem student tutoring, Long Term Class room substitute teaching, after earning of a Juris Doctorate degree and high scores on the PRAXIX National Teacher background knowledge Certificate exam results.

The Defendants are stuck under 701 with the Plaintiff's experience and knowledge being reflected in his speech pattern. The facts of the Defendant's Continued Retaliation against Plaintiff, after terminating him from the McKinley School for Adults GED job, had not occurred at the time Plaintiff filed the EEOC complaint in this matter.  Yet, those subsequent events are relevant to the intent of the Defendants, and hence those facts, of continued refusal to hire for a McKinley School for Adult job, or a regular "Special Education" Teacher position, for which Mr. Sherez attended for 2 years.  But he still cannot get a job.

These are facts relevant to Pattern and Practice of Retaliation, the Defendant DOE is subjecting Mr. Sherez to and thus relevant to his retaliation claims.  Thus, while Mr. Sherez may not perhaps be compensated YET, for the events of Retaliation which are subject of his 2006 filed complaint involving 2005 acts of retaliation by the DOE.  They are still relevant to show the Defendant's intent and pattern and policy's in practice, under

the rationale of National Railroad vs. Morgan, discussed below. For is events of discrimination which occurred prior to the Title VII window of opportunity, can be presented at trial nevertheless, when some similar events happen within the Title VII 300 day window, both these prior harmful acts and subsequent harmful acts can be presented at the trial.   Especially under 42 U.S.C. 1981A's four year statute of Limitation.   JONES v. R.R. DONNELLEY & SONS CO., 541 U.S. 369 (2004)

> petitioners' hostile work environment, wrongful termination, and failure to transfer claims "ar[ose] under" the 1991 Act in the sense that petitioners' causes of action were made possible by that Act. Patterson held that "racial harassment relating to the conditions of employment is not actionable under § 1981." 491 U.S., at 171 (emphasis added). The 1991 Act overturned Patterson by defining the key "make and enforce contracts" language in § 1981 to include the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). In Rivers v. Roadway Express, Inc., we recognized that the 1991 amendment "enlarged the category of conduct that is subject to § 1981 liability," 511 U.S., at 303,

Therefore, all instances of similar conduct "hostile work environment" is relevant and admissible, whether or not inside the 300 day bar.

The State cannot pick and chose which relevant evidence gets presented to the jury at trial.

Plaintiff has all of the qualifications to be a licensed teacher in Hawaii, having passed all of the class room work and tests with high marks.   However, in retaliation for filing this suit the Defendant D.O.E. has refused to place the Plaintiff in a

Special Education class room teaching position, for which his past (paid) successful participation in the Special Education Teacher program recently qualifies him.  Plaintiff has been wrongfully denied work necessary to qualify his for his D.O.E. Special Education class room Teacher certificate.

The actions of the Defendant State of Hawaii and statements with regard to their handling of Plaintiff's application and the arrangements for the selection and assignment of the positions for Home Hospital Tutor on Oahu and GED course instructor at McKinley School For Adults are relevant information under Rule 402 of the Federal Rules of Evidence.  See  42 U.S.C. Sec. 2000-5 (f)(i), 42 U.S.C. Sec. 2000e-5, Civil Rights Act of 1964 as amended, 42 U.S.C. 2000(e)(3), 42 U.S.C.S.1981 and Section 378 of the Hawaii Revised Statutes.

This documentary evidence is of the type generally admitting at trial, as the Ninth Circuit Court of appeal ruled in Sischo-Nwnejad v. Merced Community College Dist., 934 F 2d 1104, 1109 (9th Cir. 1991)

> the plaintiff may prove his case by direct or circumstantial evidence. The trier of fact should consider all the evidence, giving it whatever weight and credence it deserves. Thus, we agree with the Court of Appeals that the District Court should not have required Aikens to submit direct evidence of discriminatory intent. See Teamsters v. United States, 431 U.S. 324, 358, n. 44 (1977) ("[T]he McDonnell Douglas formula does not require direct proof of discrimination").

In WATSON v. FORT WORTH BANK & TRUST, 487 U.S. 977 (1988) 487 U.S. 977,  the Supreme Court ruled:

JUSTICE STEVENS, agreeing that the **racially adverse impact of an employer's practice of simply committing employment decisions to the unchecked discretion of a white supervisory corps is subject to the test of Griggs v. Duke Power Co.**, 401 U.S. 424, concluded that, since cases [487 U.S. 977, 981]

1. In the disparate-impact context, a plaintiff who successfully establishes a prima facie case shifts the burden of proof, not production, to the defendant to establish that the employment practice in question is a business necessity. See, e. g., Albemarle Paper Co. v. Moody, 422 U.S. 405, 425; Dothard v. Rawlinson, 433 U.S. 321, 329; and Griggs v. Duke Power Co., 401 U.S. 424, 432.  Unlike a [487 U.S. 977, 980]

This information is very important, as it provides concrete evidence of disfavorable treatment for Mr. Sherez in the face of numerous positive recommendations of Mr. Sherez for his Home Hospital tutoring work, and goes a long way to explain why the lack of his employment by the District to continue in that work since he filed this complain is and was unfair.    Since Mr. Sherez is conceded to be an excellent and better than average Home Hospital Tutor and teacher.

> "Title VII of the civil Rights Act prohibits **all** forms of discrimination in **all** aspects of employment and the degree of discrimination practiced by an employer is unimportant under the Act. " Rowe v. General Motors Corp. 457 F.2d 348.
> Further more courts have long held that:
>
> "An employer, whose upper levels of management have compiled an exemplary record in race relations, cannot escape its responsibilities under Title VII on that basis when one of its lower level managers discharges an employee for racial reasons." Anderson v. Methodist Evangelical Hospital, Inc. 464 F 2d 723.
>
> The relevant testimony of all of these letters of

recommendation regarding Mr. Sherez's conduct and performance on the job as related to the Home Hospital Tutor position assignments he successfully completed in the past should be allowed in this trial, According to:

> <u>Rule 402. Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible</u>
>
> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Appropriate exceptions to the Hearsay rule under Rules 803(5)(6)(8)(16)&(18) and as Self-Authenticating documents under 901(7)&(8) and 902(5)&(6) apply to the Defendant's other objections, hence all of these witnesses should be allowed to testify.  For their introduction into evidence is not going to take Mr. Sherez long.  As the Supreme Court ruled in National RailRoad vs. Morgan, 122 S.Ct. 2061 (2002) citing

> Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim. Id. at 2072 (emphasis added). Thus, even if appellants were aware that the appellee had violated their rights through the prior discriminatory assignment of details, their timely failure to-promote claims are not barred. In fact, appellants are permitted to offer evidence of the pre-limitations discriminatory detail assignment scheme in the prosecution of their timely claims.
> *
> **We begin instead with the Court's statement in Evans that untimely evidence of the employer's discriminatory acts "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue."** 431 U.S. at 558 (emphasis added). "Relevant evidence" is defined by Rule 401 of the Federal Rules of Evidence as "evidence

having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.  In the context of a racial disparate treatment claim, admissible background evidence must be relevant to determine "the ultimate question: whether . . . `the defendant intentionally discriminated against [the plaintiff]' because of his race." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993) (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)). This determination will not impose the same limitations on the plaintiff's evidence as were previously imposed under our reasonable-relation test.[fn12]

    The district court will sometimes be required to engage in Rule 403 balancing when determining the admissibility of evidence of time-barred acts, Fed.R.Evid. 403 (stating that otherwise relevant evidence may be excluded if its probative value is substantially outweighed by its potential for unfair prejudice or confusion of the issues), **bearing in mind that, in discrimination cases, probative evidence of wrongful intent will necessarily prejudice the defendant's case.**[fn13]   LYONS v. ENGLAND,  307 F 3rd 1092 (9th Cir. 2002) Filed October 9, 2002.

Therefore, the entire evidence of Plaintiff's teaching experience and usual work time given to Plaintiff performing Home Hospital Tutoring annually for the DOE and the evaluations of the level of work he performed those duties, are relevant to the question of whether or not Plaintiff was discriminated against by his non-selection for any further work by the DOE after 2003, and whether he was retaliated against for filing this complaint by the Defendants.

    This evidence is not cumulative, if it is not a repeat of the exact same certificate, degree, job, commendation or task. The number of successful tasks accomplished and tests passed,

degrees attained, go to the weight of the skills evaluation inherent in every discrimination case.  Establishing the possession of the qualifications and skill set for every job is necessary.  Possession of superior skills and experience is evidence relevant to the issue of retaliation.  Why has a teacher who worked frequently, though part time, for all for Oahu Districts, suddenly had all or most of his former work "dry up."

Right after he filed a gender job selection discrimination complaint.

At the initial stage of a case of disparate treatment, appropriate background evidence will be evidence, either direct or circumstantial, that, when combined with evidence of the employer's present conduct, "give[s] rise to an inference of unlawful discrimination." Burdine, 450 U.S. at 253.

Further, where, as here, the employer has not published the qualifications for positions that were awarded without a competitive application process, it would be unreasonable to require a plaintiff to present direct evidence of the actual job qualifications as part of his prima facie case. See Shannon v. Ford Motor Co., 72 F.3d 678, 682 (8th Cir. 1996) ("It would be ironic . . . if a victim of discrimination were unable to vindicate her rights because she had the peculiar misfortune of being discriminated against in a way that necessarily prevented her from making her prima facie case."). LYONS v. ENGLAND, 307 F 3rd 1092 (9th Cir. 2002) Filed October 9, 2002.

That is a very relevant statement in this case, because

Defendants have never articulated any superior qualifications for the persons selected for Home Hospital Tutoring work over Plaintiff by the DOE after he lodged the complaint of gender discrimination in 2003.    By proving Plaintiff has superior qualifications in comparison to his rival, this is a well recognized method of proving discriminatory hiring practices by an employer.   Which this employer seeks unfairly to prevent Plaintiff from doing.

> In such a circumstance, a plaintiff may satisfy the second prong of McDonnell Douglas by providing circumstantial evidence of his qualification for the position. For the purpose of establishing a prima facie case, the plaintiff is not restricted to providing the bare minimum of evidence required by the McDonnell Douglas test, <u>but may rely also on other circumstantial evidence that tends to raise an inference of discrimination.</u> See Wallis, 26 F.3d at 889 ("In offering a prima facie case, of course, a plaintiff may present evidence going far beyond the minimum requirements."); see also McDonnell Douglas, 411 U.S. at 802 n. 13 (stating that <u>"[t]he facts necessarily will vary in Title VII cases, and the specification above of the prima facie proof required from [the plaintiff] is not necessarily applicable in every respect to differing factual situations"</u>); Cordova, 124 F.3d at 1148 (stating that the McDonnell Douglas test provides "[o]ne way" to raise an inference of discrimination).  <u>LYONS v. ENGLAND</u>, 307 F 3rd 1092 (9th Cir. 2002) Filed October 9, 2002. (Emphasis added)

## CONCLUSION

> Following the Supreme Court's recent decision in National Railroad Passenger Corp. v. Morgan, 122 S.Ct. 2061 (2002), we affirm the district court's ruling that appellants' claims of disparate treatment arising out of detail assignments made prior to May of 1996 are time-barred.  However, we reverse the court's summary judgment on appellants' timely failure-to-promote discrimination claims. We remand for trial on Lyons' and Tate's promotion claims, arising out of events occurring in 1996, and on all appellants' promotion claims arising out of the 1997 events. Appellants' evidence of discriminatory detail

>assignments occurring outside the limitations period cannot be used to sustain an independent cause of action for discrete acts of disparate treatment based on time-barred events, **but appellants may offer it as relevant evidence of the employer's intent to discriminate both within the limitations period and following the filing of appellants' EEOC charges**. We affirm the district court's summary judgment on Tate's retaliation claim. The court should award costs to the appellants.    LYONS v. ENGLAND, 307 F 3rd 1092 (9th Cir. 2002) Filed October 9, 2002.

For condoning actions in violation of 42 U.S.C. 1981, 1982, 1983 and 1985 is illegal under 42 U.S.C. 1986.    As the Administrator in charge of the school,  once principal Maeda was made aware of illegal gender discrimination on the job, he has an obligation to address, and not ignore these law violations in a reasonable manner.    Refusing to employ the Plaintiff, despite his glowing recommendations, was a violation.    And once informed of the violation, principal Maeda he had a legal obligation to do **something** under 42 U.S.C. 1986.

   Plaintiff should be allowed to present this further circumstantial evidence of gender  discrimination and retaliation on the job, under NATIONAL RAILROAD PASSENGER CORPORATION *v.* MORGAN.     WINARTO v. TOSHIBA AM. ELECTRONICS COMPONENTS, 274 F.3d 1276 (9th Cir. 2001)

>**bearing in mind that, in discrimination cases, probative evidence of wrongful intent will necessarily prejudice the defendant's case.**[fn13]    LYONS v. ENGLAND, 00-55343 (9th Cir. 2002) Filed October 9, 2002. " Burdine, 450 U.S. at 253.

   Therefore, the evidence of the Defendants continued

Retaliation against the Plaintiff should be admitted over a 403 objection, because the facts are the facts, of which the Defendant should have known eradication of the pattern and practice of discrimination and retaliation against Mr. Sherez before the trial would look better to a jury than if they continued to wrongfully deny him work for which he is qualified. For the Defendants cannot now say they had no knowledge or Mr. Sherez complaint of biased discriminatory conduct in school employment or that retaliatory denial of public employment, is illegal and inherently prejudicial.

    For Plaintiff's "pattern and practice of discrimination allegations, are indeed analogous to a "hostile work environment" claim.  And his lack of work after 2003, as compared to his work pattern in light of his commendations makes the discrimination he suffered even more clear.  Therefore, Plaintiff should be able to present his entire pattern of employment by the DOE since lodging his complaint up to the present.  The Defendant's took the risk of the harm this information would de their case all along, by continuing to deny Mr. Sherez work, even though he took and passed the Praxis with flying colors and passed their "Special Education Teacher" certification course, under duress.

    Which is why the State's improper attempt to bar this evidence should be denied.

    This   12th Day of March 2007.

                                      /S/   Andre' S. Wooten
                                      ANDRE' S. WOOTEN
                                      Attorney For Plaintiff
                                      ROBERT SHEREZ