PROCESS STEMMED FROM UNCONSCIOUS RACISM MANIFESTED IN HIS COVERT ACTS OF MANIPULATION, WHICH ROBBED THE PROCESS OF IT'S INDEPENDENT OBJECTIVE FAIRNESS, AND REPLACED IT WITH A DECISION DICTATED TO THE COMMITTEE BY TOP MANAGEMENT.

AN EMPLOYER HAS A DUTY TO PREVENT RACIAL DISCRIMINATION ON THE JOB, AND HARASSMENT AND TO TAKE PROMPT AND EFFECTIVE ACTION TO REMEDY ACTS OF DISCRIMINATION OR RACIAL HARASSMENT ITS MANAGEMENT LEVEL EMPLOYEES KNEW OR SHOULD HAVE KNOWN ABOUT.

HOWEVER, WHERE THE ALLEGED HARASSER OR MAIN MANIPULATOR OF THE RATING COMMITTEE IS AN AGENT OR OFFICER ACTING FOR THE EMPLOYER, THE EMPLOYER IS CHARGED WITH KNOWLEDGE OF THAT PERSON'S CONDUCT EVEN WITHOUT A COMPLAINT BECAUSE THAT AGENT OR OFFICER ACTS ON BEHALF OF THE EMPLOYER DURING THE COURSE OF HIS EMPLOYMENT. WHERE THE EMPLOYER FAILS TO TAKE PROMPT, ADEQUATE AND EFFECTIVE ACTION TO STOP RACIAL DISCRIMINATION IN THE HIRING PROCESS, THE WORKPLACE CONTINUES AS A RACIALLY HOSTILE WORK ENVIRONMENT.

IF THE PLAINTIFF HAS PROVEN THESE FACTS, IT HAS PROVEN ENOUGH SO THAT YOU MAY RENDER A VERDICT IN HIS FAVOR.  IF THE PLAINTIFF HAS FAILED TO PROVE THESE FACTS, YOU MUST FIND FOR THE DEFENDANT.

AUTHORITY:

ADAPTED FROM HARRIS v. FORKLIFT SYSTEMS, 114 S.Ct. 367, 370 (1993); FULLER v. CITY OF OAKLAND, CAL., 47 F.3d 1522, 1527, (9th Cir. 1995); STEINER v. SHOWBOAT OPERATING CO., 25 F.3d 1459 (9th Cir. 1994), cert. denied, 115 S.Ct. 733, 130 L.Ed. 636 (1995); NICHOLS v. FRANK, 42 F.3d 503 (9th Cir. 1994); ELLISON v. BRADY, 924 F.2 872, 878-79 (9th Cir. 1991); EEOC v. HACIENDA HOTEL, 881 F.2d 1504, 1514-15 (9th Cir. 1989); 29 C.F.R. §1604.11; RULE 412. Concrete Pipe & Prods. of Cal. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622 (1993) (quoting In re Winship, 397 U.S. 358, 371-72 (1970) (Harlan, J., concurring) (citation omitted)). 42 U.S.C. §§ 2000e-2(a). COSTA v. DESERT PALACE, 299 F.3d 838 (9th Cir. 2002)

GIVEN AS REQUESTED        _____

GIVEN AS MODIFIED         _____

REFUSED                   _____

WITHDRAWN                 _____


_____
UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29**

**RETALIATION**

TITLE VII MAKES IT UNLAWFUL FOR AN EMPLOYER TO DISCRIMINATE AGAINST AN EMPLOYEE WHO HAS OPPOSED ANY PRACTICE MADE UNLAWFUL UNDER TITLE VII.  THE PLAINTIFF CLAIMS THAT THE DEFENDANTS DENIED HIM WORK ALTHOUGH THEY CONTINUED TO HIRE MEN WHO TURNED DOWN THE JOB BECAUSE THEY WERE NOT AVAILABLE TO TAKE IT, THE PLAINTIFF COMPLAINED ABOUT HIS NON-SELECTION FOR THE FULL-TIME JOB AFTER HE LEARNED THE OTHER MEN TURNED IT DOWN.

TO PREVAIL ON THE CLAIM OF UNLAWFUL RETALIATION, THE PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANTS' RETALIATORY ACTIONS WERE MOTIVATED, IN PART, BECAUSE THE PLAINTIFF COMPLAINED ABOUT THE RACIAL DISCRIMINATION IN THE HIRING ACTIONS.

TO SUPPORT A RETALIATION CLAIM, THE PLAINTIFF MAY PRESENT INDIRECT EVIDENCE OF RETALIATION AGAINST PLAINTIFF BY SHOWING THAT:

1.   THE PLAINTIFF OPPOSED THE RACIAL DISCRIMINATION BY COMPLAINING,;

2.   THE STATE OF HAWAII DEPARTMENT OF EDUCATION OR ANY OF THE NAMED INDIVIDUAL DEFENDANTS HAD KNOWLEDGE OF THIS OPPOSITION AND COMPLAINT;

3.   THE STATE OF HAWAII DEPARTMENT OF EDUCATION OR ANY OF THE INDIVIDUALLY NAMED DEFENDANTS SUBSEQUENTLY

TOOK AN ADVERSE EMPLOYMENT ACTION AGAINST THE
PLAINTIFF;

4. THERE IS A CASUAL CONNECTION BETWEEN THE
PLAINTIFF'S OPPOSITION AND THE ADVERSE ACTION.

A CASUAL CONNECTION MAY BE SHOWN BY EVIDENCE OF
CIRCUMSTANCES THAT JUSTIFY AN INFERENCE OF RETALIATORY MOTIVE,
SUCH AS PROTECTED OPPOSITION CLOSELY FOLLOWED BY AN ADVERSE
EMPLOYMENT ACTION.

IF THE PLAINTIFF MAKES THIS SHOWING, THE DEFENDANTS MUST
OFFER EVIDENCE OF A LEGITIMATE NON-DISCRIMINATORY REASON FOR ITS
ADVERSE ACTION.  IF YOU FIND THAT THE DEFENDANTS HAVE NOT
PRESENTED EVIDENCE OF A LEGITIMATE NON-DISCRIMINATORY REASON FOR
ITS ACTION THEN YOU MAY FIND FOR THE PLAINTIFF.

IF, ON THE OTHER HAND, YOU FIND THAT THE DEFENDANTS HAVE
PRESENTED EVIDENCE OF A NON-DISCRIMINATORY REASON FOR ITS ACTION,
THE PLAINTIFF MUST THEN PROVE THAT THE REASONS STATED BY THE
DEFENDANTS ARE A PRETEXT FOR DISCRIMINATION.

THE PLAINTIFF CAN PROVE PRETEXT BY SHOWING THAT:

1. THE DEFENDANTS' EXPLANATION IS NOT WORTHY OF
BELIEF; OR

2. RETALIATION MORE LIKELY MOTIVATED THE DEFENDANTS'
ACTION THAN THE REASON STATED.

THE ULTIMATE FINDINGS THAT YOU MUST MAKE IS WHETHER THE
DEFENDANTS' ADVERSE ACTIONS TOWARD THE PLAINTIFF WERE MOTIVATED
BY THE FACT THAT THE PLAINTIFF COMPLAINED OF RACIAL

DISCRIMINATION.

IF YOU FIND THAT THE EXPLANATIONS OFFERED BY THE DEFENDANTS ARE BELIEVABLE, AND THAT THEY WERE THE SOLE REASON FOR ITS ACTIONS, THEN YOU MUST FIND FOR THE DEFENDANTS.

HOWEVER, EVEN IF YOU FIND THAT THE EXPLANATIONS OFFERED BY THE DEFENDANTS ARE CREDIBLE, YOU MAY STILL FIND THAT THE ROYAL HAWAIIAN BAND WAS MOTIVATED IN PART BY RETALIATION BECAUSE THE PLAINTIFF OPPOSED THE RACIAL DISCRIMINATION THEN YOU MUST FIND FOR THE PLAINTIFF.

AUTHORITY:

ADAPTED FROM 42 U.S.C. §2000e-3, <u>MILLER v. FAIRCHILD INDUSTRIES, INC.</u>, 885 F.2d 498, 505-06 (9th Cir. 1989), <u>cert</u>. <u>denied</u>. 496 U.S. 1056 (1990); <u>WRIGHTEN v. METROPOLITAN HOSPITALS, INC.</u>, 726 f.2D 1346, 1354 (9th Cir. 1984); <u>KAUFFMAN v. SIDEREAL CORP.</u>, 695 F.2d 343, 345 (9th Cir. 1982).

GIVEN AS REQUESTED            _____

GIVEN AS MODIFIED             _____

REFUSED                       _____

WITHDRAWN                     _____


_____

UNITED STATES DISTRICT JUDGE

**PLAINTIFF'S SPECIAL PROPOSED JURY INSTRUCTION NO. 30**

**(TO BE GIVEN AT THE START OF TRIAL)**
**(TO BE GIVEN AT THE CLOSE OF EVIDENCE ALSO, UNLESS INTERVENOR-PLAINTIFFS' PROPOSED INSTRUCTION ENTITLED "PREPONDERANCE OF THE EVIDENCE," TO WHICH THE PLAINTIFF AGREES, IS GIVEN)**

<u>PROOF BEYOND REASONABLE DOUBT IS NOT REQUIRED</u>

Although the burden is on the party who makes a claim to prove his claim by what we call the preponderance of the evidence in a case such as this one, the law in no way requires proof beyond a reasonable doubt or a shadow of a doubt or to a moral certainty.   While those high amounts of proof are proper in criminal cases which you may see on television or read about in

magazines or newspapers, THE BEYOND A REASONABLE DOUBT RULE
SIMPLY DOES NOT APPLY TO THIS CASE AND YOU MUST PUT IT OUT OF
YOUR MINDS ENTIRELY AND NOT CONSIDER IT AT ALL IN THIS CASE.

Let me repeat again---the burden of proof in this case is
only by a preponderance of the evidence, which means nothing more
than proof that the facts are more probably or likely true than
not.

Authority:
Adapted from Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u> (4th Ed. 1987), §72.01.

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____


REFUSED                     _____


_____
UNITED STATES DISTRICT COURT JUDGE

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 31

<u>TITLE VII BACK PAY</u>

Page 68 of 95

IF YOU FIND THAT THE DEFENDANTS DISCRIMINATED AGAINST THE PLAINTIFF, THEN YOU MUST DETERMINE THE AMOUNT OF BACK PAY HE IS ENTITLED TO RECEIVE.  THE PURPOSE OF BACK PAY DAMAGES IS TO MAKE THE PERSON WHOLE FOR ANY WAGES OR BENEFITS LOST AS A RESULT OF THE CONSTRUCTIVE DISCHARGE.

BACK PAY IS THE AMOUNT OF MONEY A FULL-TIME TEACHER WOULD HAVE EARNED FROM THE DATE OF HIS AVAILABILITY, HAD HE BEEN HIRED THROUGH THE TIME HE FOUND REPLACEMENT EMPLOYMENT EARNING AS MUCH OR MORE MONEY, MINUS ANY WAGES SHE ACTUALLY EARNED DURING THIS PERIOD.

IN CALCULATING THE AMOUNT OF BACK PAY PLAINTIFF IS ENTITLED TO RECEIVE, UNREALISTIC PRECISION IS NOT REQUIRED AND UNCERTAINTIES IN DETERMINING THE AMOUNT HE WOULD HAVE RECEIVED, ABSENT THE DISCRIMINATION, SHOULD BE RESOLVED AGAINST THE DISCRIMINATING EMPLOYER.  YOU MAY MAKE AN ESTIMATE OF THE AMOUNT OF BACK PAY THAT WILL CONSTITUTE JUST AND REASONABLE COMPENSATION FOR LOST WAGES BASED UPON THE FACTS THAT ARE BEFORE YOU.

IN ADDITION, YOU MUST INCLUDE AN AMOUNT FOR PREJUDGMENT INTEREST ON THE LOST BACK PAY.

AUTHORITY:

ADAPTED FROM BELLO, DESMARAIS & HARRISON, MODEL JURY
INSTRUCTIONS, EMPLOYMENT LITIGATION, §107[1]; MANUAL OF MODEL
CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT, 3rd EDITION,
§7.01; 42 U.S.C. §2000e-5(g); ALBEMARLE PAPER CO. v. MOODY, 422
U.S. 405, 425 (1975); FORD MOTOR CO. v. EEOC, 458 U.S. 219
(1982); GALINDO v. STOODY CO., 793 F.2d 1502, 1507 (9th Cir.
1986); FORD v. ALFARO, 785 F.2d 835, 842 (9th Cir. 1986).


GIVEN AS REQUESTED        _____

GIVEN AS MODIFIED         _____

REFUSED                   _____

WITHDRAWN                 _____


_____
UNITED STATES DISTRICT JUDGE

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 32

### MITIGATION OF BACK PAY

EACH PERSON SEEKING BACK PAY HAS A DUTY TO USE REASONABLE EFFORTS TO MITIGATE THOSE DAMAGES.  TO MITIGATE MEANS TO AVOID OR REDUCE DAMAGES.

THE BACK PAY AWARD MAY BE REDUCED IF YOU FIND THAT DEFENDANTS HAVE PROVEN BY A PREPONDERANCE OF THE EVIDENCE THAT (1) THERE WERE SUBSTANTIALLY EQUIVALENT POSITIONS AVAILABLE FOR THE PLAINTIFF AND (2) THE PLAINTIFF FAILED TO USE REASONABLE CARE AND DILIGENCE IN SEEKING SUCH A POSITION.

A SUBSTANTIALLY EQUIVALENT POSITION IS A POSITION THAT AFFORDS THE PLAINTIFF VIRTUALLY IDENTICAL PROMOTIONAL OPPORTUNITIES, COMPENSATION, BENEFITS, JOB RESPONSIBILITIES, WORKING CONDITIONS AND STATUS AS THE POSITION HE SOUGHT AT THE STATE OF HAWAII DEPARTMENT OF EDUCATION.

IN ORDER TO PROVE THE FAILURE TO MITIGATE DAMAGES, THE DEFENDANTS MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THE EXISTENCE OF PARTICULAR VACANCIES FOR SUBSTANTIALLY SIMILAR JOBS FOR THE PLAINTIFF, WITHIN A REASONABLE DISTANCE FROM HIS RESIDENCE.  THE DEFENDANTS HAVE THE BURDEN OF IDENTIFYING SPECIFIC JOB VACANCIES AT SPECIFIC TIMES WHICH MET PLAINTIFF'S LEVEL OF SKILLS AND QUALIFICATIONS.  IF THE DEFENDANTS HAVE NOT PROVEN BY A PREPONDERANCE OF THE EVIDENCE THE EXISTENCE OF PARTICULAR JOBS IN WHICH PLAINTIFF COULD HAVE FOUND EMPLOYMENT, THEN YOU MUST FIND FOR THE PLAINTIFF.

IF YOU FIND THAT THE DEFENDANTS HAVE SHOWN THE EXISTENCE OF ACTUAL JOB VACANCIES OF THE KIND DESCRIBED, THEN YOU MUST DECIDE WHETHER, UNDER ALL THE CIRCUMSTANCES, PLAINTIFF MADE REASONABLE EFFORTS TO FIND SUCH EMPLOYMENT.

THE REASONABLENESS OF EACH PERSON'S JOB SEARCH EFFORTS MUST BE EVALUATED IN LIGHT OF THE PARTICULAR CIRCUMSTANCES OF THIS CASE, INCLUDING HIS CHARACTERISTICS, THE JOB MARKET, AND THE TYPICAL MANNER IN WHICH PERSONS OBTAIN WORK. EACH PERSON ONLY NEED MAKE REASONABLE EFFORTS AND IS NOT HELD TO THE HIGHEST STANDARDS OF DILIGENCE. TO BE REASONABLE, A JOB SEARCH NEED NOT BE SUCCESSFUL.

A PERSON IS NOT REQUIRED TO LOOK FOR OR TAKE LESSER OR DISSIMILAR WORK, DEMOTION, OR DEMEANING POSITION. HE IS NOT REQUIRED TO LOOK FOR OR ACCEPT EMPLOYMENT THAT IS LOCATED AN UNREASONABLE DISTANCE FROM HIS HOME.

A DEFENDANT CANNOT BENEFIT FROM ITS OWN MISCONDUCT. IF YOU FIND THAT PLAINTIFF'S INABILITY TO WORK WAS THE RESULT OF THE DEFENDANTS' ILLEGAL DISCRIMINATION OR RETALIATION, THE DEFENDANTS MAY NOT RELY UPON THE PLAINTIFF'S FAILURE TO MITIGATE AS A DEFENSE TO THE AMOUNT OF BACK PAY.

AUTHORITY:

MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT, 3rd EDITION, § 7.03; FORD MOTOR CO. v. EEOC, 458 U.S. 219, 231-32 (1982); EEOC v. FARMER BROTHERS CO. , 31 F.3d 891, 906 (9th Cir. 1994); JACKSON v. SHELL OIL CO., 702 F.2d 197,202 (9th Cir. 1986); THORNE v. CITY OF EL SEGUNDO, 802 F.2d 1131, 1134-36 (9th Cir. 1986); SIAS v. CITY DEMONSTRATION AGENCY, 588 F.2d 692, 696-97 (9th Cir. 1978); RASIMAS v. MICHIGAN DEPT. OF MENTAL HEALTH, 714 F.2d 614, 624 (6th Cir. 1986), cert. denied, 466 U.S. 950 (1984); FORD v. NICKS, 866 F.2d 865, 873 (6th Cir. 1989); FLOCA v. HOMCARE HEALTH SERVICES, INC., 845 F.2d 108, 112 (5th Cir. 1988); STONE V. D.A. & S. OIL WELL SERVICING, INC., 624 F.2d 142, 144 (10th Cir. 1980); EVANS PLUMBING CO., 278 NLRB 67 (1986), enforced on other grounds, EVANS SERVICES, INC. v. NLRB, 810 F.2d 1089 (11th Cir. 1987); DENTON v. BOILERMAKERS LOCAL 29, 673 F. Supp. 37, 43-45 (D. Mass. 1987); EEOC v. PACIFIC PRESS PUB. ASSN., 482 F. Supp. 1291, 1316-17 (N.D. Cal. 1979), aff'd, 676 F.2d 1272 (9th Cir. 1982); EEOC v. Kallir, PHILLIPS, ROSS, INC., 420 F. Supp. 919, 925-26 (S.D. N.Y. 1976), aff'd without opinion, 559 F.2d 1203 (2nd Cir.), cert. denied, 434 U.S. 920 (1977).


GIVEN AS REQUESTED: _____

GIVEN AS MODIFIED: _____

REFUSED:          _____

WITHDRAWN:         _____




_____
UNITED STATES DISTRICT COURT JUDGE

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33

## COMPENSATORY DAMAGES-NON PECUNIARY

IF YOU FIND THAT THE PLAINTIFF HAS PROVEN BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANTS ILLEGALLY DISCRIMINATED AGAINST THE PLAINTIFF, THEN YOU MUST CONSIDER WHETHER THE PLAINTIFF IS ENTITLED TO COMPENSATORY DAMAGES.

THE PLAINTIFF HAS ALLEGED THAT AS A RESULT OF INTENTIONAL DISCRIMINATION HE SUFFERED EMOTIONAL PAIN, SUFFERING, INCONVENIENCE, MENTAL ANGUISH, AND LOSS OF ENJOYMENT OF LIFE. COMPENSATORY DAMAGES ARE INTENDED TO MAKE A PERSON WHOLE FOR SUCH INJURIES.

IF YOU DETERMINE THAT THE PLAINTIFF HAS PROVEN BY A PREPONDERANCE OF THE EVIDENCE THAT HE HAS EXPERIENCED EMOTIONAL PAIN, SUFFERING, INCONVENIENCE, MENTAL ANGUISH, OR LOSS OF ENJOYMENT OF LIFE, YOU MUST AWARD MONETARY DAMAGES FOR THOSE INJURIES.  NO EVIDENCE OF THE MONETARY VALUE OF SUCH PAIN AND SUFFERING HAS BEEN, OR NEEDS TO BE, INTRODUCED INTO EVIDENCE. NO EXACT STANDARD EXISTS FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE INJURIES. THE MONETARY DAMAGES THAT YOU AWARD MUST BE REASONABLE AND FAIR COMPENSATION.

WHEN CONSIDERING THE AMOUNT OF MONETARY DAMAGES TO WHICH EACH PERSON MAY BE ENTITLED, YOU SHOULD CONSIDER THE NATURE, CHARACTER, AND SERIOUSNESS OF ANY EMOTIONAL PAIN, SUFFERING, INCONVENIENCE, MENTAL ANGUISH, OR LOSS OF ENJOYMENT OF LIFE THAT EACH PERSON FELT. YOU MUST ALSO CONSIDER ITS EXTENT OR DURATION,

AS ANY AWARD YOU MAKE MUST COVER THE DAMAGES ENDURED BY EACH

PERSON SINCE THE WRONGDOING, TO THE PRESENT TIME, AND EVEN INTO

THE FUTURE IF YOU FIND AS FACT THAT THE PROOFS PRESENTED JUSTIFY

THE CONCLUSION THAT A PERSON'S EMOTIONAL STRESS AND ITS

CONSEQUENCES HAVE CONTINUED TO THE PRESENT TIME OR CAN REASONABLY

BE EXPECTED TO CONTINUE IN THE FUTURE.

AUTHORITY:

ADAPTED FROM BELLO, DESMARAIS, HARRISON, <u>MODEL JURY INSTRUCTIONS,</u>
<u>EMPLOYMENT LITIGATION</u>, §1.07[3] (1994); DEVITT, BLACKMAR AND
WOLFF, <u>FEDERAL JURY PRACTICE AND INSTRUCTIONS</u> §§104.05, 104.06,
104A.11 (4th ED. 1987 & SUPP. 1995); 42 U.S.C. §1981a AND b.

GIVEN AS REQUESTED            _____

GIVEN AS MODIFIED             _____

REFUSED                       _____

WITHDRAWN                     _____


                              _____
                              UNITED STATES DISTRICT JUDGE

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 34
(TO BE GIVEN AT THE CLOSE OF THE EVIDENCE IF EQUITABLE
REINSTATEMENT IS INAPPROPRIATE)
Damages - Front Pay

A special type of future damages, called front pay, is awarded when I determine that reinstating the victim to the job is inappropriate or not feasible.

The purpose of front pay is to put an injured party in the same position the party would have occupied in the absence of the racially hostile work environment, neither more nor less.  In awarding front pay, I instruct you that the following factors are relevant: (1) The Plaintiff's future in the position he would have been employed in at the time of discrimination;  (2) his remaining work until retirement and life expectancy;  (3) his obligation to mitigate future lost earnings;  (4) the availability of virtually identical employment opportunities and the time reasonably required to find such comparable employment; and (5) the present value of future lost earnings.  I further instruct you that the plaintiff has presented its evidence on this issue in 2007 dollars.

If you find for the Plaintiff and I instruct you that reinstatement of the Plaintiff is inappropriate , you are to decide his amount of front pay.


Authority:

Schwartz v. Gregori, 45 F.3d 1017, 1022 (6th Cir.), cert. denied, _____ U.S. ___, 116 S.Ct. 77 (1995); Griffin v. Michigan Dept. of

Corrections, 5 F.3d 186, 189 (6th Cir.1993); Roush v. KFC
National Mgmt. Co., 10 F.3d 392, 399-400 (6th Cir.1993), cert.
denied, ___ U.S. ___, 115 S.Ct. 56, (1994).


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____


                    _____
                    UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 35**
**PUNITIVE DAMAGES**

IF YOU FIND THAT THE PLAINTIFF HAS PROVEN BY A PREPONDERANCE
OF THE EVIDENCE THAT THE DEFENDANTS DISCRIMINATED AGAINST HIM,
AND OR CONSPIRED TO AVOID HIRING HIM, OR RETALIATED AGAINST HIM,
IN ADDITION TO THE CLAIMS FOR DAMAGES ALREADY MENTIONED, YOU
SHOULD CONSIDER WHETHER EACH NAMED DEFENDANT IS LIABLE TO THE
PLAINTIFF FOR  PUNITIVE DAMAGES DUE TO THEIR INTENTIONAL ACTS.

WHILE THE PURPOSES OF COMPENSATORY DAMAGES ARE TO MAKE A
VICTIM WHOLE, THE PURPOSE OF PUNITIVE DAMAGES IS TO PUNISH THE
DEFENDANT FOR ITS CONDUCT AND TO DETER THE DEFENDANT AND OTHERS
FROM ENGAGING IN SIMILAR CONDUCT IN THE FUTURE.  YOU MAY AWARD
PUNITIVE DAMAGES IF THE PLAINTIFF HAS PROVEN BY A PREPONDERANCE
OF THE EVIDENCE THAT THE DEFENDANT ACTED WITH THE CONSCIOUS
INTENTION TO DENY THE PLAINTIFF EMPLOYMENT, IN PART, BECAUSE HE
IS BLACK OR WITH MALICE OR WITH RECKLESS INDIFFERENCE TO AN
AFRICAN-AMERICAN CITIZENS'S RIGHT TO WORK IN AN ENVIRONMENT FREE
FROM RACIAL DISCRIMINATION IN HIRING AND THE TERMS AND CONDITIONS
OF EMPLOYMENT, AND RETALIATION.

CONDUCT IS MALICIOUS IF IT IS MOTIVATED BY EVIL MOTIVE AND
INTENT, OR IF IT IS FOR THE PURPOSE OF INJURING ANOTHER.  CONDUCT
IS IN RECKLESS DISREGARD OF AN EMPLOYEE'S RIGHTS IF, UNDER THE
CIRCUMSTANCES, IT REFLECTS COMPLETE INDIFFERENCE TO THE SAFETY
AND RIGHTS OF OTHERS.  YOU MAY CONSIDER SUCH FACTORS AS THE
NATURE, DURATION AND FREQUENCY OF THE CONDUCT, AND THE EXISTENCE

AND FREQUENCY OF SIMILAR CONDUCT BY DEFENDANT.

THE LAW DOES NOT REQUIRE YOU TO AWARD PUNITIVE DAMAGES. HOWEVER, IF YOU DECIDE TO AWARD PUNITIVE DAMAGES YOU MUST USE REASON IN SETTING THE AMOUNT OF DAMAGES.  THE AMOUNT OF AN AWARD OF PUNITIVE DAMAGES MUST NOT REFLECT BIAS OR PREJUDICE, OR SYMPATHY TOWARD ANY PARTY.  YOU MAY CONSIDER THE DEFENDANT'S FINANCIAL CONDITION.  HOWEVER, THE AMOUNT CAN BE AS LARGE AS YOU BELIEVE NECESSARY TO FULFILL THE PURPOSES OF PUNITIVE DAMAGES.

AUTHORITY:

ADAPTED FROM MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE
NINTH CIRCUIT, 3rd EDITION, §7.05; BELLO, DESMARAIS, HARRISON,
MODEL JURY INSTRUCTIONS, EMPLOYMENT LITIGATION, §§1.07[4]; 42
U.S.C. SECTION 1981A AND B; BMW OF NORTH AMERICA, INC. V. GORE,
116 S.Ct. 1589, 1598-1603 (1996); SMITH v. WADE, 461 U.S. 30, 56
(1983); DEVITT, BLACKMAR & WOLFF, FEDERAL JURY PRACTICE AND
INSTRUCTIONS (4th ED. 1987 AND SUPP. 1995), §§104.7, 104A.12;
EEOC V. FARMER BROS. CO., 31 F.3d 891 (9th Cir. 1994).


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____




                                _____

                                UNITED STATES DISTRICT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 36**

**DUTY TO DELIBERATE**

WHEN YOU RETIRE, YOU SHOULD ELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON.  THAT PERSON WILL PRESIDE OVER THE DELIBERATIONS AND SPEAK FOR YOU HERE IN COURT.

YOU WILL THEN DISCUSS THE CASE WITH YOUR FELLOW JURORS TO REACH AGREEMENT IF YOU CAN DO SO.  YOUR VERDICT MUST BE UNANIMOUS.

EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT YOU SHOULD DO SO ONLY AFTER YOU HAVE CONSIDERED ALL THE EVIDENCE, DISCUSSED IT FULLY AND WITH THE OTHER JURORS, AND LISTENED TO THE VIEWS OF YOUR FELLOW JURORS.

DO NOT BE AFRAID TO CHANGE YOUR OPINION IF THE DISCUSSION PERSUADES YOU THAT YOU SHOULD.  DO NOT COME TO A DECISION SIMPLY BECAUSE OTHER JURORS THINK IT IS RIGHT.

IT IS IMPORTANT THAT YOU ATTEMPT TO REACH A UNANIMOUS VERDICT, BUT, OF COURSE, ONLY IF EACH OF YOU CAN DO SO AFTER HAVING MADE YOUR OWN CONSCIENTIOUS DECISION.  DO NOT CHANGE AN HONEST BELIEF ABOUT THE WEIGHT AND EFFECT OF THE EVIDENCE SIMPLY TO REACH A VERDICT.

AUTHORITY:

MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT, 3RD EDITION, §3.14.


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____




_____
UNITED STATES DISTRICT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 37**

**ELECTION OF FOREPERSON – SPECIAL VERDICT**

UPON RETIRING TO THE JURY ROOM YOU WILL SELECT A FOREPERSON. THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS, AND WILL BE YOUR SPOKESPERSON HERE IN COURT.    SPECIAL VERDICT FORMS HAVE BEEN PREPARED FOR YOUR CONVENIENCE.

YOU WILL TAKE THESE VERDICT FORMS TO THE JURY ROOM.    WHEN YOU HAVE REACHED AGREEMENT AS TO YOUR VERDICTS, HAVE YOUR FOREPERSON FILL THEM IN, DATE THEM AND SIGN THEM.

THE ANSWERS TO THE SPECIFIC VERDICTS IN THE SPACE PROVIDED MUST BE THE UNANIMOUS ANSWER OF THE JURY.    WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR SPECIFIC VERDICTS, YOUR FOREPERSON WILL DATE AND SIGN THE FORMS, AND THE JURY WILL THEN RETURN WITH THE COMPLETED FORMS TO THE COURTROOM.

AUTHORITY:

ADAPTED FROM DEVITT, BLACKMAR & WOLFF, FEDERAL JURY PRACTICE AND INSTRUCTIONS, § 74.05 (4th ED. 1987 & SUPP. 1995).


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____


                                 _____
                                 UNITED STATES DISTRICT JUDGE


PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 38

VERDICT FORM - JURY RESPONSIBILITY

Page 85 of 95

IT IS PROPER TO ADD THE CAUTION THAT NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT PREPARED FOR YOUR CONVENIENCE IS MEANT TO SUGGEST OR CONVEY IN ANY WAY OR MANNER WHAT VERDICT I THINK YOU SHOULD FIND.  WHAT THE VERDICT SHALL BE IS THE SOLE AND EXCLUSIVE DUTY AND RESPONSIBILITY OF THE JURY.

AUTHORITY:

ADAPTED FROM DEVITT, BLACKMAR & WOLFF, <u>FEDERAL JURY PRACTICE AND INSTRUCTIONS</u>, § 74.07 (4th ED. 1987 & SUPP. 1995).


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____




                                    _____
                                    UNITED STATES DISTRICT JUDGE




**Page 87 of 95**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 39**

**COMMUNICATION WITH COURT**

IF IT BECOMES NECESSARY TO COMMUNICATE WITH ME DURING DELIBERATIONS, YOU MAY SEND A FOLDED NOTE THROUGH THE [MARSHAL] [BAILIFF] [CLERK] [LAW CLERK], SIGNED BY A JUROR.  DO NOT DISCLOSE THE CONTENT OF YOUR NOTE TO THE [MARSHAL] [BAILIFF] [CLERK] [LAW CLERK].

DO NOT COMMUNICATE WITH THE COURT ABOUT THE CASE EXCEPT BY A SIGNED NOTE.  I WILL ONLY COMMUNICATE WITH YOU REGARDING THE CASE IN WRITING OR IN OPEN COURT.

DO NOT DISCLOSE ANY VOTE COUNT IN ANY NOTE TO THE COURT.

AUTHORITY:

MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT,
3rd EDITION, §3.13.


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____

                                    _____
                                    UNITED STATES DISTRICT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 40**
<u>No Specific Intent Required</u>

It is not necessary to find that any of the named Defendants had any specific intent to deprive the plaintiff of his civil rights, or that he acted with malice or ill will in order to find for the plaintiff on his civil rights claims.

AUTHORITY:
     <u>Torres Ramirez v. Bermudez Garcia</u>, 898 F.2d 224, 227 (1st.
Cir. 1990); <u>Parratt v. Taylor</u>, 101 S.Ct. 1908 (1981); <u>Gomez v.
Toledo</u>, 446 U.S. 635 (1980); <u>Monroe v. Pape</u>, 365 U.S. 167 (1961).

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____


                              _____
                              UNITED STATES DISTRICT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 41**
<u>**Joint liability**</u>

Where two or more persons act together and cause a wrong to another, they incur a joint liability for the acts of each other. The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another. Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages. All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrong-doer, or ratify and adopt his acts for their benefit, are equally liable with him. Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even if it is a tacit one. If you find that defendant S acted jointly with other police officers in violating the law he is liable for the harm caused even though others may also be liable.

Authority:

    <u>Hall v. Ochs</u>, 817 F.2d 920 (1st. Cir. 1987); Prosser, <u>Law of Torts</u>, §46, 4th Ed., 1971, pp. 291-295.

GIVEN AS REQUESTED        _____

GIVEN AS MODIFIED        _____

REFUSED        _____

WITHDRAWN        _____

                            _____
                            UNITED STATES DISTRICT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 42**
<u>Hawaii Civil Rights Act</u>

In addition to his rights under Federal law, plaintiff also has a claim that his rights under the Hawaii Civil Rights Act were violated.  In order to establish liability on his State of Hawaii Civil Rights Claim (HCRC), plaintiff must prove that defendant State of Hawaii Department of Education and or any of the named Defendants discriminated against the Plaintiff and attempted to interfere, with his enjoyment of his Constitutional right to non-discriminatory employment, a secured right, and that this interference was accomplished by illegal means  Plaintiff alleges his right to be free from discrimination in applying for employment was violated by the defendants.

Authority:
Commonwealth v. Adams, 416 Mass 558, 624 N.E.2d 102 (1993);
Bally v. Northeastern University, 403 Mass. 713, 532 N.E.2d 49
(1989); Planned Parenthood League of Massachusetts v. Blake, 417
Mass. 467, 631 N.E.2d 985 (1994), cert. denied 115 S.Ct. 188;
Batchelder v. Allied Stores Corp., 393 Mass. 819, 823; Redgrave
v. Boston Symphony Orchestra, 399 Mass. 93, 99 (1987); Longval v.
Commissioner, 404 Mass. 325, 535 N.E.2d 588 (1989).


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____


                                    _____
                                    UNITED STATES DISTRICT JUDGE