

**ANDRÉ S. WOOTEN**
ATTORNEY & COUNSELOR AT LAW
CENTURY SQUARE, SUITE 1909
1188 BISHOP STREET.
HONOLULU, HAWAII 96813
TEL.: (808) 545-4165

March 20, 2007

Hon. J. Michael Seabright, Judge
United States District Court
Prince Kuhio Federal Court House
300 Ala Moana Boulevard
Honolulu, Hawaii   96813

    Re:   ROBERT SHEREZ vs. STATE OF HAWAII DEPARTMENT OF
            EDUCATION, et. al. Civil No. 04-00390 JMS-KSC

Dear Judge Seabright;

    I had an emergency dental appointment this morning, then plowed into research and drafting some briefs so I got a later start at the office , and did not receive your clerk's message until later this afternoon.

    Plaintiff's Memorandum in opposition to the Defendant's Motion In Limine No. 1, which seeks to bar the Plaintiff from introducing into evidence some of the scores of recommendations and commendations for his teaching work for the DOE over the years, that have been given to him by satisfied parents and pleased DOE principals, counselors and administrators, opposes the Defendant's Motion In Limine which argues that:

> It is anticipated that Plaintiff, at trial, may attempt to introduce character evidence tending to show that he is generally a good person, by numerous letters of appreciation concerning events not related to the relevant incidents of this case. This type of evidence of good character is clearly inadmissible because it has a great potential to arouse prejudice and confusion in the finder of fact.

    PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE DEFENDANT STATE, MEREDITH MAEDA AND SARA GRONNA'S MOTION In LIMINE NO. 2, Addresses the Defendant's Motion which seeks TO DISMISS MAEDA AND GRONNA AS INDIVIDUAL

H.R.S. 378 DEFENDANTS AT TRIAL, and the Defendant's Memorandum which argues:

> However, in this instance, Plaintiff's charge of discrimination and retaliation filed in August 2003, did not name either Defendants Maeda or Gronna as respondents. Moreover, the charge of discrimination and retaliation did not contain any allegations that either Defendants had aided, abetted others to cause the Plaintiff to suffer gender discrimination or retaliation. See Charge of Discrimination, dated August 5, 2003, attached hereto as Exhibit A.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE DEFENDANT STATE, MEREDITH MAEDA AND SARA GRONNA'S MOTION In LIMINE NO. 3, opposes the Defendant's Motion which seeks TO LIMIT THE DEFENDANT'S LIABILITY FOR INDIVIDUAL ACTS OF DISCRIMINATION IN H.R.S. 378 AND 42 U.S.C. 1981, 1983, 1985 AND 1986 AND STATE LIABILITY UNDER TITLE VII, TITLE IX AND H.R.S. 373 AT TRIAL, and the memorandum in Support which states at page 4, that Plaintiff should be unduly restricted in arguing the liability of the Defendants as follows.

> II. **DISCUSSION**
>
> Plaintiff will attempt to introduce evidence of his teaching skills while he taught the GED class at the McKinley Community School for Adults. In support of said evidence, Plaintiff intends to have several individuals who were students in his GED class testify at trial, although it is unclear as to which semester Plaintiff had these individuals as students in the GED class. The individuals listed as witnesses in Plaintiff's Witness List are the following: Pamela Chan-Gallagher, Keola Anderson, Ralphy Kesol, Chih Cha Yim, Susie H. Kang, Haruko Okamura, Jae E. Kang, Ronald Aloliho, Youn-chz Hu, Dagmar Suzuki, Robert Hart, Tom Bummel and Keola Nahalea.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE DEFENDANT STATE MOTION In LIMINE NO. 4, TO BAR RELEVANT TEACHING SKILLS OF PLAINTIFF FROM EVIDENCE AT TRIAL opposes the Defendant's Motion In Limine which seeks to bar the

Plaintiff from introducing into evidence some of the scores of successful but difficult and challenging Home and Hospital tutoring, Long Term Class room substitute teaching, earning of a doctorate degree and high scores on the PRAXIX National Teacher background knowledge Certificate exam results.   And recommendations and commendations for his teaching work for the DOE over the years, that have been given to him by satisfied parents and pleased DOE principals, counselors and administrators. The State's memorandum in Support of it's motion states at page 2

> It is anticipated that at trial, Plaintiff may attempt to introduce evidence that Defendants Maeda and Gronna, for purposes of his claim under 42 U.S.C. § 1983, somehow intentionally violated his rights when they, as employees of the Department of Education, enforced an official departmental policy.
>
> II.   DISCUSSION
>
> A.   Plaintiff Should Be Estopped From Introducing Any Evidence Inconsistent With His Postion That Defendants Maeda And Gronna Enforced An <u>Official Departmental Policy</u>

   PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE DEFENDANT STATE MOTION In LIMINE NO. 5, 6, 7 & 8, TO BAR RELEVANT TESTIMONY ON FACTS AND DAMAGES FROM EVIDENCE AT TRIAL oppose the Defendant's remaining Motions in Limine,
   The one which says on page 2

> It is anticipated that Plaintiff, at trial, may attempt to introduce opinions regarding purported emotional or mental injuries he suffered, allegedly resulting from the Plaintiff's belief that he was the victim of gender discrimination and retaliation.  This type of improper opinion evidence is inadmissible because it has the great potential to arouse prejudice and confusion in the finder of fact.

   As well as the Memorandum in Support of the Motion with states at page 2:

> It is anticipated that Plaintiff, at trial, may attempt to introduce evidence of other lawsuits or charges of discrimination involving the Defendants that would create unfair prejudice to the Defendants.

And Motion In Limine No. 7 whose Memorandum in Support of the Motion with states at page 2:

> It is anticipated that Plaintiff, at trial, may attempt to render legal conclusions concerning this case, based on his belief that he was the victim of gender discrimination and retaliation. This type of improper testimony evidence is inadmissible because it usurps the role of the trier of fact and has the potential to create confusion and unfair prejudice to the Defendants.

And Motion In Limine No.77 whose Memorandum in Support of the Motion with states at page 2:

> It is anticipated that at trial, Plaintiff may attempt to introduce evidence of the purported denial of employment as a "full-time classroom Special Education Teacher" when he had not pled this assertion in his charge.

I tried to answer the Motions In Limine in the order they were filed or listed in the court electronic file. Sorry for the confusion. I thought numbering them would help, that is what the numbers refer to. At least in my mind.

There is some cutting and pasting here because that seems to me to be the best way to quote the Defendant's Memorandum's to explain what I am responding to. The Motion's themselves to not say anything to me, as the arguments are in the memorandums, which is what I responded to.

Sincerely,

/S/ Andre' S. Wooten
Andre' S. Wooten
Attorney At Law

cc: Nelson Nabeta, Esq.