MARK J. BENNETT                 2672
Attorney General of Hawai`i

JAMES E. HALVORSON          5457

NELSON Y. NABETA              3004
Deputy Attorneys General
Department of the Attorney
  General, State of Hawai`i
235 S. Beretania Street, 15th Floor
Honolulu, Hawai`i  96813
Telephone:  (808) 587-2900
Facsimile:  (808) 587-2965

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| ROBERT SHEREZ, | CIVIL NO. 04-00390 JMS/KSC |
|---|---|
| Plaintiff, vs. STATE OF HAWAI`I, DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai`i Schools; MEREDITH MAEDA, Principal, Castle High School; SARA GRONNER or GRONNA, Vice Principal of Castle High School, Defendants. | DEFENDANTS' STATEMENT OF OBJECTION TO PLAINTIFF'S PROOF AND REQUEST FOR RECOVERY, IN THE FIRST CASE, AS TO THE DENIAL OF PART-TIME TEACHING WORK BEYOND THE END OF 2003; EXHIBIT "1"; CERTIFICATE OF SERVICE<br><br>Trial:<br>Date:       March 28, 2007<br>Time:      8:30 a.m.<br>Judge:     The Honorable<br>                J. MICHAEL SEABRIGHT |

<strong>DEFENDANTS' STATEMENT OF OBJECTION TO PLAINTIFF'S PROOF AND REQUEST FOR RECOVERY, IN THE FIRST CASE, AS TO THE DENIAL OF PART-TIME TEACHING WORK BEYOND THE END OF 2003</strong>

I.  BACKGROUND

On December 21, 2005, Plaintiff Robert Sherez ("Plaintiff") filed his Second Amended Complaint (hereinafter "the first case") against Defendants State of Hawai'i, Department of Education, Patricia Hamamoto, Sarah Gronna, and Meredith Maeda in Civil No. 04-00390 JMS-KSC. The first case is set for trial on March 28, 2007, before the Honorable J. Michael Seabright.

Later, on October 26, 2006, the Plaintiff filed a First Amended Complaint in Civil No. 06-00367 SPK-KSC (hereinafter "the second case"). The second case names the Defendants State of Hawaii, Hamamoto, Gronna and Maeda. The second case also names a number of other individual defendants. The second case is set for trial on November 27, 2007, before the Honorable Judge Samuel King. Discovery deadline is set for September 28, 2007. The motions deadline is set for June 27, 2007.

On November 2, 2006, Defendants moved this court for a consolidation of both cases. Based on the objection of the Plaintiff, this motion was denied.

According to the Plaintiff, the first case involves gender discrimination that commenced in the fall of 2002:

Clearly the original discrimination case commences with Defendants Maeda and Gronna's actions in the Fall of 2002 and Sanpei's actions in the spring of 2003.

Copy of Correspondence by Andre Wooten dated March 26, 2007, p.1, attached hereto as Exhibit 1.

Also, the Plaintiff claims that the first case involves claims of retaliation for denial of "part-time teaching" in 2004, 2005, 2006, and 2007.

However, since the denial of part-time teaching work started in 2002 and continues to this date, since those claims are clearly related to the original claims of denials of part-time work in 2004, 2005, 2006 and 2007 are continuations of the Retaliation begun in 2002 and 2003 by the Defendants.

Copy of Correspondence by Andre Wooten dated March 26, 2007, p.2, attached hereto as Exhibit 1.

However, the Plaintiff claims that the second case also covers the denial of part-time work in the same period of time. The Plaintiff apparently wishes to present proof of this denial of part-time work in both the first case and the second case and will request recovery for such denial of work in both cases.

Denial of part-time work in and after 2004 is also plead in the Retaliation complaint, the second complaint, and as such evidence goes to the motive, and pattern and practices of the Defendants, as well as to Mr. Sherez damages for the continued violation in 2004, 2005, 2006 and 2007, this evidence is relevant and proper in the second case.

Copy of Correspondence by Andre Wooten dated March 26, 2007, p.2, attached hereto as Exhibit 1.

## II. IN THE FIRST CASE, THE PLAINTIFF SHOULD NOT BE ALLOWED TO PRESENT EVIDENCE AND REQUEST RECOVERY AS TO THE DENIAL OF PART-TIME TEACHING WORK BEYOND THE END OF 2003.

In this case, it is apparent that the there is a danger that the defendants will be liable for damages twice, based on the same allegations of retaliation during the years 2004, 2005, 2006, and 2007, based on the claim that the Plaintiff was denied part-time teaching work in those years. Also, there is a degree of probability of inconsistent judgments, arising from the retaliation claim that the Plaintiff was denied part-time teaching work in those years, since the cases will be tried before different trial judges and different juries. Finally, Judge King, in the second case has allowed the parties in the second case, opportunities of discovery until the end of September 2007, and opportunities to file dispositive motions until the end of June 2007. Consequently, since the Plaintiff chose to file his second case and had opposed the motion for consolidation, the Plaintiff should not be allowed to present evidence and request recovery as to the denial of part-time teaching work beyond the end of 2003. This would prevent both the danger of double recovery and inconsistent judgments, arising from separate trials before different trial judges and different juries. Also, this would preserve the discovery rights and rights to file motions accorded to the parties by Judge King in the second case.

DATED: Honolulu, Hawai`i, March 27, 2007.

/s/ NELSON Y. NABETA
NELSON Y. NABETA
Deputy Attorney General

Attorney for Defendants