*EXHIBIT 1*

162336_1.DOC



# ANDRÉ S. WOOTEN
ATTORNEY & COUNSELOR AT LAW
CENTURY SQUARE, SUITE 1909
1188 BISHOP STREET.
HONOLULU, HAWAII 96813
TEL.: (808) 545-4165

March 26, 2007

OFFICE OF THE ATTORNEY GENERAL
MARK BENNETT, ESQ., Attorney General
NELSON NABETA, ESQ. Deputy Attorney General
235 Beretania Street, 15th Floor
Honolulu, Hawaii 96813

Re:  **ROBERT SHEREZ, vs. STATE OF HAWAII DEPARTMENT OF EDUCATION**
CIVIL NO. 04-00390 JMS-KSC

Dear Mr. Nabeta,

After reviewing the files, discussing the matter of the differences between the original discrimination case and the subsequently filed retaliation case with Mr. Sherez, here is the Plaintiff's position on the separation between and division of the causes of action and claims.

1. Clearly the original discrimination case commences with Defendants Maeda and Gronna's actions in the Fall of 2002 and Sanpei's actions in the Spring of 2003,

2. Then those defendants acts of retaliation continued and are still ongoing, with regard to continual denial of work by those defendants in those schools.

3. Then in the fall of 2003 Mr. Sherez applied for and was accepted to the RIES Program to attain certification as a certified full time "Special Education" teacher.

4. At that time the Defendant DOE and other Defendants in that case began to deny Mr. Sherez full time teaching work as well.

**It is clear then that denial of full-time teaching work is not a part of the complaint in the first case. So we will not introduce evidence about that separate matter or argue those facts.**

5. However, since the denial of part-time teaching work started in 2002 and continues to this date, since those claims are clearly related to the original claims of discrimination and Retaliation, we believe Plaintiff is within his rights to argue that the denials of part-time work in 2004, 2005, 2006 and 2007 are continuations of the Retaliation begun in 2002 and 2003 by the Defendants.

6. Denial of part-time work in and after 2004 is also plead in the Retaliation complaint, the second complaint, and as such evidence goes to the motive, and pattern and practices of the Defendants, as well as to Mr. Sherez damages for the continued violation in 2004, 2005 2006 and 2007, this evidence is relevant and proper in the second case.

Sincerely,

Andre' S. Wooten
Attorney At Law

cc: Judge J. Michael Seabright