MARK J. BENNETT           2672
Attorney General of Hawai`i

JAMES E. HALVORSON        5457
NELSON Y. NABETA          3004
CLAIRE W.S. CHINN         4495
Deputy Attorneys General
Department of the Attorney
  General, State of Hawai`i
235 S. Beretania Street, 15th Floor
Honolulu, Hawai`i  96813
Telephone:  (808) 587-2900
Facsimile:  (808) 587-2965
E-Mail: Nelson.Y.Nabeta@hawaii.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>        Plaintiff,<br>vs.<br><br>STATE OF HAWAI`I, DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai`i Schools, MEREDITH MAEDA, Principal, Castle High School; SARA GRONNER OR GRONNA, Vice Principal of Castle High School,<br><br>        Defendants. | Civil No. 04-00390 JMS-KSC<br><br>DEFENDANTS PROPOSED SPECIAL VERDICT FORM; CERTIFICATE OF SERVICE<br><br>Judge:  Honorable J. Michael Seabright<br>Trial:    March 28, 2007 |

230264_1.DOC

## DEFENDANTS PROPOSED SPECIAL VERDICT FORM

COMES NOW, Defendants STATE OF HAWAI`I, DEPARTMENT OF EDUCATION, and in their official capacities, PATRICIA HAMAMOTO, MEREDITH MAEDA AND SARAH GRONNA, and in their individual capacities, MEREDITH MAEDA and SARAH GRONNA, (referred to collectively as "Defendants" unless specifically referred to as "Defendant State of Hawai`i, Department of Education" or "Defendant Hamamoto" or "Defendant Maeda" or "Defendant Gronna"), by and through their undersigned attorneys, pursuant to this Court's Second Amended Rule 16 Scheduling Order filed on February 22, 2007, hereby submits the following proposed special verdict questions. Defendants request that the Court allow the jury to return only a special verdict on the attached Proposed Special Verdict Form.

DATED:   Honolulu, Hawai`i, March 27, 2007.

/s/ NELSON Y. NABETA
NELSON Y. NABETA
Deputy Attorney General

Attorney for Defendants

# SPECIAL VERDICT FORM

In order to understand what issues are being submitted to the jury, you should read the entire Special Verdict Form before proceeding to answer. The jury must answer all of the questions, unless otherwise indicated. Answer the questions in numerical order. Follow all directions carefully. Each answer requires the unanimous agreement of all jurors.

If you do not understand any question or if you wish to communicate with the Court on any matter, you must do so in writing through the Bailiff.

<u>Question No. 1</u> (Violation of Title IX, Gender Discrimination)

On the claim of Plaintiff Robert Sherez against Defendants State of Hawai`i, Department of Education, Patricia Hamamoto, Meredith Maeda and Sarah Gronna, in their official capacities, for violation of Title IX:

> <u>1A</u>   Do you find by a preponderance of the evidence that Defendants discriminated against Plaintiff Robert Sherez based solely on his sex?
>
>   YES _____                                                    NO _____

If you have answered Sub-Question No. 1A "Yes," proceed to Sub-Question No. 1B.

If you have answered Sub-Question No. 1A "No," proceed to Question No. 2.

 **1B** You are to answer this Sub-Question only if you answered "Yes" to Sub-Question No. 1A. Do not answer this Sub-Question if you answered "No" to Sub-Question No. 1A.

  Do you find by a preponderance of the evidence that Defendants' acts were the proximate or legal cause of damages sustained by Plaintiff Robert Sherez?

  YES _____            NO _____

 Please proceed to Question No. 2.

**Question No. 2** (Violation of Title IX, Deliberate Indifference)

 On the claim of Plaintiff Robert Sherez against Defendants State of Hawai`i, Department of Education, Patricia Hamamoto, Meredith Maeda and Sarah Gronna, in their official capacities, for violation of Title IX:

 **2A** Do you find by a preponderance of the evidence that Defendants had actual knowledge that Plaintiff Robert Sherez was being discriminated against based on his sex and responded or failed to respond to that knowledge with deliberate indifference?

  YES _____            NO _____

 If you have answered Sub-Question No. 2A "Yes," proceed to Sub-Question No. 2B.

If you have answered Sub-Question No. 2A "No," proceed to Question No. 3.

    <u>2B</u>    You are to answer this Sub-Question only if you answered "Yes" to Sub-Question No. 2A. Do not answer this Sub-Question if you answered "No" to Sub-Question No. 2A.

Do you find by a preponderance of the evidence that Defendants' acts were the proximate or legal cause of damages sustained by Plaintiff Robert Sherez?

    YES \_\_\_\_                      NO \_\_\_\_

Please proceed to Question No. 3.

<u>Question No. 3</u> (Violation of Title VII, Gender Discrimination)

On the claim of Plaintiff Robert Sherez against Defendants State of Hawai`i, Department of Education, Patricia Hamamoto, Meredith Maeda and Sarah Gronna, in their official capacities, for violation of Title VII:

    <u>3A</u>    Do you find by a preponderance of the evidence that Defendants had actual knowledge that Plaintiff Robert Sherez was being discriminated against based solely on his sex?

    YES \_\_\_\_                      NO \_\_\_\_

If you have answered Sub-Question No. 3A "Yes," proceed to Sub-Question No. 3B.

If you have answered Sub-Question No. 3A "No," proceed to Question No. 4.

    3B    You are to answer this Sub-Question only if you answered "Yes" to Sub-Question No. 3A. Do not answer this Sub-Question if you answered "No" to Sub-Question No. 3A.

        Do you find by a preponderance of the evidence that Defendants' acts were the proximate or legal cause of damages sustained by Plaintiff Robert Sherez?

        YES \_\_\_\_                          NO \_\_\_\_

Please proceed to Question No. 4.

Question No. 4 (Violation of Title VII, Retaliation)

On the claim of Plaintiff Robert Sherez against Defendants State of Hawai`i, Department of Education, Patricia Hamamoto, Meredith Maeda and Sarah Gronna, in their official capacities, for violation of Title VII:

    4A    Do you find by a preponderance of the evidence that Defendants retaliated against Plaintiff Robert Sherez because he previously complained of sex discrimination?

        YES \_\_\_\_                          NO \_\_\_\_

If you have answered Sub-Question No. 4A "Yes," proceed to Sub-Question No. 4B.

If you have answered Sub-Question No. 4A "No," proceed to Question No. 4.

    4<u>B</u>    You are to answer this Sub-Question only if you answered "Yes" to Sub-Question No. 4A. Do not answer this Sub-Question if you answered "No" to Sub-Question No. 4A.

Do you find by a preponderance of the evidence that Defendants' acts were the proximate or legal cause of damages sustained by Plaintiff Robert Sherez?

    YES \_\_\_\_                              NO \_\_\_\_

Please proceed to Question No. 5.

Question No. 5 (Violation of Chapter 378, H.R.S.)

On the claim of Plaintiff Robert Sherez against Defendant Meredith Maeda for violation of Chapter 378, H.R.S.:

    <u>5A</u>    Do you find by a preponderance of the evidence that Defendant Meredith Maeda, in his individual capacity, aided or abetted in the furtherance of a discriminatory practice against Plaintiff Robert Sherez?

    YES \_\_\_\_                              NO \_\_\_\_

If you have answered Sub-Question No. 5A "Yes," proceed to Sub-Question No. 5B.

If you have answered Sub-Question No. 5A "No," proceed to Question No. 6.

    5B    You are to answer this Sub-Question only if you answered "Yes" to Sub-Question No. 5A. Do not answer this Sub-Question if you answered "No" to Sub-Question No. 5A.

        Do you find by a preponderance of the evidence that Defendant Meredith Maeda's acts were the proximate or legal cause of damages sustained by Plaintiff Robert Sherez?

        YES \_\_\_\_        NO \_\_\_\_

If you have answered Sub-Question No.51B "Yes," proceed to Sub-Question No. 5C.

If you have answered Sub-Question No. 5B "No," proceed to Question No. 6.

    5C    You are to answer this Sub-Question only if you answered "Yes" to Sub-Question No. 5B. Do not answer this Sub-Question if you left to Sub-Question No. 5B blank or answered it "No."

        Do you find by clear and convincing evidence that at the time Defendant Meredith Maeda committed the acts, he was motivated by malice and not by an otherwise proper purpose?

        YES \_\_\_\_        NO \_\_\_\_

Please proceed to Question No. 6.

Question No. 6 (Violation of Chapter 378, H.R.S.)

On the claim of Plaintiff Robert Sherez against Defendant Sarah Gronna for violation of Chapter 378, H.R.S.:

> 6A  Do you find by a preponderance of the evidence that Defendant Sarah Gronna, in her individual capacity, aided or abetted in the furtherance of a discriminatory practice against Plaintiff Robert Sherez?
>
> YES _____                                                                 NO _____

If you have answered Sub-Question No. 6A "Yes," proceed to Sub-Question No. 6B.

If you have answered Sub-Question No. 6A "No," proceed to Question No.7.

> 6B  You are to answer this Sub-Question only if you answered "yes" to Sub-Question No. 6A. Do not answer this Sub-Question if you answered "No" to Sub-Question No. 6A.
>
> Do you find by a preponderance of the evidence that Defendant Sarah Gronna's acts were the proximate or legal cause of damages sustained by Plaintiff Robert Sherez?
>
> YES _____                                                                 NO _____

If you have answered Sub-Question No. 6B "Yes," proceed to Sub-Question No. 6C.

If you have answered Sub-Question No. 6B "No," proceed to Question No. 7.

 6C You are to answer this Sub-Question only if you answered "Yes" to Sub-Question No. 6B. Do not answer this Sub-Question if you left to Sub-Question No. 6B blank or answered it "No."

  Do you find by clear and convincing evidence that at the time Defendant Sarah Gronna committed the acts, she was motivated by malice and not by an otherwise proper purpose?

  YES \_\_\_\_            NO \_\_\_\_

Please proceed to Question No. 7.

Question No. 7 (Violation of 42 U.S.C. § 1983)

On the claim of Plaintiff Robert Sherez against Defendant Meredith Maeda for violation of 42 U.S.C. § 1983:

 7A Do you find by a preponderance of the evidence that Defendant Meredith Maeda, in his individual capacity, intentionally committed acts under color of state law, and that these acts were deliberately indifferent to the federally protected rights of Plaintiff Robert Sherez?

  YES \_\_\_\_            NO \_\_\_\_

If you have answered Sub-Question No. 7A "Yes," proceed to Sub-Question No. 7B.

If you have answered Sub-Question No. 7A "No," proceed to Question No. 8.

    <u>7B</u>    You are to answer this Sub-Question only if you answered "yes" to Sub-Question No. 7A. Do not answer this Sub-Question if you answered "No" to Sub-Question No. 7A.

Do you find by a preponderance of the evidence that Defendant Meredith Maeda's acts were the proximate or legal cause of damages sustained by Plaintiff Robert Sherez?

    YES \_\_\_\_                                            NO \_\_\_\_

If you have answered Sub-Question No. 7B "Yes," proceed to Sub-Question No. 7C.

If you have answered Sub-Question No. 7B "No," proceed to Question No. 8.

    <u>7C</u>    You are to answer this Sub-Question only if you answered "Yes" to Sub-Question No. 7B. Do not answer this Sub-Question if you left to Sub-Question No. 7B blank or answered it "No."

Do you find by clear and convincing evidence that at the time Defendant Meredith Maeda committed the acts, he was motivated by

malice and not by an otherwise proper purpose?

YES _____                                                          NO _____

Please proceed to Question No. 8.

Question No. 8(Violation of 42 U.S.C. § 1983)

On the claim of Plaintiff Robert Sherez against Defendant Sarah Gronna for violation of 42 U.S.C. § 1983:

> 8A   Do you find by a preponderance of the evidence that Defendant Sarah Gronna, in her individual capacity, intentionally committed acts under color of state law, and that these acts were deliberately indifferent to the federally protected rights of Plaintiff Robert Sherez?
>
> YES _____                                                     NO _____

If you have answered Sub-Question No. 8A "Yes," proceed to Sub-Question No. 8B.

If you have answered Sub-Question No. 8A "No," proceed to Question No. 9.

> 8B   You are to answer this Sub-Question only if you answered "yes" to Sub-Question No. 8A.  Do not answer this Sub-Question if you answered "No" to Sub-Question No. 8A.
>
> Do you find by a preponderance of the evidence that Defendant Sarah Gronna's acts were the proximate or legal cause of damages

sustained by Plaintiff Robert Sherez?

YES _____                                                    NO _____

If you have answered Sub-Question No. 8B "Yes," proceed to Sub-Question No. 8C.

If you have answered Sub-Question No. 8B "No," proceed to Question No. 9.

<u>8C</u>     You are to answer this Sub-Question only if you answered "Yes" to Sub-Question No. 8B. Do not answer this Sub-Question if you left to Sub-Question No. 8B blank or answered it "No."

Do you find by clear and convincing evidence that at the time Defendant Sarah Gronna committed the acts, she was motivated by malice and not by an otherwise proper purpose?

YES _____                                                    NO _____

Please proceed to Question No. 9.

<u>Question No. 9</u> (Compensatory Damages – Title IX, Title VII, Chapter 378, 42 U.S.C. § 1983)

You are to answer this Question only if you answered "Yes" to Sub-Question No. 1B, or if you answered "Yes" to any of Sub-Questions No. 2B, No. 3B, No. 4B, No. 5C, No. 6C, No. 7C or No. 8C. Do not answer this Question if you left Sub-Question No. 1B blank or answered it "No," and also left Sub-

Questions No. 2B, No. 3B, No. 4B, No. 5C, No. 6C, No. 7C or No. 8C blank or answered them "No," but instead proceed to Question No. 10.

Taking into consideration the duty of Plaintiff Robert Sherez to exercise reasonable efforts to mitigate damages, what are Plaintiff Robert Sherez' total damages as established by a preponderance of the evidence?

| | |
|---|---|
| Pain and suffering, mental and emotional distress to the present time | $_____ |
| Future pain and suffering, mental and emotional distress | $_____ |
| Past lost earnings | $_____ |
| Future lost earnings | $_____ |

Please proceed to Question No. 10.

Question No. 10 (State Punitive Damages)

You are to answer this Question only if you answered "Yes" to Sub-Question No. 5C. Do not answer this Question if you left Sub-Question No. 5C blank or answered it "No," but instead proceed to Question No. 11.

Do you find by clear and convincing evidence that (1) Defendant Meredith Maeda acted intentionally, willfully or wantonly, and (2) that punitive damages should be assessed against the defendant?

YES ____          NO ____

Please proceed to Question No. 11.

Question No. 11 (State Punitive Damages)

You are to answer this Question only if you answered "Yes" to Sub-Question No. 6C. Do not answer this Question if you left Sub-Question No. 6C blank or answered it "No," but instead proceed to Question No. 12.

Do you find by clear and convincing evidence that (1) Defendant Sarah Gronna acted intentionally, willfully or wantonly, and (2) that punitive damages should be assessed against the defendant?

YES ____     NO ____

Please proceed to Question No. 12

Question No. 12 (Federal Punitive Damages)

You are to answer this question only if you answered "Yes" to Sub-Question No. 7C. Do not answer this question if you left Sub-Question No. 7C blank or answered it "No."

Do you find by a preponderance of the evidence that (1) Defendant Meredith Maeda acted with malice or with reckless indifference to Plaintiff Robert Sherez' federally protected rights and (2) that punitive damages should be assessed against the defendant?

YES ____     NO ____

Please proceed to Question No. 13

Question No. 13 (Federal Punitive Damages)

You are to answer this question only if you answered "Yes" to Sub-Question No. 8C. Do not answer this question if you left Sub-Question No. 8C blank or answered it "No."

Do you find by a preponderance of the evidence that (1) Defendant Sarah Gronna acted with malice or with reckless indifference to Plaintiff Robert Sherez' federally protected rights and (2) that punitive damages should be assessed against the defendant?

YES \_\_\_\_    NO \_\_\_\_

Please proceed to Question No. 14

Question No. 14 (Punitive Damages Amount)

You are to answer this Question only if you answered "Yes" to Question No. 10 or No. 12. Do not answer this Question if you left both Question No. 10 and No. 12 blank or answered both of them "No" or left one blank and answered the other "No," but instead sign and date this document and call the bailiff.

You may consider the relationship of any award of punitive damages to any actual injuries, physical and/or mental and/or emotional that were legally caused as a result of the conduct of Defendant Meredith Maeda, in his individual capacity, Plaintiff Robert Sherez' duty to exercise reasonable efforts to mitigate damages

and Defendant Maeda's financial condition in determining the reasonable amount required to fulfill the purposes of punitive damages.

What amount of punitive damages would you award Plaintiff Robert Sherez?

$_____

Question No. 15 (Punitive Damages Amount)

You are to answer this Question only if you answered "Yes" to Question No. 11 or No. 13.  Do not answer this Question if you left both Question No. 11 and No. 13 blank or answered both of them "No" or left one blank and answered the other "No," but instead sign and date this document and call the bailiff.

You may consider the relationship of any award of punitive damages to any actual injuries, physical and/or mental and/or emotional that were legally caused as a result of the conduct of Defendant Sarah Gronna, in her individual capacity, Plaintiff Robert Sherez' duty to exercise reasonable efforts to mitigate damages and Defendant Gronna's financial condition in determining the reasonable amount required to fulfill the purposes of punitive damages.

What amount of punitive damages would you award Plaintiff Robert Sherez?

$_____

Please sign and date the Verdict Form and call the Bailiff.

DATED:   Honolulu, Hawai`i, _____

_____
Foreperson