MARK J. BENNETT    2672
Attorney General of Hawaii

JAMES E. HALVORSON    5457
NELSON Y. NABETA    3004
CLAIRE W.S. CHINN    4495
Deputy Attorneys General
Department of the Attorney
  General, State of Hawai`i
235 S. Beretania Street, 15th Floor
Honolulu, Hawai`i  96813
Telephone: (808) 587-2900
Facsimile:  (808) 587-2965
E-Mail: Nelson.Y.Nabeta@hawaii.gov

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF HAWAI'I, DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawaii Schools; MEREDITH MAEDA, Principal, Castle High School; SARAH GRONNER OR GRONNA, Vice Principal of Castle High School,<br><br>        Defendants. | CIVIL NO. 04-00390 JMS/KSC<br><br>DEFENDANTS' PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS; CERTIFICATE OF SERVICE<br><br><br><br>Trial Date:  March 28, 2007<br>Judge:      Hon. J. Michael Seabright |

<u>DEFENDANTS' PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS</u>

COME NOW, Defendants STATE OF HAWAI'I, DEPARTMENT OF

EDUCATION, PATRICIA HAMAMOTO in her official capacity,

MEREDITH MAEDA in his individual and official capacity, and SARAH

GRONNA in her individual and official capacity (hereinafter referred to

collectively as "Defendants"), by and through their undersigned attorneys,

pursuant to the Court's Rule 16 Scheduling Order, Rule 16, Federal Rules of

Civil Procedure, and Rule 51.1, Local Rules of Practice for the United States

District Court for the District of Hawai'i, hereby submit their proposed

supplemental jury instructions, consisting of substantive instructions and

supporting authority.

Defendants request that the Court utilize the attached instructions for

the trial scheduled to begin on March 28, 2007, before the Honorable J.

Michael Seabright.

DATED:  Honolulu, Hawai'i, March 27, 2007.

/s/ NELSON Y. NABETA
NELSON Y. NABETA
Deputy Attorney General

## PROPOSED SUPPLEMENTAL INSTRUCTION NO. 1

The Plaintiff has brought a claim of employment discrimination against the Department of Education. The Plaintiff claims that his sex was the sole reason for the Department of Education's decision to take an adverse employment action against him.

The Department of Education denies that Plaintiff's sex was the sole reason for its actions and claims its decision was based upon lawful reasons.

The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.    The plaintiff suffered an adverse employment action caused by the defendant; and
2.    Such action was solely because of the plaintiff's sex.

In this case, the Plaintiff alleges that he was subjected to an adverse employment action in 2003, when the Department of Education enforced an existing departmental policy that prevented all male tutors from teaching female students in the Home Hospital Instructional Program in the Windward and Honolulu Districts. The Plaintiff alleges the reason the Department of Education enforced the policy was solely because of his sex.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

---

Model Jury Instruction 12.1A and B

PROPOSED SUPPLEMENTAL INSTRUCTION NO. 2

The Plaintiff has brought a claim of employment discrimination against the Department of Education.  The Plaintiff claims the Department of Education, through the actions of Meredith Maeda and Sarah Gronna, responded to his complaints of sex discrimination with deliberate indifference.

The Department of Education denies that Meredith Maeda and Sarah Gronna responded to Plaintiff's complaints with deliberate indifference.

The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. The Department of Education had actual knowledge that Plaintiff was being discriminated because of his sex; and
2. The Department of Education responded to that knowledge with deliberate indifference.

In this case, the Plaintiff alleges that he was subjected to an adverse employment action in 2003, when the Department of Education enforced an existing departmental policy that prevented all male tutors from teaching female students in the Home Hospital Instructional Program in the Windward and Honolulu Districts, solely because of his sex.  The Plaintiff alleges that upon informing the Department of Education through Meredith Maeda and Sarah Gronna, regarding the enforcement of this departmental policy, they responded with deliberate indifference.

If you find that the plaintiff has proved both of these elements, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove either of these elements, your verdict should be for the Department of Education.

---

Reese v. Jefferson School District No. 14J, 208 F.3d 736, 740 (9th Cir. 2001), citing Davis v. Monroe County Board of Education, 526 U.S. 629, 119 S.Ct. 1661, 143 L.Ed2d 839 (1999).

## PROPOSED SUPPLEMENTAL INSTRUCTION NO. 3

The Plaintiff has brought a claim of employment discrimination against the Department of Education. The Plaintiff claims that his sex was the sole reason for the Department of Education's decision to take an adverse employment action against him.

The Department of Education denies that Plaintiff's sex was the sole reason for its actions and claims its decision was based upon lawful reasons.

The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. The Plaintiff suffered an adverse employment action caused by the Department of Education; and
2. The Plaintiff's sex was the sole reason in the Department of Education's decision to take the adverse employment action.

In this case, the Plaintiff alleges that he was subjected to an adverse employment action in 2003, when the Department of Education enforced an existing departmental policy that prevented all male tutors from teaching female students in the Home Hospital Instructional Program in the Windward and Honolulu Districts. The Plaintiff alleges that his sex was the sole reason for the Department of Education to enforce the policy.

If you find that the plaintiff has proved both of these elements, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove either of these elements, your verdict should be for the Department of Education.

---

Model Jury Instruction 12.1A and B

PROPOSED SUPPLEMENTAL INSTRUCTION NO. 4

The Plaintiff seeks damages against the Department of Education for retaliation. The Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.    The Plaintiff engaged in or was engaging in an activity protected under federal law, and

2.    The Department of Education, as his employer, subjected the Plaintiff to an adverse employment action, and

3.    The protected activity was a substantial or motivating factor in the adverse employment action.

In this case, the Plaintiff alleges that he was terminated from a part-time teaching position at the McKinley Community School for Adults. The Plaintiff alleges that the termination occurred because he had earlier complained to Meredith Maeda and Sarah Gronna concerning the existing departmental policy that prevented all male tutors from teaching female students and that the enforcement of this policy was due to his sex.

If you find that each of the elements on which the Plaintiff has the burden of proof has been proved, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any one of these elements, your verdict should be for the Department of Education.

---

Model Jury Instruction Ninth Circuit, 12.3A

PROPOSED SUPPLEMENTAL INSTRUCTION NO. 5

An employer's action is an adverse employment action if it is materially adverse to the employee. However, not all actions taken by an employer are materially adverse to an employee. For an action to be materially adverse, the effect on the employee must be more disruptive than mere inconvenience or an alteration of job responsibilities or result in feelings of unhappiness or dissatisfaction. A materially adverse employment action must be such that that would dissuade a reasonable worker from making or supporting a charge of discrimination.

---

Crady v. Liberty Nat'l Bank & Trust Co., 993 F.2d 132, 136 (7th Cir.1993); Kipnis v. Baram, 949 F.Supp. 618, 624 (N.D.Ill.,1996); Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir.1996); Burlington Northern & Santa Fe Railway Co. v. White, 126 S.Ct. 2405 (2006).

PROPOSED SUPPLEMENTAL INSTRUCTION NO. 6

Where a substantial amount of time had passed between the claimed

protected activity and the adverse employment action, there is less likely to exist a

connection between the two events.  Absent evidence demonstrating a connection

between the two events, where more than six months had passed between claimed

protected activity and the adverse employment action, the protected activity would

not be a substantial motivating factor of the adverse employment action.

---

Leslie v. Mobile Transit Authority, 963 F.Supp. 1142 (S.D.Ala. 1997); Valdez v. Mercy Hospital, 961 F.2d 1401, 1403 (8th Cir. 1992); In Balletti v. Sun-Sentinel Co., 909 F.Supp. 1539, 1549 (S.D.Fla. 1995)

PROPOSED SUPPLEMENTAL INSTRUCTION NO. 7

You may not return a verdict for Plaintiff just because you might disagree with the Department of Education's enforcement of an existing departmental policy that prevented Plaintiff from tutoring female students in the Home Hospital Instructional Program in the Honolulu and Windward Districts believe that such a policy was harsh or unreasonable.

---

Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981) ("The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose [the employer] to Title VII liability. . . .").

## PROPOSED SUPPLEMENTAL INSTRUCTION NO. 8

You may not return a verdict for Plaintiff just because you might disagree with the Department of Education's decision not to offer Plaintiff further employment as a GED teacher at McKinley School for Adults or believe that such a decision was harsh or unreasonable.

---

Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981) ("The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose [the employer] to Title VII liability. . . .").

PROPOSED SUPPLEMENTAL INSTRUCTION NO. 9

An employer, such as the Department of Education, is entitled to make its own policy decisions that may affect its employees. Therefore, the Department of Education can decide how to assign tutors for the Home Hospital Instructional Program and can decide whether or not to rehire Plaintiff as a GED teacher at McKinley School for Adults, however misguided that may appear to you. Consequently, you should not return a verdict just because you may disagree with the Department of Education's stated reasons or you believe that the decision was harsh or unreasonable, as long as Department of Education would have made the same decision regardless of the Plaintiff's sex.

---

Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981) ("The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose [the employer] to Title VII liability. . . .").

PROPOSED SUPPLEMENTAL INSTRUCTION NO. 10

The defense of qualified immunity protects governmental officials, when acting in the performance of their public duty from liability for civil damages to the extent that the privilege is not abused and thereby lost. Even if the official exercised his or her judgment in error, the official is protected by qualified immunity if done in the performance of his or her public duty. In order for an official to enjoy the protections of a privilege, it is essential that Plaintiff allege and prove that the official had been motivated by malice and by an improper purpose.

If an official is enforcing an official policy, the official is entitled to immunity and is therefore, not subject to individual liability.

Towse v. State, 64 Haw. 624, 631, 647 P.2d 696, 702 (1982); Runnels v. Okamoto, 56 Haw. 1, 4-5, 525 P.2d 1125, 1128 (1974); Medeiros v. Kondo, 55 Haw. 499, 504-05, 522 P.2d 1269, 1272 (1974); Watson by Hanson v. Metropolitan Transit Com'n, 553 N.W.2d 406, 412-413 (1996).

PROPOSED SUPPLEMENTAL INSTRUCTION NO. 11

Acts are done under "color of state law" not only when state officials act within the bounds or limits of their lawful authority, but also when such officers act without and beyond the bounds of their lawful authority.  In order for unlawful acts of an official to be done "under color of any law," the unlawful acts must be done while the official is purporting or pretending to act in the performance of his or her official duties; that is to say, the unlawful acts must consist of an abuse or misuse of power which is possessed by the official only because he or she is an official; and the unlawful acts must be of such a nature, and be committed under such circumstances, that they would not have occurred but for the fact that the person committing them was an official, purporting to exercise his or her official powers.

---

Banisaied v. Clisham, 992 F. Supp. 128, 130 (D. Conn. 1998).

PROPOSED SUPPLEMENTAL INSTRUCTION NO. 12

The defense of qualified immunity protects governmental officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have know.  Therefore, regardless of whether the constitutional violation occurred, the official should prevail if the right asserted by the plaintiff was not clearly established, or the official could have reasonably believed that his or her particular conduct was lawful.

The defense of qualified immunity allows for mistaken judgments and protects all but the plainly incompetent, or those who knowingly violate the law.

This accommodation for reasonable error exists because officials should not err always on the side of caution because they fear being sued.

The central purpose of affording public officials qualified immunity is to protect them from undue interference with their duties and from potential disability threats of liability.

If an official is enforcing an official policy, the official is entitled to immunity and is therefore, not subject to individual liability.

---

Mukaida v. Hawaii, 159 F.Supp.2d 1211, 1237 (D. Haw. 2001); Bluitt v. Houston Independent School District, 236 F. Supp. 2d 703, 720 (S.D. Tex. 2002); McGrath v. Scott, 250 F.Supp.2d 1218, 1223-1224 (D. Ariz. 2003).

PROPOSED SUPPLEMENTAL INSTRUCTION NO. 13

If you find either the DEPARTMENT OF EDUCATION or MEREDITH MAEDA or SARAH GRONNA is liable to Plaintiff, Plaintiff is entitled to recover damages in an amount which will reasonably compensate him for the loss and injury suffered as a result of the unlawful conduct. You must not award compensatory damages more than once for the same injury. For example, if Plaintiff prevails on two claims and establishes a dollar amount for his injuries, you must not award him additional compensatory damages on each claim. Plaintiff is only entitled to be made whole once and may not recover more than he has lost. Of course, if different injuries are attributed to separate claims, then you must compensate Plaintiff fully for all of his injuries. With respect to punitive damages, you may make separate awards on each claim that Plaintiff has established.

If you find that the DEPARTMENT OF EDUCATION or MEREDITH MAEDA or SARAH GRONNA are liable to Plaintiff then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole – that is, to compensate Plaintiff for the damage that Plaintiff has suffered. If Plaintiff wins, he is entitled to compensatory damages for the pain and suffering, and mental anguish, shock and discomfort, and past lost earnings that he

has suffered because of the DEPARTMENT OF EDUCATION or MEREDITH

MAEDA or SARAH GRONNA'S conduct.

You may award compensatory damages only for injuries that Plaintiff

proves were proximately caused by the DEPARTMENT OF EDUCATION'S or

MEREDITH MAEDA'S or SARAH GRONNA'S allegedly wrongful conduct.

The damages that you award must be fair compensation for all of Plaintiff's

damages, no more and no less. Damages are not allowed as punishment and

cannot be imposed or increased to penalize the DEPARTMENT OF EDUCATION

or MEREDITH MAEDA or SARAH GRONNA. You should not award

compensatory damages for speculative injuries, but only for those injuries which

Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the

future.

If you decide to award compensatory damages, you should be guided by

dispassionate common sense. Computing damages may be difficult, but you must

not let that difficulty lead you to engage in arbitrary guesswork. On the other

hand, the law does not require that Plaintiff prove the amount of his losses with

mathematical precision, but only with as much definiteness and accuracy as the

circumstances permit.

---

McNamara & Southerland, *Federal Employment Jury Instructions*, §§ 1:1230 and
1:1240 (2002).

## PROPOSED SUPPLEMENTAL INSTRUCTION NO. 14

If you find for Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the Plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The Plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, or in reckless disregard of the Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the Plaintiff's rights under federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of responsibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the Plaintiff.

Punitive damages may not be awarded against the DEPARTMENT OF

EDUCATION.  You may impose punitive damages against MEREDITH MAEDA

or SARAH GRONNA, and may award different amounts against different

defendants.

.

_____

Model Jury Instruction Ninth Circuit, 7.5

PROPOSED SUPPLEMENTAL INSTRUCTION NO. 15

The law which applies to this case authorizes an award of nominal damages. If you find for the Plaintiff but you find that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

_____

Model Jury Instruction Ninth Circuit, 7.6