```
LAW OFFICES OF ANDRÉ S. WOOTEN
Attorney and Counselor at Law

ANDRÉ S. WOOTEN          3887
Century Square,    Suite 1909
1188 Bishop Street
Honolulu, Hawai`i        96813
Telephone No.: (808) 545-4165

Attorney for Plaintiff
ROBERT SHEREZ
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF Hawai`i

| | |
|---|---|
| ROBERT SHEREZ, ) | CIVIL NO.    04-00390 JMS-KSC |
| ) | |
| Plaintiff, ) | PLAINTIFF'S SPECIAL VERDICT FORM |
| ) | |
| vs. ) | |
| ) | |
| STATE OF HAWAII DEPARTMENT OF ) | |
| EDUCATION; PATRICIA HAMAMOTO, ) | |
| Superintendent of Hawaii ) | |
| Schools, MEREDETH MAEDA, ) | Date of Hearing:   March 22, |
| Principal, Castle High School; ) | 2007 |
| SARA GRONNER OR GRONNA, Vice ) | Time: 9:00 AM |
| Principal of Castle High ) | Judge: Hon.  J. Michael |
| School. ) | Seabright |
| Defendants. ) | |
| ) | |
| ) | |
| ) | Trial Date: March 28, 2007 |
| _____ ) | CERTIFICATE OF SERVICE |

**<u>PLAINTIFF'S SPECIAL VERDICT FORM</u>**

Comes Now the Plaintiff, ROBERT SHEREZ, by and through his attorney, Andre' Wooten, hereby files this Plaintiff's Special Verdict form for the trial of this case.

## VERDICT INTERROGATORY NO. 1

Do you find, more likely than not, that The Defendants discriminated against Plaintiff Sherez on the basis of his male gender in assignments of tutoring and part-time teaching jobs at Castle High School?

_____*

*Print "Yes" or "No" according to your findings.

Each Juror Must Sign Below:

_____    _____

_____    _____

_____    _____

_____    _____

**VERDICT INTERROGATORY NO. 2**

Do you find, more likely than not, that ROBERT SHEREZ was discriminated against on the basis of his male gender in assignments of tutoring and part-time teaching jobs at Castle High School, by Sarah Gronna, which denied him a fair opportunity for employment?

_____*

*Print "Yes" or "No" according to your findings.

Each Juror Must Sign Below:

_____        _____

_____        _____

_____        _____

_____        _____

**VERDICT INTERROGATORY NO. 3**

Do you find, more likely than not, that Defendant D.O.E employees retaliated against ROBERT SHEREZ because he filed a charge with the EEOC or because he opposed or protested gender discrimination by Castle High School staff and or the D.O.E.?

_____*

*Print "Yes" or "No" according to your findings.

Each Juror Must Sign Below:

_____    _____

_____    _____

_____    _____

_____    _____

**VERDICT INTERROGATORY NO. 4**

If your Answer to Verdict Interrogatory No. 2 is Yes, calculate ROBERT SHEREZ lost wages, including lost raises, and fringe benefits, together with interest, to the date of this Verdict.

Amount $_____.\_\_

Each Juror Must Sign Below:

_____     _____

_____     _____

_____     _____

_____     _____

**VERDICT INTERROGATORY NO. 4**

If you calculated Mr. SHEREZ lost wages and benefits in Answer to Verdict Interrogatory No. 2, then answer this Interrogatory. Did the Defendant prove that Mr. SHEREZ unreasonably rejected offers of like-kind employment made to him or failed to exercise reasonable care in seeking like-kind employment actually available to him?

_____*

*Print "Yes" or "No" according to your findings.

Each Juror Must Sign Below:

_____    _____

_____    _____

_____    _____

_____    _____

## VERDICT INTERROGATORY NO. 5

If you Answered Yes to Verdict Interrogatory No. 4, then answer this Interrogatory.

Calculate the amount of wage Defendant proved that Mr. SHEREZ would have earned from the other like-kind job or jobs he did not seek or accept.

Amount $_____.__

Each Juror Must Sign Below:

_____    _____

_____    _____

_____    _____

_____    _____

**VERDICT INTERROGATORY NO. 6**

If your Answer to Verdict Interrogatory No. 3 is Yes, calculate Mr. SHEREZ damages in an amount that will fairly and justly compensate them for losses sustained as a result of his having complained about gender discrimination in his employment as a Home Hospital Tutor at Castle Highs School and the D.O. E and denial of employment at the McKinley School for Adults.

In determining these damages, you should also consider any expenses (out of pocket items), mental pain and suffering, fright, nervousness, indignity, humiliation, damage to professional reputation, embarrassment and insult to which Mr. SHEREZ is found by you to have been subjected and which was a result of the Defendant's conduct as it relates to the issue of economic deprivation and retaliation for having lodged a complaint about gender discrimination in employment within the Hawaii Department of Education, retaliation (if you have answered Yes to Verdict Interrogatory No. 3).

Amount to Compensate Mr. Sherez' expenses: $_____;

Amount for Mr. Sherez' suffering, humiliation, embarrassment: $_____;

Each Juror Must Sign Below:

_____   _____

_____   _____

_____   _____

_____   _____

**VERDICT INTERROGATORY NO. 7**

Determine the amount of Mr. Sherez's front pay to put him in the same position he would have occupied had he continued to be employed by the Department of Education as a part-time teacher in a variety of schools at the same rate as his 2001 and 2002 compensation.  Be sure to include any raises he would most likely receive and enter the total amount below.

Amount $_____.__ per year.

Each Juror Must Sign Below:

_____        _____

_____        _____

_____        _____

_____        _____

**VERDICT INTERROGATORY NO. 8**

If your Answer to Verdict Interrogatory Nos. 1, 2, 3 any or all of them, is Yes, answer this Interrogatory.

Did Defendants Maeda, Gronna or Sanpei discriminate or retaliate with intent or malice or in reckless indifference to the rights of Mr. Sherez to be free from such discrimination in employment?

If so, calculate an additional amount of damages to punish Maeda, Gronna or Sanpei and to deter Those Defendants and other State of Hawaii Department of Education employees, and by example, other employers from future wrongdoing.

Amount $_____.__

Each Juror Must Sign Below:

_____    _____

_____    _____

_____    _____

_____    _____

## VERDICT INTERROGATORY NO. 9

If you have entered amounts in Answer to Verdict Interrogatory Nos. 6 or 8, or both of them, is Yes, answer this Interrogatory.

Has defendant State of Hawaii Department of Education proven, more likely than not, that it had less than 501 employees in at least 33 weeks in each of 1992, 1993, 1995 and 1996?  If not, check the "501 or more employees" box on the verdict form next to each of the years so proven by defendant;

501 or more employees_____* 1999

501 or more employees_____* 2000

501 or more employees_____* 2002


*Print "Yes" or "No" according to your findings.

Each Juror Must Sign Below:

_____    _____
_____    _____
_____    _____
_____    _____

**VERDICT INTERROGATORY NO. 10**

Has Plaintiff proved, more likely than not, that Defendant Gronna aided and abetting discrimination against Plaintiff for employment at Castle High School?

_____*

*Print "Yes" or "No" according to your findings.

Each Juror Must Sign Below:

_____      _____

_____      _____

_____      _____

_____      _____

**VERDICT INTERROGATORY NO. 11**

Has the Plaintiff proved, more likely than not, that the Defendant's pre-text, that Defendants fairly rotated the Home and Hospital tutor jobs, is false under the circumstances, and gender discrimination and or retaliation was a "motivating" factor in Plaintiff's not being hired after protesting gender discrimination?

_____*

*Print "Yes" or "No" according to your findings.

Each Juror Must Sign Below:

_____        _____

_____        _____

_____        _____

_____        _____

**VERDICT INTERROGATORY NO. 12**

Has Defendant proved by a preponderance of the evidence that the claimants unreasonably failed to take advantage of corrective or preventive opportunities provided?

_____*

*Print "Yes" or "No" according to your findings.

Each Juror Must Sign Below:

_____     _____

_____     _____

_____     _____

_____     _____