ANDRE S. WOOTEN      3887
ATTORNEY AT LAW
1188 BISHOP STREET
CENTURY SQUARE, SUITE 1909
HONOLULU, HAWAII     96813
TELEPHONE NO: 808-545-4165

ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT SHEREZ; | ) | Civil No. 04-00390 JMS-KSC |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S PROPOSED JURY |
| | ) | INSTRUCTIONS FOR THE TRIAL |
| vs. | ) | FROM 1 TO 44; |
| | ) | |
| STATE OF HAWAII | ) | |
| DEPARTMENT OF EDUCATION; | ) | CERTIFICATE OF SERVICE |
| PATRICIA HAMAMOTO, | ) | |
| Superintendent of Hawaii | ) | |
| Schools; MEREDITH MAEDA, | ) | |
| Principal of Castle High | ) | |
| School; SARA GRONNER or | ) | |
| GRONNA, Vice Principal | ) | |
| of Castle High School; | ) | |
| | ) | |
| Defendants. | ) | Trial Date: March 28, 2007 |
| _____ | ) | Judge: Hon. J. Michael Seabright |

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

The Plaintiff ROBERT SHEREZ, through his undersigned

attorney of record, Andre S. Wooten, pursuant to the Court's

Order, Local Rule 2.16, and Rule 51 of the Federal Rules of Civil

Procedure, submits the following proposed jury instructions.

**INSTRUCTIONS REQUESTED TO BE GIVEN TO THE
JURY AT THE START OF THE TRIAL**

1.   Opening Instructions - Duty of Jury

2.   Statutes Involved - Title VII

3.    Role of Plaintiffs in the Enforcement of Title VII

4.    Statement of Plaintiff's Claims

5.    Order of Trial

8.    Court's Questions to Witnesses

10.    Evidence for Limited Purpose

12.    Ruling on Objections

13.    Credibility of Witnesses

14.    Burden of Proof-Preponderance of the Evidence

15.    Taking Notes

16.    Stipulated Facts

17.    Bench Conferences and Recesses

18.    Conduct of the Jury

## INSTRUCTIONS REQUESTED TO BE GIVEN TO THE JURY AT THE CLOSE OF TESTIMONY

22.    Direct and Circumstantial Evidence

23.    Credibility of Witnesses

24.    Charts and Summaries in Evidence

25.    Charts and Summaries not Received in Evidence

26.    Employment Discrimination - Defined

27.    Types of Racial Discrimination in Hiring Practices

28.    Evidence of Racial Discrimination in Hiring Practices

29.    Retaliation

30.    Proof Beyond Reasonable Doubt Is Not Required

31.    Title VII Back Pay

32.    Mitigation of Damages

33.  Compensatory Damages -- Non-Pecuniary

34.  Damages - Front Pay  -

35.  Punitive Damages

38.  Verdict Form - Jury Responsibility

40.  No Specific Intent Required

41.  Joint liability

42.  Hawaii Civil Rights Act

43.  1983 VIOLATION ELEMENTS AND BURDEN OF PROOF

44.  UNDER COLOR OF LAW DEFINED


        DATED:    Honolulu, Hawaii____March 27, 2007_____


                            _/S/___Andre' S. Wooten_____
                                    ANDRE S. WOOTEN
                                 Attorney for Plaintiff

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1**

**OPENING INSTRUCTIONS**

Members of the jury, we are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

The party that brings a lawsuit is called the Plaintiff. In this case, the Plaintiff is ROBERT SHEREZ. The party that the Plaintiff brings the lawsuit against is called the Defendants. The Defendants in this case are the STATE OF HAWAII DEPARTMENT OF EDUCATION, or "HAWAII DOE", and the individually named Defendants, PATRICIA HAMAMOTO, MEREDITH MAEDA, and SARA GRONNER.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law which I will give to you. That is how you will reach your verdict. In doing so, you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents, and other things received into evidence as exhibits and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the

trial as indicating what I think of the evidence or what the verdict should be.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration. During the trial you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers, and my instructions to you on the applicable law.

## **Introductory Civil Rights Instructions**

To enforce civil rights guaranteed to United States citizens by the constitution, Congress has enacted a law, known as Section 1983, which provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory ... , subjects or causes to be subjected, any citizen of the United States ... or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ... for redress...."

AUTHORITY:

ADAPTED FROM DEVITT, BLACKMAR & WOLFF, <u>FEDERAL JURY PRACTICE AND</u>

<u>INSTRUCTIONS</u> (4th ED. 1987), §70.01; AND MANUAL OF MODEL CIVIL

JURY INSTRUCTIONS FOR THE NINTH CIRCUIT, 3rd EDITION, §1.01.


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____



_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2**

**STATUTES INVOLVED - TITLE VII**

The Plaintiff has brought this lawsuit under Title VII of the Civil Rights Act of 1964, often referred to as Title VII, and Title I of the Civil Rights Act of 1991.  Title VII makes it unlawful for an employer to discriminate in the hiring and promotion of employees and unlawful to retaliate against an employee who opposes discriminatory practices, or to constructively discharge an employee.

AUTHORITY:

ADAPTED FROM DEVITT, BLACKMAR & WOLFF, <u>FEDERAL JURY PRACTICE AND</u>

<u>INSTRUCTIONS</u> (4th ED. 1987), §106.01; TITLE VII OF THE CIVIL

RIGHTS ACT OF 1964, §703, 42 U.S.C. §2000e-2; 42 U.S.C. §2000e-3,

TITLE I OF THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. §1981a


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____


_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3**

**ROLE OF THE COURT IN ENFORCEMENT OF TITLE VII**

The United States Federal Courts have the duty of enforcing many of the laws against employment discrimination including Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

An aggrieved person has the right to bring suit in the Federal court for redress, of violations of their civil rights.

AUTHORITY:

ADAPTED FROM TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS

AMENDED, 42 U.S.C. §2000e <u>eq</u> <u>seq.</u>

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____


_____

UNITED STATES DISTRICT COURT JUDGE

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

STATEMENT OF PLAINTIFF EEOC'S CLAIMS

The Plaintiff contends that the Defendants discriminated against him by denying him full-time employment in certain tutoring positions because he is male.

The Plaintiff also claims that the Defendants retaliated against him for complaining about the civil rights violations, by harassing him and further denying him positions for which he applied for and was qualified for.

The Plaintiff also claims that as a result of the harassment and retaliation, the conditions of employment were so intolerable the Plaintiff felt forced to express his displeasure with his treatment by the Defendants. Please be aware that a forced resignation is called a constructive discharge.

The Plaintiff claims the law entitles him to monetary and equitable relief to make him whole. The plaintiff claims that he is also entitled to recover compensatory damages for the pain and suffering he endured and that, due to the Defendants denying him work, that he was "constructively discharged" and is entitled to recover back pay, plus interest, from the date of his constructive discharge.

The Plaintiff further claims that the individual defendants, PATRICIA HAMAMOTO, MEREDITH MAEDA, and SARA GRONNER acted with malice or reckless indifference when they discriminated and

retaliated against him that he is entitled to punitive damages.

The Plaintiff also seeks injunctive relief to protect the public interest and deter further gender discrimination, harassment and retaliation. The injunctive relief sought would include a court-ordered prohibition against gender discrimination and retaliation in employment in the STATE OF HAWAII DEPARTMENT OF EDUCATION.

AUTHORITY:

ADAPTED FROM TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.

§2000e eq seq.; CIVIL RIGHTS ACT OF 1991, 42 U.S.C. §1981(b);

DEVITT, BLACKMAR & WOLFF, FEDERAL JURY PRACTICE AND INSTRUCTIONS

(4TH ED. 1987), §106.07; ALBEMARLE PAPER CO. v. MOODY, 422 U.S.

405 (1975); MANUAL OF MODEL JURY INSTRUCTIONS FOR THE NINTH

CIRCUIT, 3RD EDITION, §§7.01, 7.05; BELLO, DESMARAIS & HARRISON,

MODEL JURY INSTRUCTIONS, EMPLOYMENT LITIGATION, §§107[1], 107[3],

107[4].


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____


_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5**

**ORDER OF TRIAL**

The case will proceed in the following order:

First, the Plaintiff may make an opening statement outlining his case. The Defendants may also make an opening statement outlining their case immediately after the Plaintiffs' statement, or they may wait to make an opening statement until the conclusion of the Plaintiffs' case. Neither party is required to make an opening statement. What is said in opening statement is not evidence, but is simply designed to provide you with an introduction to the evidence which the party making the statement intends to produce.

Second, the Plaintiff will introduce evidence in support of his claims. At the conclusion of the Plaintiff's case, the Defendants may introduce evidence. The Defendants, however, are not obliged to introduce any evidence or to call any witnesses. If the Defendants introduce evidence, the Plaintiff may then introduce rebuttal evidence.

Third, the parties may present closing arguments to you as to what they consider the evidence has shown and as to the inferences which they contend you should draw from the evidence. What is said in closing argument, just as what is said in opening statement, is not evidence. The arguments are designed to present to you the contentions of the parties based on the

evidence introduced.  The Plaintiffs have the right to open and to close the argument.

Fourth, I will instruct you on the law which you are to apply in reaching your verdict.

AUTHORITY:

DEVITT, BLACKMAR & WOLFF, <u>FEDERAL JURY PRACTICE AND INSTRUCTIONS</u>
(4th ED. 1987), §70.02.

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____


_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8**

<u>**COURT'S QUESTIONS TO WITNESSES**</u>

During the course of a trial, I may occasionally ask questions of a witness, in order to bring out facts not then fully covered in the testimony. Please do not assume that I hold any opinion on the matters to which my questions may have related. Remember that you, as jurors, are at liberty to disregard all comments of the court in arriving at your own findings as to the facts.

AUTHORITY:

DEVITT, BLACKMAR & WOLFF, <u>FEDERAL JURY PRACTICE AND INSTRUCTIONS</u>
(4th ED. 1987), §70.13.


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____



_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10**

**<u>EVIDENCE FOR LIMITED PURPOSE</u>**

Some evidence is admitted for a limited purpose only. When I
instruct you that an item of evidence has been admitted for a
limited purpose, you must consider it only for that limited
purpose and for no other.

AUTHORITY:

MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT,

3rd EDITION, §1.04.


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____


_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12**

<u>**RULING ON OBJECTIONS**</u>

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

AUTHORITY:

MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT,

3rd EDITION, §1.06.



GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____



_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   The opportunity and ability of the witness to see or hear or know the things testified to;

2.   The witness' memory;

3.   The witness' manner while testifying;

4.   The witness' interest in the outcome of the case and any bias or prejudice;

5.   Whether other evidence contradicted the witness' testimony;

6.   The reasonableness of the witness' testimony in light of all the evidence; and

7.   Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

AUTHORITY:

MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT,

3rd EDITION, §1.07.


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____



_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14**

**BURDEN OF PROOF-PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, Regardless of which party presented it.

AUTHORITY:

MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT,

3rd EDITION, §1.12.



GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____



_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15**

**TAKING NOTES**

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [courtroom][jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

AUTHORITY:

MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT,

3rd EDITION, §1.10.

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____

_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16**

**STIPULATED FACTS**

Treat these facts as having been proved:

1.    Venue is properly in this district.

2.    This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1343, and 1345.

3.    The plaintiff is authorized to bring this action by section 706(f)(1) of title vii of the 1964 civil rights act (title vii), 42 U.S.C. §2000e-5(f)(1).

4.    This action is authorized and instituted pursuant to section 706(f)(1) and (3) of title vii, and section 102 of the civil rights act of 1991, 42 U.S.C. §1981a.

5.    The Plaintiff is a male citizen of the United States.

6.    Defendant PATRICIA HAMAMOTO was the Superintendent of Hawaii Schools at all times relevant.

7.    Defendant MEREDITH MAEDA was the Principal of Castle High School at all times relevant.

8.    Defendant SARA GRONNER was the Vice Principal of Castle High School at all times relevant.

9.    The Plaintiff filed a charge of employment discrimination with the EEOC against the Defendants.

10.    All statutory conditions precedent to the institution and filing of this action as required by title vii have been met.

AUTHORITY:

ADAPTED FROM MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE

NINTH CIRCUIT, 3rd EDITION, §2.04.


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____



_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

AUTHORITY:

MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT,

3RD EDITION, §2.02.


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____



_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18**

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, do not talk to each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately.

Fourth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

Fifth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own.

Sixth, if you need to communicate with me, simply give a signed note to the bailiff to give to me.

Seventh, do not make up your mind about what the verdict

should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

AUTHORITY:

MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT,

3rd EDITION, §1.08.

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____

_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

AUTHORITY:

MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT,

3rd EDITION, §3.06.


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____



_____

UNITED STATES DISTRICT COURT JUDGE

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   The opportunity and ability of the witness to see or hear or know the things testified to;

2.   The witness' memory;

3.   The witness' manner while testifying;

4.   The witness' interest in the outcome of the case and any bias or prejudice;

5.   Whether other evidence contradicted the witness' testimony;

6.   The reasonableness of the witness' testimony in light of all the evidence; and

7.   Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

AUTHORITY:

MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT,

3rd EDITION, §3.07.


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____


_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24**

**<u>CHARTS AND SUMMARIES IN EVIDENCE</u>**

Certain charts and summaries have been received into Evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

AUTHORITY:

MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT,

3rd EDITION, 3.11

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____

_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

AUTHORITY:


MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT,

3rd EDITION, 3.10



GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____




_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26**

**EMPLOYMENT DISCRIMINATION - DEFINED**

Title VII prohibits discrimination "because of" a protected characteristic, such as race or sex. Such discrimination is deemed "an unlawful employment practice":

(a) Employer practices It shall be an unlawful employment practice for an employer ⸺ (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

The 1991 Act added §§ 2000e-2(m), which provides that "an unlawful employment practice is established" when a protected characteristic is "a motivating factor" in an employment action:

AUTHORITY:

42 U.S.C. §§ 2000e-2(a).

COSTA v. DESERT PALACE, 299 F.3d 838 (9th Cir. 2002); Concrete Pipe & Prods. of Cal. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622 (1993) (quoting In re Winship, 397 U.S. 358, 371-72 (1970) (Harlan, J., concurring) (citation omitted)).


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____




_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27**

**TYPES OF EMPLOYMENT DISCRIMINATION**

There are many types of employment discrimination in the law.

The Plaintiff claims his qualifications for hire as a full-time teacher were not fairly judged and evaluated, and that he was denied employment for which he was indeed qualified, because he was male, and the only available qualified candidate.

AUTHORITY:

ADAPTED FROM HARRIS v. FORKLIFT SYSTEMS, 114 S.Ct. 367, 370

(1993); FULLER v. CITY OF OAKLAND, CAL., 47 F.3d 1522, 1527, (9th

Cir. 1995); STEINER v. SHOWBOAT OPERATING CO., 25 F.3d 1459 (9th

Cir. 1994), cert. denied, 115 S.Ct. 733, 130 L.Ed. 636 (1995);

NICHOLS v. FRANK, 42 F.3d 503 (9th Cir. 1994); ELLISON v. BRADY,

924 F.2 872, 878-79 (9th Cir. 1991); EEOC v. HACIENDA HOTEL, 881

F.2d 1504, 1514-15 (9th Cir. 1989); 29 C.F.R. §1604.11; RULE 412.

42 U.S.C. §§ 2000e-2(a).  Concrete Pipe & Prods. of Cal. v.

Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622

(1993) (quoting In re Winship, 397 U.S. 358, 371-72 (1970)

(Harlan, J., concurring) (citation omitted)) COSTA v. DESERT

PALACE, 299 F.3d 838 (9th Cir. 2002).


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____




_____

UNITED STATES DISTRICT COURT JUDGE

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 28

### EVIDENCE OF EMPLOYMENT DISCRIMINATION

Employment discrimination includes a conspiracy or agreement to give the male applicant a lower preference than other applicants.

To determine whether gender discrimination occurred, you must consider the facts from the point of view of a reasonable male. You must consider all the circumstances in determining whether a reasonable male would have found the work environment hostile, intimidating or offensive and the hiring and promotion process fair in fact, as well as outward appearance.

Factors you may consider include the frequency of the discriminatory conduct, its severity, whether it was a significant and motivating factor in the hiring process, and whether it unreasonably interfered with plaintiff's opportunity for fair employment. No single factor is required, but any of these factors may be taken into consideration.

The Plaintiff is not required to produce direct evidence of gender discrimination, such as an eyewitness to an incident. Gender discrimination often occurs in private. Discrimination, if it exists, is seldom admitted, but is a fact which you may infer from other facts. Gender discrimination may occur even when the defendants do not realize their conduct has created a hostile working environment.

An employer has a duty to prevent gender discrimination on the job, and harassment and to take prompt and effective action to remedy acts of discrimination or harassment its management level employees knew or should have known about. However, where the alleged harasser or main manipulator is an agent or officer acting for the employer, the employer is charged with knowledge of that person's conduct even without a complaint because that agent or officer acts on behalf of the employer during the course of his employment. Where the employer fails to take prompt, adequate and effective action to stop gender discrimination in the hiring process, the workplace continues as a hostile work environment.

If the Plaintiff has proven these facts, it has proven enough so that you may render a verdict in his favor. If the plaintiff has failed to prove these facts, you must find for the defendant.

AUTHORITY:

ADAPTED FROM <u>HARRIS v. FORKLIFT SYSTEMS</u>, 114 S.Ct. 367, 370 (1993); <u>FULLER v. CITY OF OAKLAND, CAL.</u>, 47 F.3d 1522, 1527, (9th Cir. 1995); <u>STEINER v. SHOWBOAT OPERATING CO.</u>, 25 F.3d 1459 (9th Cir. 1994), <u>cert.</u> <u>denied</u>, 115 S.Ct. 733, 130 L.Ed. 636 (1995); <u>NICHOLS v. FRANK</u>, 42 F.3d 503 (9th Cir. 1994); <u>ELLISON v. BRADY</u>, 924 F.2 872, 878-79 (9th Cir. 1991); <u>EEOC v. HACIENDA HOTEL</u>, 881 F.2d 1504, 1514-15 (9th Cir. 1989); 29 C.F.R. §1604.11; RULE 412. Concrete Pipe & Prods. of Cal. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622 (1993) (quoting In re Winship, 397 U.S. 358, 371-72 (1970) (Harlan, J., concurring) (citation omitted)). 42 U.S.C. §§ 2000e-2(a). <u>COSTA v. DESERT PALACE,</u> 299 F.3d 838 (9th Cir. 2002)


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____



_____

UNITED STATES DISTRICT COURT JUDGE

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29

**RETALIATION**

Title VII makes it unlawful for an employer to discriminate against an employee who has opposed any practice made unlawful under Tile VII. The plaintiff claims that the Defendants denied him work although they continued to hire women who turned down the job. The Plaintiff complained about his non-selection for the jobs after he learned the other women turned it down.

To prevail on the claim of unlawful retaliation, the Plaintiff must prove by a preponderance of the evidence that the Defendants' later actions were motivated, in part, because the Plaintiff complained about the gender discrimination.

To support a retaliation claim, the Plaintiff may present indirect evidence of retaliation by showing that:

1.    The Plaintiff opposed the gender discrimination by complaining;

2.    The STATE OF HAWAII DEPARTMENT OF EDUCATION or any of the named individual Defendants, PATRICIA HAMAMOTO, MEREDITH MAEDA, or SARA GRONNER had knowledge of this opposition and complaint;

3.    The STATE OF HAWAII DEPARTMENT OF EDUCATION or any of the named individual Defendants, PATRICIA HAMAMOTO, MEREDITH MAEDA, or SARA GRONNER subsequently took an adverse employment action against the Plaintiff;

4.    There is a casual connection between the Plaintiff's
      opposition and the adverse action.

A casual connection may be shown by evidence of
circumstances that justify an inference of retaliatory motive,
such as protected opposition closely followed by an adverse
employment action.

If the Plaintiff makes this showing, the Defendants must
offer evidence of a legitimate non-discriminatory reason for its
adverse action. If you find that the Defendants have not
presented evidence of a legitimate non-discriminatory reason for
its action then you may find for the Plaintiff.

If, on the other hand, you find that the Defendants have
presented evidence of a non-discriminatory reason for its action,
the Plaintiff must then prove that the reasons stated by the
defendants are a pretext for discrimination.

The Plaintiff can prove pretext by showing that:

1.    The Defendants' explanation is not worthy of belief; or

2.    Retaliation more likely motivated the defendants'
      action than the reason stated.

The ultimate findings that you must make is whether the
Defendants' adverse actions toward the Plaintiff were motivated
by the fact that the Plaintiff complained of gender
discrimination.

If you find that the explanations offered by the Defendants

are believable, <u>and</u> that they were the sole reason for its actions, then you must find for the Defendants.

If you find that the Defendants were motivated in part because the Plaintiff opposed the gender discrimination, even if you find their explanations believable, you must find for the Plaintiff.

AUTHORITY:

ADAPTED FROM 42 U.S.C. §2000e-3, <u>MILLER v. FAIRCHILD INDUSTRIES,</u>
<u>INC.</u>, 885 F.2d 498, 505-06 (9th Cir. 1989), <u>cert</u>. <u>denied</u>. 496
U.S. 1056 (1990); <u>WRIGHTEN v. METROPOLITAN HOSPITALS, INC.</u>, 726
f.2D 1346, 1354 (9th Cir. 1984); <u>KAUFFMAN v. SIDEREAL CORP.</u>, 695
F.2d 343, 345 (9th Cir. 1982).


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____




_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S SPECIAL PROPOSED JURY INSTRUCTION NO. 30**

**(TO BE GIVEN AT THE START OF TRIAL)**
**(TO BE GIVEN AT THE CLOSE OF EVIDENCE ALSO, UNLESS INTERVENOR-**
**PLAINTIFFS' PROPOSED INSTRUCTION ENTITLED "PREPONDERANCE**
**OF THE EVIDENCE," TO WHICH THE PLAINTIFF AGREES, IS GIVEN)**

**<u>PROOF BEYOND REASONABLE DOUBT IS NOT REQUIRED</u>**

Although the burden is on the party who makes a claim to prove his claim by what we call the preponderance of the evidence in a case such as this one, the law in no way requires proof beyond a reasonable doubt or a shadow of a doubt or to a moral certainty. While those high amounts of proof are proper in criminal cases which you may see on television or read about in magazines or newspapers, *THE BEYOND A REASONABLE DOUBT RULE SIMPLY DOES NOT APPLY TO THIS CASE AND YOU MUST PUT IT OUT OF YOUR MINDS ENTIRELY AND NOT CONSIDER IT AT ALL IN THIS CASE.*

Let me repeat again---the burden of proof in this case is only by a preponderance of the evidence, which means nothing more than proof that the facts are more probably or likely true than not.

Authority:

Adapted from Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u> (4th Ed. 1987), §72.01.


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____



_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 31**

<u>**TITLE VII BACK PAY**</u>

If you find that the Defendants discriminated against the Plaintiff, then you must determine the amount of back pay he is entitled to receive. The purpose of back pay damages is to make the person whole for any wages or benefits lost as a result of the constructive discharge.

Back pay is the amount of money a full-time teacher would have earned from the date of his availability, had he been hired through the time he found replacement employment earning as much or more money, minus any wages he actually earned during this period.

In calculating the amount of back pay Plaintiff is entitled to receive, unrealistic precision is not required and uncertainties in determining the amount he would have received, absent the discrimination, should be resolved in favor of the Plaintiff. You may make an estimate of the amount of back pay that will constitute just and reasonable compensation for lost wages based upon the facts that are before you.

In addition, you must include an amount for prejudgment interest on the lost back pay.

AUTHORITY:

ADAPTED FROM BELLO, DESMARAIS & HARRISON, MODEL JURY

INSTRUCTIONS, EMPLOYMENT LITIGATION, §107[1]; MANUAL OF MODEL

CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT, 3rd EDITION,

§7.01; 42 U.S.C. §2000e-5(g); ALBEMARLE PAPER CO. v. MOODY, 422

U.S. 405, 425 (1975); FORD MOTOR CO. v. EEOC, 458 U.S. 219

(1982); GALINDO v. STOODY CO., 793 F.2d 1502, 1507 (9th Cir.

1986); FORD v. ALFARO, 785 F.2d 835, 842 (9th Cir. 1986).


GIVEN AS REQUESTED            _____

GIVEN AS MODIFIED             _____

REFUSED                       _____

WITHDRAWN                     _____




_____

UNITED STATES DISTRICT COURT JUDGE

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 32

**MITIGATION OF BACK PAY**

Each person seeking back pay has a duty to use reasonable efforts to mitigate those damages. To mitigate means to avoid or reduce damages whenever possible.

The back pay award may be reduced if you find that defendants have proven by a preponderance of the evidence that (1) there were substantially equivalent positions available for the plaintiff and (2) the plaintiff failed to use reasonable care and diligence in seeking such a position.

A substantially equivalent position is a position that affords the Plaintiff virtually identical promotional opportunities, compensation, benefits, job responsibilities, working conditions and status as the position he sought at the STATE OF HAWAII DEPARTMENT OF EDUCATION.

In order to prove the failure to mitigate damages, the Defendants must prove by a preponderance of the evidence the existence of particular vacancies for substantially similar jobs for the plaintiff, within a reasonable distance from his residence. The Defendants have the burden of identifying specific job vacancies at specific times which met plaintiff's level of skills and qualifications. If the Defendants have not proven by a preponderance of the evidence the existence of particular jobs in which plaintiff could have found employment, then you must find

for the Plaintiff.

If you find that the Defendants have shown the existence of actual job vacancies of the kind described, then you must decide whether, under all the circumstances, Plaintiff made reasonable efforts to find such employment.

The reasonableness of each person's job search efforts must be evaluated in light of the particular circumstances of this case, including his characteristics, the job market, and the typical manner in which persons obtain work. Each person only need make reasonable efforts and is not held to the highest standards of diligence.  To be reasonable, a job search need not be successful.

A person is not required to look for or take lesser or dissimilar work, demotion, or demeaning position. He is not required to look for or accept employment that is located an unreasonable distance from his home.

A Defendant cannot benefit from its own misconduct. If you find that Plaintiff's inability to work was the result of the Defendants' illegal discrimination or retaliation, the Defendants may not rely upon the Plaintiff's failure to mitigate as a defense to the amount of back pay.

AUTHORITY:

MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT,
3rd EDITION, § 7.03; <u>FORD MOTOR CO. v. EEOC</u>, 458 U.S. 219, 231-32
(1982); <u>EEOC v. FARMER BROTHERS CO.</u> , 31 F.3d 891, 906 (9th Cir.
1994); <u>JACKSON v. SHELL OIL CO.</u>, 702 F.2d 197,202 (9th Cir.
1986); <u>THORNE v. CITY OF EL SEGUNDO</u>, 802 F.2d 1131, 1134-36 (9th
Cir. 1986); <u>SIAS v. CITY DEMONSTRATION AGENCY</u>, 588 F.2d 692, 696-
97 (9th Cir. 1978); <u>RASIMAS v. MICHIGAN DEPT. OF MENTAL HEALTH</u>,
714 F.2d 614, 624 (6th Cir. 1986), <u>cert. denied</u>, 466 U.S. 950
(1984); <u>FORD v. NICKS</u>, 866 F.2d 865, 873 (6th Cir. 1989); <u>FLOCA
v. HOMCARE HEALTH SERVICES, INC.</u>, 845 F.2d 108, 112 (5th Cir.
1988); <u>STONE V. D.A. & S. OIL WELL SERVICING, INC.</u>, 624 F.2d 142,
144 (10th Cir. 1980); <u>EVANS PLUMBING CO.</u>, 278 NLRB 67 (1986),
<u>enforced on other grounds</u>, <u>EVANS SERVICES, INC. v. NLRB</u>, 810 F.2d
1089 (11th Cir. 1987); <u>DENTON v. BOILERMAKERS LOCAL 29</u>, 673 F.
Supp. 37, 43-45 (D. Mass. 1987); <u>EEOC v. PACIFIC PRESS PUB.
ASSN.</u>, 482 F. Supp. 1291, 1316-17 (N.D. Cal. 1979), <u>aff'd</u>, 676
F.2d 1272 (9th Cir. 1982); <u>EEOC v. Kallir, PHILLIPS, ROSS, INC.</u>,
420 F. Supp. 919, 925-26 (S.D. N.Y. 1976), <u>aff'd without opinion</u>,
559 F.2d 1203 (2nd Cir.), <u>cert. denied</u>, 434 U.S. 920 (1977).

```
GIVEN AS REQUESTED            _____

GIVEN AS MODIFIED             _____

REFUSED                       _____

WITHDRAWN                     _____
```

_____

UNITED STATES DISTRICT COURT JUDGE

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33

COMPENSATORY DAMAGES-NON PECUNIARY

If you find that the Plaintiff has proven by a preponderance of the evidence that the Defendants illegally discriminated against the Plaintiff, then you must consider whether the Plaintiff is entitled to compensatory damages.

The Plaintiff has alleged that as a result of intentional discrimination he suffered emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Compensatory damages are intended to make a person whole for such injuries.

If you determine that the Plaintiff has proven by a preponderance of the evidence that he has experienced emotional pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life, you must award monetary damages for those injuries. No evidence of the monetary value of such pain and suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for these injuries. The monetary damages that you award must be reasonable and fair compensation.

When considering the amount of monetary damages to which each person may be entitled, you should consider the nature, character, and seriousness of any emotional pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that

each person felt. You must also consider its extent or duration, as any award you make must cover the damages endured by each person since the wrongdoing, to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that a person's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

AUTHORITY:

ADAPTED FROM BELLO, DESMARAIS, HARRISON, <u>MODEL JURY INSTRUCTIONS,</u>
<u>EMPLOYMENT LITIGATION</u>, §1.07[3] (1994); DEVITT, BLACKMAR AND
WOLFF, <u>FEDERAL JURY PRACTICE AND INSTRUCTIONS</u> §§104.05, 104.06,
104A.11 (4th ED. 1987 & SUPP. 1995); 42 U.S.C. §1981a AND b.

GIVEN AS REQUESTED            _____

GIVEN AS MODIFIED             _____

REFUSED                       _____

WITHDRAWN                     _____

_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 34**

**(To Be Given at the Close of the Evidence If Equitable**

**Reinstatement Is Inappropriate)**

**<u>DAMAGES - FRONT PAY</u>**

A special type of future damages, called front pay, is awarded when I determine that reinstating the victim to the job is inappropriate or not feasible.

The purpose of front pay is to put an injured party in the same position the party would have occupied in the absence of the hostile work environment, neither more nor less. In awarding front pay, I instruct you that the following factors are relevant: (1) The Plaintiff's future in the position he would have been employed in at the time of discrimination; (2) his remaining work until retirement and life expectancy; (3) his obligation to mitigate future lost earnings; (4) the availability of virtually identical employment opportunities and the time reasonably required to find such comparable employment; and (5) the present value of future lost earnings. I further instruct you that the plaintiff has presented its evidence on this issue in 2007 dollars.

If you find for the Plaintiff and I instruct you that reinstatement of the Plaintiff is inappropriate , you are to decide his amount of front pay.

Authority:

<u>Schwartz v. Gregori</u>, 45 F.3d 1017, 1022 (6th Cir.), <u>cert. denied</u>, ____ U.S. ___, 116 S.Ct. 77 (1995); <u>Griffin v. Michigan Dept. of Corrections</u>, 5 F.3d 186, 189 (6th Cir.1993); <u>Roush v. KFC National Mgmt. Co.</u>, 10 F.3d 392, 399-400 (6th Cir.1993), <u>cert. denied</u>, ___ U.S. ___, 115 S.Ct. 56, (1994).

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____

_____

UNITED STATES DISTRICT COURT JUDGE

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 35

**PUNITIVE DAMAGES**

If you find that the Plaintiff has proven by a preponderance of the evidence that the Defendants discriminated against him, and / or conspired to avoid hiring him, or retaliated against him, in addition to the claims for damages already mentioned, you should consider whether each named Defendant is liable to the Plaintiff for  punitive damages due to their intentional acts.

While the purposes of compensatory damages are to make a victim whole, the purpose of punitive damages is to punish the Defendant for its conduct and to deter the Defendant and others from engaging in similar conduct in the future. You may award punitive damages if the Plaintiff has proven by a preponderance of the evidence that the Defendant acted with the conscious intention to deny the Plaintiff employment, in part, because he is male or with malice <u>or</u> with reckless indifference to a male's right to work in an environment free from gender discrimination in hiring and the terms and conditions of employment, and retaliation.

Conduct is malicious if it is motivated by evil motive and intent, or if it is for the purpose of injuring another. Conduct is in reckless disregard of an employee's rights if, under the circumstances, it reflects complete indifference to the safety and rights of others. You may consider such factors as the

nature, duration and frequency of the conduct, and the existence and frequency of similar conduct by defendant.

The law does not require you to award punitive damages. However, if you decide to award punitive damages you must use reason in setting the amount of damages. The amount of an award of punitive damages must not reflect bias or prejudice, or sympathy toward any party. You may consider the Defendant's financial condition. However, the amount can be as large as you believe necessary to fulfill the purposes of punitive damages.

AUTHORITY:

ADAPTED FROM MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE

NINTH CIRCUIT, 3rd EDITION, §7.05; BELLO, DESMARAIS, HARRISON,

MODEL JURY INSTRUCTIONS, EMPLOYMENT LITIGATION, §§1.07[4]; 42

U.S.C. SECTION 1981A AND B; BMW OF NORTH AMERICA, INC. V. GORE,

116 S.Ct. 1589, 1598-1603 (1996); SMITH v. WADE, 461 U.S. 30, 56

(1983); DEVITT, BLACKMAR & WOLFF, FEDERAL JURY PRACTICE AND

INSTRUCTIONS (4th ED. 1987 AND SUPP. 1995), §§104.7, 104A.12;

EEOC V. FARMER BROS, CO., 31 F.3d 891 (9th Cir. 1994).


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____


_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 38**

**<u>VERDICT FORM - JURY RESPONSIBILITY</u>**

It is proper to add the caution that nothing said in these
instructions and nothing in any form of verdict prepared for your
convenience is meant to suggest or convey in any way or manner
what verdict I think you should find. What the verdict shall be
is the sole and exclusive duty and responsibility of the jury.

AUTHORITY:

ADAPTED FROM DEVITT, BLACKMAR & WOLFF, <u>FEDERAL JURY PRACTICE AND</u>

<u>INSTRUCTIONS</u>, § 74.07 (4th ED. 1987 & SUPP. 1995).


GIVEN AS REQUESTED            _____

GIVEN AS MODIFIED             _____

REFUSED                       _____

WITHDRAWN                     _____




_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 40**

<u>**NO SPECIFIC INTENT REQUIRED**</u>

It is not necessary to find that any of the named Defendants had any specific intent to deprive the Plaintiff of his civil rights, or that he acted with malice or ill will in order to find for the Plaintiff on his civil rights claims.

AUTHORITY:

TORRES RAMIREZ V. BERMUDEZ GARCIA, 898 F.2D 224, 227 (1ST. CIR. 1990); PARRATT V. TAYLOR, 101 S.CT. 1908 (1981); GOMEZ V. TOLEDO, 446 U.S. 635 (1980); MONROE V. PAPE, 365 U.S. 167 (1961).


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____



_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 41**

**<ins>JOINT LIABILITY</ins>**

Where two or more persons act together and cause a wrong to another, they incur a joint liability for the acts of each other. The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another. Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the Plaintiff in a total sum as damages. All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrong-doer, or ratify and adopt his acts for their benefit, are equally liable with him.

Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even if it is a tacit one. If you find that any of the Defendants acted jointly with others in violating the law he is still liable for the harm caused even though others may also be liable.

AUTHORITY:

HALL V. OCHS, 817 F.2D 920 (1ST. CIR. 1987); PROSSER, LAW OF

TORTS, §46, 4TH ED., 1971, PP. 291-295.


GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____




_____

UNITED STATES DISTRICT COURT JUDGE

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 42**

**<u>HAWAII CIVIL RIGHTS ACT</u>**

In addition to his rights under Federal law, the Plaintiff also has a claim that his rights under the Hawaii Civil Rights Act were violated. In order to establish liability on his State of Hawaii Civil Rights Claim (HCRC), the Plaintiff must prove that any of the Defendants discriminated against the him and attempted to interfere with his enjoyment of his Constitutional right to non-discriminatory employment, a secured right, and that this interference was accomplished by illegal means. The Plaintiff alleges that his right to be free from discrimination in employment was violated by the Defendants.

AUTHORITY:

COMMONWEALTH V. ADAMS, 416 MASS 558, 624 N.E.2D 102 (1993);

BALLY V. NORTHEASTERN UNIVERSITY, 403 MASS. 713, 532 N.E.2D 49

(1989); PLANNED PARENTHOOD LEAGUE OF MASSACHUSETTS V. BLAKE, 417

MASS. 467, 631 N.E.2D 985 (1994), CERT. DENIED 115 S.CT. 188;

BATCHELDER V. ALLIED STORES CORP., 393 MASS. 819, 823; REDGRAVE

V. BOSTON SYMPHONY ORCHESTRA, 399 MASS. 93, 99 (1987); LONGVAL V.

COMMISSIONER, 404 MASS. 325, 535 N.E.2D 588 (1989).


GIVEN AS REQUESTED         _____

GIVEN AS MODIFIED          _____

REFUSED                    _____

WITHDRAWN                  _____



_____

UNITED STATES DISTRICT COURT JUDGE

**43**

**11.1 VIOLATIONS OF FEDERAL CIVIL RIGHTS — 1983 VIOLATION
ELEMENTS AND BURDEN OF PROOF**

On the plaintiff's gender discrimination and retaliation claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.    the acts or omissions of the defendant were intentional;

2.    the defendant acted under color of law; and

3.    the acts or omissions of the defendant were the cause of the deprivation of the plaintiff's rights protected by the Constitution or laws of the United States.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____

_____

UNITED STATES DISTRICT COURT JUDGE

**44**

**11.2 UNDER COLOR OF LAW DEFINED**

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. [[The parties have stipulated that] [The court has found that] the defendant acted under color of law.]

**Comment**


For cases interpreting color of law, see *West v. Atkins*, 487
U.S. 42, 49 (1988) (requiring that the person be acting pursuant
to a power or privilege possessed by virtue of state law, such
that the person's conduct is fairly attributable to the state);
*United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d
1539, 1540 (9th Cir.1989) (en banc) (holding that private parties
may act under color of state law if they willfully participate in
joint action with state officials to deprive others of
constitutional rights).




GIVEN AS REQUESTED        _____

GIVEN AS MODIFIED         _____

REFUSED                   _____

WITHDRAWN                 _____



_____

UNITED STATES DISTRICT COURT JUDGE