IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT SHEREZ, | ) | CIVIL. NO. 04-00390 JMS/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER REGARDING |
| vs. | ) | DEFENDANT STATE OF |
| | ) | HAWAII'S MOTION IN LIMINE TO |
| STATE OF HAWAII | ) | PRECLUDE THE INTRODUCTION |
| DEPARTMENT OF EDUCATION; | ) | OF EVIDENCE REGARDING |
| PATRICIA HAMAMOTO, | ) | MATTERS NOT PLED IN THE |
| Superintendent of Hawaii Schools; | ) | CHARGE OF DISCRIMINATION |
| MEREDITH MAEDA, Principal, | ) | BEFORE THE HAWAII CIVIL |
| Castle High School; SARA | ) | RIGHTS COMMISSION (DOCKET |
| GRONNER OR GRONNA, Vice | ) | NO. 164) |
| Principal of Castle High School, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER REGARDING DEFENDANT STATE OF HAWAII'S MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING MATTERS NOT PLED IN THE CHARGE OF DISCRIMINATION BEFORE THE HAWAII CIVIL RIGHTS COMMISSION (DOCKET NO. 164)**

Defendants ask the court to exclude evidence of alleged retaliatory acts not raised in Plaintiff Robert Sherez's ("Plaintiff") charge of discrimination filed with the Hawaii Civil Rights Commission ("HCRC").[1] Defendants claim that the court is without subject matter jurisdiction over these claims because

---

[1] Although brought as a motion in limine, this motion should have been filed as a motion for summary judgment long before trial.

Plaintiff has failed to exhaust his administrative remedies and because they have been raised in a second lawsuit filed by Plaintiff against the same Defendants.[2]

## A.     Plaintiff's HCRC Filing, Second Amended Complaint, and Proffer

In Plaintiff's HCRC charge, filed on August 5, 2003, Plaintiff checked the boxes alleging discrimination based on "sex" and "retaliation." Plaintiff alleges that he was discriminated against on the basis of sex because he was not permitted to tutor female students in the State Department of Education's ("DOE") Home-Hospital Tutoring Program, that he complained about the alleged discrimination to DOE employees, and that as a result, he did not receive any more tutoring cases and was terminated from his teaching position at McKinley School for Adults.

Plaintiff's Second Amended Complaint, filed on December 21, 2005, alleges that he suffered retaliation in relation to other DOE positions. The Complaint alleges that Plaintiff continues to be denied tutoring assignments for

---

[2] Plaintiff's second lawsuit alleges retaliation based on the same underlying sex discrimination complained of in this suit and names as defendants the same parties and some additional individuals. *See Sherez v. State of Hawaii Dep't of Educ. et al*, Civ. No. 06-00367 SPK-KSC. Plaintiff argues that because the discovery and dispositive motions deadlines have not passed in the second case, that the court should not take up at trial on the instant suit matters raised in the second case and allow Plaintiff to recover twice against these Defendants.
   To the extent Defendants argue that matters raised in this second lawsuit should not be introduced in the instant case, the court rejects this argument. Where the same allegations were raised in both suits, the Plaintiff may elect to pursue those claims in the instant case and the court will not bar evidence related to this case simply because of the second pending suit.

female students in the Windward District, all tutoring work in the Honolulu District, positions at other Adult Community Schools, Summer School positions, and as a Special Education class room teacher. *See* Second Amended Compl. ¶ 34.

At the hearing held on March 27, 2007, Plaintiff proffered that he was denied continuing work for the following part-time positions in both the Windward and Honolulu Districts: 1) home-bound teaching positions; 2) Home-Hospital tutoring assignments for female students; 3) extended school year ("ESY") teaching; and 4) summer school teaching. For these positions, Plaintiff alleges that after he made a claim of discrimination he received fewer assignments or his applications were rejected from the fall of 2002 onward. Plaintiff also alleges that he was denied work as an Adult Community School teacher from the spring of 2003 onward. Defendants object to Plaintiff's proffered evidence and seek the exclusion of all evidence of retaliation not specifically set forth in Plaintiff's HCRC charge.

**B.    Legal Framework**

"Title VII does not require that the plaintiff separately exhaust additional claims that are so closely related to the allegations made in the charge

that agency action would be redundant." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1102 (9th Cir. 2002) (citation and quotation signals omitted).

> In determining whether a plaintiff has exhausted allegations that [he or] she did not specify in [his or] her administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred. In addition, the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case.

*Id.* at 1100.

The Ninth Circuit construes EEOC claims liberally. *Id.* Even when an employee seeks judicial relief for claims not listed in the original HCRC or EEOC charge, the complaint "nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge." *Oubichon v. North Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973). Stated another way, "[s]ubject matter jurisdiction extends to all claims of discrimination that fall within the scope of the EEOC's actual investigation or an EEOC investigation that could reasonably be expected to grow out of the charge." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003).

**C.     Plaintiff Exhausted His Administrative Remedies**

Plaintiff's HCRC charge does not state that he was denied part-time work as a home-bound teacher, ESY teacher, summer school teacher, or special education teacher in retaliation for complaining about his tutoring assignments. He does, however, allege that the Department of Education retaliated against him for opposing sex discrimination. Plaintiff claimed in the HCRC charge that "after I opposed the sex discrimination, I did not receive any more new tutoring cases," and that he was terminated from his teaching position at McKinley Adult Community School.

As part of the analysis, the court considers the factors set forth in *B.K.B.* to determine whether Plaintiff's proffered evidence of retaliation is reasonably related to the allegations in his HCRC charge. The first factor, "the alleged basis of the discrimination," is the same for the retaliation alleged in the HCRC charge and the retaliation Plaintiff now seeks to admit; both allegedly arise out of Plaintiff's complaints of sex discrimination in the Home-Hospital Tutoring Program in the Windward District. As to the second factor, the "dates of discriminatory acts specified within the charge," Plaintiff's additional claims that he was denied work from the fall of 2002 and the spring of 2003 onward indicate that these claims were contemporaneous to the claims stated in his HCRC charge,

but that they continue to the present. Temporally, the additional charges are within the same or close proximity to those listed in the HCRC charge.

The third factor, the "perpetrators of discrimination named in the charge," cuts in favor of Defendants' argument that the claims are not reasonably related. The HCRC charge specifically mentions Defendants Maeda and Gronna in the Windward District and non-party Helen Sanpei at McKinley Adult Community School. Although it is not clear who Plaintiff alleges retaliated against him in relation to positions not listed in the HCRC charge, it was not Maeda, Gronna or Sanpei (who do not oversee these tutoring, ESY, summer school, or special education programs in the Honolulu District).

Under the final factor, "any locations at which discrimination is alleged to have occurred," all of Plaintiff's claims appear to have originated in the Windward District. Plaintiff's additional claims in the Honolulu District are not inconsistent with the theory outlined in the HCRC charge; Plaintiff alleges that word of his complaints against the Windward District migrated to the McKinley Adult Community School (in the Honolulu District) where he suffered retaliation. This is consistent with Plaintiff's proffered evidence that he was denied other positions in the Honolulu District because of his complaints of sex discrimination in the Windward District. In both instances, word of Plaintiff's complaints spread

6

within the DOE, beyond the Windward District to the Honolulu District, where Plaintiff suffered additional retaliation. The balance of factors does not tip the balance against admitting the additional claims of retaliation not raised in the HCRC filing.

      In sum, Plaintiff's additional retaliation claims are reasonably related to the allegations in the HCRC charge and are consistent with the plaintiff's original theory of the case (*i.e.* that the Department of Education denied him teaching jobs and tutoring assignments because he complained about sex discrimination). The court has jurisdiction over the claims of retaliation because they fall within the scope of an HCRC investigation that could reasonably be expected to grow out of the charge. Evidence of such retaliation is "like or reasonably related to the allegations" in Plaintiff's HCRC charge.

      Based on the foregoing, Defendants' motion is DENIED.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, March 28, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Sherez v. State of Hawaii, et al.*, Civ. No. 04-00390 JMS/KSC, Order Regarding Defendant State of Hawaii's Motion in Limine to Preclude the Introduction of Evidence Regarding Matters Not Pled in the Charge of Discrimination Before the Hawaii Civil Rights Commission (Docket No. 164)