IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| ROBERT SHEREZ, | CIVIL NO. 04-00390 JMS-KSC |
|---|---|
| Plaintiff, | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | |
| STATE OF HAWAI`I DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai`i Schools, MEREDITH MAEDA, Principal, Castle High School; SARA GRONNER OR GRONNA, Vice Principal of Castle High School, | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF MOTION

Defendants request this Court issue an order quashing the subpoenas and/or protective order relating to the subpoenas issued to the following individuals – Virginia Soares ("Soares") and Yoon Ok Won ("Won"). The subpoenas were issued on March 9, 2001 and served to Soares and Won on March 21, 2007. See Exhibits A and B.

Rule 26(c), FRCP, provides for protective orders which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

230560_1.DOC

Rule 26(b)(2) limits the scope of discovery if there is a determination that:

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

In this instance, the subpoenas issued to Soares and Won are merely an attempt by Plaintiff to conduct discovery that is improper and a thinly veiled attempt to circumvent the Federal Rules of Civil Procedure governing discovery.

As to the subpoena issued to Soares, she is commanded to produce the following documents on March 29, 2007 at 12:00 p.m. – "[a]ll Robert Sherez's working records including pay sheets from the Windward District from 1997 to the present." See Exhibit A. This request is identical to item #18 in Plaintiff's First Request for Production of Documents to Defendant State of Hawai`i, Department of Education, dated April 5, 2005. See

Exhibit C. The request in item #18 states "[a]ll of the Plaintiff's payroll sheets and any other documents that pertain to the Plaintiff's payroll."

Defendants objected to this request in Defendant State of Hawai`i, Department of Education Response to Plaintiff's First Request for Answers to Interrogatories, dated April 6, 2005. Thereafter, Plaintiff filed a Motion to Compel Answers to Interrogatories and Production of Documents or for Sanctions Against Defendant State of Hawai`i, Department of Education on July 27, 2005.

Plaintiff's Motion to Compel was heard on August 26, 2005. The Court issued an Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents or for Sanctions Against Defendant State of Hawaii, filed on August 29, 2005. See Exhibit D. During the course of the hearing, the Court questioned Plaintiff's counsel regarding the motion because "Plaintiff did not identify or specify in the Motion which discovery requests he sought judicial intervention and assistance." Based on the questions and responses, the Court narrowed down the specific requests to items #6, 8-11, 14-16.

As for the remaining requests, including item #18, the Court specifically found that "the remainder of the discovery request identified by Plaintiff's counsel at the August 26, 2005 hearing are vague, overly broad,

not specific as to time period, and not appropriately liminted in scope relative to the claims made by Plaintiff in the First Amended Complaint."

In this instance, with respect to the subpoena issued to Soares, it is clear that Plaintiff is blatantly attempting to circumvent the Court's discovery order of August 29, 2005 by having Soares bring the documents, which were found by the Court to have been "vague, overly broad, not specific as to time period, and not appropriately limited in scope relative to the claims made by Plaintiff in the First Amended Complaint." The issuance of the subpoena to Soares in this regard is improper.

As to the subpoena issued to Won, he is commanded to produce the following documents on March 30, 2007 at 9:00 a.m. – "[a]ll records showing when students were enrolled for Mr. Sherez's GED course in the Spring of 2003. All records showing the enrollment of students in all different courses for the Fall and Winter of 2002 and the Spring of 2003 terms." See Exhibit B. This request was never made by Plaintiff in Plaintiff's First Request for Production of Documents to Defendant State of Hawai`i, Department of Education, dated April 5, 2005. See Exhibit C.

Similarly, the subpoena issued to Won is another improper attempt by Plaintiff to circumvent the rules governing discovery. Plaintiff is clearly manipulating the issuance of a subpoena in order to obtain documents which

230560_1.DOC                                 7

should have been requested in Plaintiff's First Request for Production of Documents to Defendant State of Hawai`i, Department of Education, dated April 5, 2005.

Based on the foregoing, it is respectfully requested this Court issue an order quashing the subpoenas and/or issue a protective order, or the Court issue any such further order as may be just and proper under the circumstances.

DATED:  Honolulu, Hawai'i, March 28, 2007.

/s/ NELSON Y. NABETA
NELSON Y. NABETA
Deputy Attorney General