```
LAW OFFICES OF ANDRÉ S. WOOTEN
Attorney and Counselor at Law

ANDRÉ S. WOOTEN        3887
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawai`i    96813
Telephone No:(808)545-4165

Attorney for Plaintiff
ROBERT SHEREZ
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF Hawai`i

| | |
|---|---|
| ROBERT SHEREZ, | ) CIVIL NO.    04-00390 JMS-KSC |
|  | ) |
| Plaintiff, | ) PLAINTIFF'S SUPPLEMENTAL |
|  | ) MEMORANDUM IN OPPOSITION TO THE |
| vs. | ) DEFENDANT STATE OF HAWAII 'S |
|  | ) INTRODUCTION OF THE HCRC OR |
| STATE OF HAWAII DEPARTMENT OF | ) EEOC'S NO CAUSE FINDING AND |
| EDUCATION; PATRICIA HAMAMOTO, | ) RIGHT TO SUE LETTER INTO |
| Superintendent of Hawaii | ) EVIDENCE |
| Schools, MEREDITH MAEDA, | ) |
| Principal, Castle High School; | ) |
| SARA GRONNER OR GRONNA, Vice | ) Judge: Hon.  J. MICHAEL |
| Principal of Castle High | ) SEABRIGHT |
| School. | ) |
| Defendants. | ) Trial Date: March 28, 2007 |
| _____ | ) CERTIFICATE OF SERVICE |

<u>PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN
OPPOSITION TO DEFENDANT STATE OF HAWAII 'S INTRODUCTION OF THE
HCRC OR EEOC'S NO CAUSE FINDING AND RIGHT TO SUE LETTER INTO
EVIDENCE</u>

Plaintiff is filing this memorandum to ensure that the Defendants do not present hearsay letters, including the right to sue letters including the No Cause finding and Right to Sue letters of the Hawaii State Civil Rights Commission and or EEOC to the jury, for that is contrary to the Ninth Circuit law.

While it is true that the Ninth Circuit Law allows for the introduction of a finding of cause of discrimination be introduced into evidence at trial. That is because those investigations are more complete investigations also because even though the agency found probable cause, the company is still allowed their right to a jury trial.

The Ninth Circuit, nevertheless, makes a distinction between those minority of cases in which the State or Federal EEO agency finds cause and the vast majority of cases where they do not do a complete investigation and issue a cursory finding of no cause and allow the person to pursue their constitutional right to a trial by a jury of their peers.

The case of <u>Beachy v. Boise Cascade Corporation</u>, 191 F.3d 1010 (9th Cir. 1999), establishes clearly that Ninth Circuit precedent does not allow a defendant to introduce such agency letters into evidence at trial. At paragraph 20 of the <u>Beachy</u> case, the Ninth Circuit held:

> We now hold that an agency's determination that insufficient facts exist to continue an investigation is not per se admissible in the same manner as an agency's determination of probable cause. Whereas the latter type of determination indicates only that there is probable cause to believe a violation has occurred, the former type of determination in effect constitutes a finding of no probable cause and terminates the agency's inquiry.

> In this sense, a determination of insufficient facts is a final ruling by the agency. There is a much greater risk of unfair prejudice involved in introducing a final agency ruling as opposed to a probable cause determination, because a jury might find it difficult to evaluate independently evidence of discrimination after being informed of the investigating agency's final results.

See Gilchrist v. Jim Slemons Imports, Inc., 803 F.2d 1488.

> An EEOC finding of no reasonable cause does not preclude the charging party from bringing suit. Neither is an EEOC finding of reasonable cause determinative of the question of Title VII liability. The district court in a Title VII case reviews the evidence de novo, independent of any determination by the EEOC. In making their own decisions as to whether a violation of Title VII has occurred, most courts, in bench trials, have admitted the EEOC's reasonable cause determination and the findings upon which it is based. Such evidence is not inadmissible as hearsay, under a Federal Rules of Evidence exception to the hearsay rule. Some courts have held that this evidence is admissible as of right. Others have held its admission is a matter for the trial court's discretion. Occasionally, a court has ruled that EEOC determinations should be excluded as irrelevant, unnecessary, or prejudicial.

> See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L. Ed. 2d 668, 5 FEP 965 (1973); Philbrook v. Ansonia Bd. of Educ., 757 F.2d 476, 37 FEP 404 (2d Cir. 1985), *aff'd and remanded on other grounds*, 479 U.S. 60, 107 S.Ct. 367, 42 FEP 359 (1986) (The EEOC's finding of probably cause is not determinative, but it is admissible.);

>Dickerson v. Metropolitan Dade County, 659 F.2d 574, 27 FEP 41 (5th Cir. 1981); Nulf v. International Paper Co., 656 F.2d 553, 29 FEP 1329 (10th Cir. 1981).

Estes v. Dick Smith Ford, Inc., 856 Fl2d 1097, 47 FEP 1472 (8th Cir. 1988) states:

>In this case brought under the ADEA, the Eighth Circuit held that the district court had committed reversible error by admitting an EEOC letter determining that there was no reasonable cause to believe that Estes had been discriminated against. The court found the letter's evidentiary value "severely undermined" since the employer alleged a different reason for Estes' discharge at trial than it gave at the administrative level.

The HCRC and or EEOC findings are not conclusive as to whether discrimination exists. Whenever the HCRC and or EEOC make a no cause finding, they grant the Plaintiff a right-to-sue letter. If these agencies findings were conclusive, there would be no right to sue in court. The right to sue allows plaintiff a de novo hearing on his discrimination charges. The Ninth Circuit has allowed letters of determination from the EEOC as evidence during trial, but not as conclusive findings as to whether discrimination existed. See Beachy v. Boise Cascade Corp., 191 F.3d 1010, 1015 (9th Cir. 1999).

Therefore, based upon clear Ninth Circuit precedent distinguishing the civil rights agency's finding of probable

cause from a finding of insufficient evidence, and since that Court has ruled that the finding of insufficient evidence is inadmissible in a trial upon the facts of the case in chief. This potentially confusing and prejudicial evidence should not be admitted in this case.

       DATED:   Honolulu, Hawaii, _____.

                                 /S/  Andre' S. Wooten
                              ANDRE' S. WOOTEN
                              Attorney for Plaintiff