
MARK J. BENNETT   2672
Attorney General of Hawaii

JAMES E. HALVORSON   5457
NELSON Y. NABETA   3004
CLAIRE W.S. CHINN   4495
Deputy Attorneys General
Department of the Attorney
  General, State of Hawaii
235 S. Beretania Street, 15th Floor
Honolulu, Hawai`i 96813
Telephone: (808) 587-2900
Facsimile: (808) 587-2965
E-Mail: Nelson.Y.Nabeta@hawaii.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAI`I DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai`i Schools, MEREDITH MAEDA, Principal, Castle High School; SARA GRONNER OR GRONNA, Vice Principal of Castle High School,<br><br>Defendants. | CIVIL NO. 04-00390 JMS-KSC<br><br>DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS AND/OR FOR PROTECTIVE ORDER FOR SUBPOENAS ISSUED TO VIRGINIA SOARES AND YOON OK WON; CERTIFICATE OF SERVICE<br><br>Trial:  March 28, 2007<br>Judge:  Hon. J. Michael Seabright |

230661_1.DOC

DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF MOTION TO QUASH SUBPOENAS AND/OR
FOR PROTECTIVE ORDER FOR SUBPOENAS ISSUED
TO VIRGINIA SOARES AND YOON OK WON

Defendants STATE OF HAWAI'I, DEPARTMENT OF EDUCATION, PATRICIA HAMAMOTO in her official capacity, MEREDITH MAEDA in his individual and official capacity, and SARAH GRONNA in her individual and official capacity (hereinafter referred to collectively as "Defendants"), by and through their undersigned attorneys, hereby submits this Supplemental Memorandum in Support of Motion to Quash Subpoenas and/or for Protective Order for Subpoenas Issued to Virginia Soares ("Soares") and Yoon Ok Won ("Won").

Defendants reiterate their request for this Court to issue an order quashing the subpoenas and/or for protective order. The primary issue before this Court relates to whether or not the Rule 45 subpoenas served on Soares and Won constitutes "discovery."

Generally, a Rule 45 subpoena constitutes "discovery" which must be filed and served prior to the close of the discovery period. See Mortgage Info. Servs., Inc. v. Kitchens, 210 F.R.D. 562 (W.D.N.C. 2002).

In Kitchens, a motion for protective order was brought by defendants in response to a subpoena duces tecum issued by plaintiff. According to the court's order, trial was set to begin on September 24, 2001, with discovery

to be completed no later than August 7, 2001. Although trial was continued until March 25, 2002, the discovery period was never reopened. Five days before the trial, plaintiff served a subpoena on defendants to obtain documents necessary to its damages claim. The Court granted defendants' motion to quash, holding that the Rule 45 subpoena constitutes "discovery" which must be complied with prior to the close of the discovery period and that the subpoena filed and served by plaintiff only five days before trial would be quashed as beyond the discovery deadline. More significantly, the Court found the documents sought in the subpoena were requested, but not produced, during the course of discovery and that Plaintiff failed to seek to compel the production of these documents prior to the close of discovery and waived its right to obtain access to them.

Furthermore, other cases have similarly held that subpoenas under Rule 45 are considered "discovery."[1] See Integra Lifesciences I, Ltd. v. Merck, 190 F.R.D. 556, 561 (S.D.Cal. 1999) (observing that "[c]ase law establishes that subpoenas under Rule 45 are discovery, and must be utilized

---

[1] There are exceptions where a subpoena duces tecum may not constitute discovery. See Rice, 164 F.R.D. at 558 n. 1 (a Rule 45 subpoena may be employed to secure the production at trial of original documents previously disclosed by discovery); Puritan Inv. Corp. v. ASLL Corp., 1997 WL 793569 (E.D.Pa.) (may be used to secure documents at trial for the purpose of memory refreshment or trial preparation or to ensure that original documents previously disclosed by discovery are available).

within the time period permitted for discovery in a case"); Marvin Lumber & Cedar Co. v. PPG Industries, Inc., 177 F.R.D. 443, 445 (D.Minn. 1997) (subpoenas under Rule 45 invoking the authority of the court to obtain the pretrial production of documents and things, are discovery within the definition of FRCP Rule 26(a)(5) and are therefore subject to the time constraints that apply to all other methods of formal discovery); Rice v. United States, 164 F.R.D. 556, 558 (N.D. Okl. 1995) (subpoenas duces tecum for particular records, issued to third parties after close of discovery for purposes of discovering impeachment material, were quashed as improper attempt to engage in discovery after designated time period).

 Thus, pursuant to Kitchens and the above cited cases, it is clear that issuance of the subpoenas to Soares and Won, requesting them to bring documents to court, constitutes "discovery." Additionally, the documents requested are sought for discovery purposes and as noted previously, is improper where the discovery deadline has passed. See McNerney v. Archer Daniels Midland Co., 164 F.R.D. 584, 588 (W.D.N.Y. 1995) ("[W]hen a plaintiff . . . is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied"). In this instance, the discovery cut-off date was

September 16, 2005. The subpoenas issued to Soares and Won on March 9, 2007 were well past this discovery deadline.

The subpoena issued to Soares requests production of documents that were similar to request no. 18 in Plaintiff's First Request for Production of Documents to Defendant State of Hawai`i, Department of Education, dated April 5, 2005. Based on Defendants objections to this request, Plaintiff filed a Motion to Compel Answers to Interrogatories and Production of Documents or for Sanctions Against Defendant State of Hawai`i, Department of Education.

Plaintiff's Motion to Compel was heard on August 26, 2005. During the hearing, the Court questioned Plaintiff's counsel regarding the motion because "Plaintiff did not identify or specify in the Motion which discovery requests he sought judicial intervention and assistance." Based on the colloquy, the Court narrowed down the specific requests to item nos. 6, 8-11, 14-16. Although the Court did not specifically address request no. 18, it can be inferred that Plaintiff waived his right to obtain access to those requested documents by not having the Court order production of those documents. Furthermore, even after the hearing, Plaintiff failed to seek to compel the production of these documents prior to the close of discovery, September 16, 2005.

The subpoena issued to Won requests production of documents relating to Plaintiff's tenure at the McKinley Community School for Adults. As noted previously, Plaintiff failed to request said documentation in Plaintiff's First Request for Production of Documents to Defendant State of Hawai`i, Department of Education, dated April 5, 2005, and failed to seek the documents before September 16, 2005. Plaintiff now attempts to circumvent the discovery rules in order to obtain a second bite of the apple. The subpoena issued to Won also constitutes "discovery" and is subject to the same time constraints imposed on all other methods of formal discovery.

Based on the foregoing, it is respectfully requested this Court issue an order quashing the subpoenas and/or issue a protective order, or the Court issue any such further order as may be just and proper under the circumstances.

DATED: Honolulu, Hawai'i, March 29, 2007.

/s/ NELSON Y. NABETA
NELSON Y. NABETA
Deputy Attorney General