ANDRE S. WOOTEN        3887
ATTORNEY AT LAW
1188 BISHOP STREET
CENTURY SQUARE, SUITE 1909
HONOLULU, HAWAII      96813
TELEPHONE NO: 808-545-4165

ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT SHEREZ; | ) | Civil No. 04-00390 JMS-KSC |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S MEMORANDUM IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| vs. | ) | MOTION TO QUASH TRIAL SUBPOENAS |
| | ) | DUCES TECUM |
| STATE OF HAWAII | ) | |
| DEPARTMENT OF EDUCATION; | ) | CERTIFICATE OF SERVICE |
| PATRICIA HAMAMOTO, | ) | |
| Superintendent of Hawaii | ) | |
| Schools; MEREDITH MAEDA, | ) | |
| Principal of Castle High | ) | |
| School; SARA GRONNER or | ) | |
| GRONNA, Vice Principal | ) | |
| of Castle High School; | ) | |
| | ) | |
| Defendants. | ) | Trial Date: March 28, 2007 |
| _____ | ) | Judge: Hon. J. Michael Seabright |

<u>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH SUBPOENAS</u>

The Plaintiff ROBERT SHEREZ, through his undersigned attorney of record, Andre S. Wooten, hearby files this memorandum in opposition to the State's Motion to Quash Plaintiff's Trial Subpoenas Duces Tecum.

Plaintiff files limited requests for payroll and work documents related to his employment by the Defendant relevant to matters at issue in his current trial. These matters are discoverable and the type of matters normally kept and preserved

by employers.

The Ninth Circuit court's ruling in EXXON SHIPPING CO. v. U.S. DEPT. OF INTERIOR, 34 F.3d 774 (9th Cir. 1994) indicates this information "the people's evidence is discoverable and should be produced.   While it is true Plaintiff previously requested some of this data, that data should have been produced and Defendant's cannot claim surprise.

> [17] The government's argument would also violate the fundamental principle that "`the public . . . has a right to every man's evidence.'" United States v. Bryan, 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L.Ed. 884 (1950) (quoting Wigmore, Evidence § 2192 (3d ed.)). Exceptions "to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for the truth." United States v. Nixon, 418 U.S. 683, 710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974). Furthermore, the Federal Rules of Civil Procedure strongly favor full discovery. "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1).
>
> [20] We acknowledge the government's serious and legitimate concern that its employee resources not be commandeered into service by private litigants to the detriment of the smooth functioning of government operations. However, we are confident that district courts can, and will, balance the government's concerns under the general rules of discovery. The Federal Rules of Civil Procedure explicitly provide for limitations on discovery in cases such as this. Rule 26(c) and Rule 45(c)(3) give ample discretion to district courts to quash or modify subpoenas causing "undue burden." The Federal Rules also afford nonparties special protection against the time and expense of complying with subpoenas. See Fed.R.Civ.P. 45(c)(3)(A)(ii). In addition, the Rules can prevent private parties from exploiting government employees as tax-supported pools of experts. See Fed.R.Civ.P. 45(c)(3)(B)(ii), (iii) (a court may in its discretion disallow the taking of a nonretained expert's testimony unless the proponent makes a showing of "substantial need" that "cannot be otherwise met without undue hardship" and

>payment of reasonable compensation) (emphasis added).
>The Rules also recognize and protect privileged
>information. See Fed.R.Civ.P. 45(c)(3)(A)(iii).
>EXXON SHIPPING CO. v. U.S. DEPT. OF INTERIOR, 34 F.3d
>774 (9th Cir. 1994)  U.S. v. BAHAMONDE, 445 F.3d 1225
>(9th Cir. 2006)

The Plaintiff has a right under rules 401, 402 and 702, 703 and 704 of the Federal Rules of Evidence, to Call Ms. Soares and Mr. Won as hostile witnesses or rebuttal witnesses, with relevant data pertaining to Plaintiff and this controversy at trial.   These subpoeans should not be quashed under Rule 45 of the Federal Rules of Civil Procedure.


    DATED:  Honolulu, Hawaii, __March 29,    2007_____.


                       _/S/___Andre' S. Wooten_____
                            ANDRÉ S. WOOTEN
                            Attorney for Plaintiff