IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF HAWAI'I DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai`i Schools, MEREDITH MAEDA, Principal, Castle High School; SARA GRONNER OR GRONNA, Vice Principal of Castle High School,<br><br>    Defendants. | CIVIL NO. 04-00390 JMS-KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

Defendants request this Court issue an order quashing the subpoenas and/or protective order relating to the subpoenas issued to the following individuals – Richard Furmark ("Furmark") and Ira Ilson ("Ilson"). The subpoenas were issued on March 9, 2007 and served to Furmark and Ilson on March 21, 2007 and March 23, 2007, respectively. See Exhibits A and B.

230734_1.DOC

Rule 26(c), FRCP, provides for protective orders which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Rule 26(b)(2) limits the scope of discovery if there is a determination that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Rule 45(c)(3)(A), FRCP, governs whether or not a subpoena that was issued may be quashed or modified. Rule 45(c)(3)(A) states in pertinent part, the following:

> (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>
> > (i) fails to allow reasonable time for compliance;
> > . . .
> > (iv) subjects a person to undue burden.

In this instance, the subpoenas issued to Furmark and Ilson are merely an attempt by Plaintiff to conduct discovery that is improper and a thinly veiled attempt to circumvent the Federal Rules of Civil Procedure governing discovery. The primary issue before this Court relates to whether or not the Rule 45 subpoenas issued to Furmark and Ilson constitutes "discovery."

Generally, a Rule 45 subpoena constitutes "discovery" which must be filed and served prior to the close of the discovery period. See Mortgage Info. Servs., Inc. v. Kitchens, 210 F.R.D. 562 (W.D.N.C. 2002).

In Kitchens, a motion for protective order was brought by defendants in response to a subpoena duces tecum issued by plaintiff. According to the court's order, trial was set to begin on September 24, 2001, with discovery to be completed no later than August 7, 2001. Although trial was continued until March 25, 2002, the discovery period was never reopened. Five days before the trial, plaintiff served a subpoena on defendants to obtain documents necessary to its damages claim. The Court granted defendants' motion to quash, holding that the Rule 45 subpoena constitutes "discovery" which must be complied with prior to the close of the discovery period and that the subpoena filed and served by plaintiff only five days before trial would be quashed as beyond the discovery deadline. More significantly, the Court found the documents sought in the subpoena were requested, but not

produced, during the course of discovery and that Plaintiff failed to seek to compel the production of these documents prior to the close of discovery and waived its right to obtain access to them.

Furthermore, other cases have similarly held that subpoenas under Rule 45 are considered "discovery."[1] See Integra Lifesciences I, Ltd. v. Merck, 190 F.R.D. 556, 561 (S.D.Cal. 1999) (observing that "[c]ase law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case"); Marvin Lumber & Cedar Co. v. PPG Industries, Inc., 177 F.R.D. 443, 445 (D.Minn. 1997) (subpoenas under Rule 45 invoking the authority of the court to obtain the pretrial production of documents and things, are discovery within the definition of FRCP Rule 26(a)(5) and are therefore subject to the time constraints that apply to all other methods of formal discovery); Rice v. United States, 164 F.R.D. 556, 558 (N.D. Okl. 1995) (subpoenas duces tecum for particular records, issued to third parties after close of discovery

---

[1] There are exceptions where a subpoena duces tecum may not constitute discovery. See Rice, 164 F.R.D. at 558 n. 1 (a Rule 45 subpoena may be employed to secure the production at trial of original documents previously disclosed by discovery); Puritan Inv. Corp. v. ASLL Corp., 1997 WL 793569 (E.D.Pa.) (may be used to secure documents at trial for the purpose of memory refreshment or trial preparation or to ensure that original documents previously disclosed by discovery are available).

for purposes of discovering impeachment material, were quashed as improper attempt to engage in discovery after designated time period).

Thus, pursuant to Kitchens and the above cited cases, it is clear that issuance of the subpoenas to Furmark and Ilson, requesting them to bring documents to court, constitutes "discovery." Additionally, the documents requested are sought for discovery purposes and as noted previously, is improper where the discovery deadline has passed. See McNerney v. Archer Daniels Midland Co., 164 F.R.D. 584, 588 (W.D.N.Y. 1995) ("[W]hen a plaintiff . . . is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied"). In this instance, the discovery cut-off date was September 16, 2005. The subpoenas issued to Furmark and Ilson on March 9, 2007, were well past this discovery deadline.

The subpoenas issued to Furmark and Ilson command them to produce the following documents on March 30, 2007 at 9:00 a.m. – "[a]ll records pertaining to Robert Sherez and home hospital tutor assignments." See Exhibits A & B. This request is somewhat similar to request no. 12 in Plaintiff's First Request for Production of Documents to Defendant State of Hawai`i, Department of Education, dated April 5, 2005. See Exhibit C.

230734_1.DOC                                8

Request no. 12 states "[a]ny document that shows the positions the Plaintiff has held."

Defendants objected to this request in Defendant State of Hawai`i, Department of Education Response to Plaintiff's First Request for Answers to Interrogatories, dated April 6, 2005.  Thereafter, Plaintiff filed a Motion to Compel Answers to Interrogatories and Production of Documents or for Sanctions Against Defendant State of Hawai`i, Department of Education on July 27, 2005.

Plaintiff's Motion to Compel was heard on August 26, 2005.  The Court issued an Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents or for Sanctions Against Defendant State of Hawaii, filed on August 29, 2005.  See Exhibit D.  During the course of the hearing, the Court questioned Plaintiff's counsel regarding the motion because "Plaintiff did not identify or specify in the Motion which discovery requests he sought judicial intervention and assistance."  Based on the questions and responses, the Court narrowed down the specific requests to the following:  nos. 6, 8-11, 14-16.  The Court then ordered Defendants to provide documents relating to request nos. 6 & 16.  However, as to request no. 6, the Court further narrowed the scope of said request.  Although the Court did not

230734_1.DOC                                         9

specifically address request no. 12, it can be inferred that Plaintiff waived his right to obtain access to those requested documents by not having the Court order production of those documents. Furthermore, even after the hearing, Plaintiff failed to seek to compel the production of these documents prior to the close of discovery, September 16, 2005. Plaintiff is deemed to have waived his rights to these particular documents pursuant to Archer Daniels.

In this instance, it is apparent that by issuing the Rule 45 subpoenas to Furmark and Ilson, Plaintiff is attempting to obtain documents that he should have requested after the hearing on his Motion to Compel. The subpoenas issued to Furmark and Ilson are improper, constitute "discovery" and are subject to the same time constraints imposed on all other methods of formal discovery.

Based on the foregoing, it is respectfully requested this Court issue an order quashing the subpoenas and/or issue a protective order, or the Court issue any such further order as may be just and proper under the circumstances.

DATED: Honolulu, Hawai'i, March 30, 2007.

/s/ NELSON Y. NABETA
NELSON Y. NABETA
Deputy Attorney General