COPY

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 29 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

at 4 o'clock and 00 min. P
SUE BEITIA, CLERK

| | |
|---|---|
| ROBERT SHEREZ, ) | CIVIL NO. 04-00390 JMS-KSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| STATE OF HAWAII DEPARTMENT ) | |
| OF EDUCATION, PATRICIA ) | |
| HAMAMOTO, Superintendent of ) | |
| Hawaii Schools, MEREDETH ) | |
| MAEDA, Principal, Castle ) | |
| High School, SARA GRONNER ) | |
| OR GRONNA, Vice Principal ) | |
| of Castle High School, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL ANSWERS TO
INTERROGATORIES AND PRODUCTION OF DOCUMENTS OR FOR
SANCTIONS AGAINST DEFENDANT STATE OF HAWAII**

On July 28, 2005, Plaintiff Robert Sherez ("Plaintiff") filed a Motion to Compel Answers to Interrogatories and Production of Documents or for Sanctions Against Defendant State of Hawaii, Department of Education ("Motion"). Defendants State of Hawaii, Department of Education and Sarah Gronna (collectively,

EXHIBIT D

"Defendants") filed their Memorandum in Opposition on August 8, 2005. Plaintiff did not file a Reply Memorandum.

The matter came on for hearing on August 26, 2005. Attorney Andre S. Wooten appeared for Plaintiff; Deputy Attorney General Nelson Y. Nabeta appeared for Defendants.

After careful review of the written submissions and the arguments of counsel, the court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents or for Sanctions Against Defendants.

## BACKGROUND

On August 24, 2005, Plaintiff filed his First Amended Complaint alleging, in pertinent part, civil rights violations and violations of the State of Hawaii and United States of America Fair Employment Act against Defendants State of Hawaii, Department of Education and Sarah Gronna, in her official and individual capacities. In pertinent part, Plaintiff alleges that Defendant Gronna "established a policy

barring [Plaintiff], a male teacher, from tutoring female students in need of home tutoring." First Amended Complaint at 3.

On April 5, 2005, Plaintiff served his First Request for Production of Documents on Defendant State of Hawaii, Department of Education. Defendant served a written response to the First Request for Production of Documents on May 6, 2005. Plaintiff served his First Request for Answers to Interrogatories on April 6, 2005 and Defendant served Answers on May 6, 2005.

Thereafter, on July 28, 2005, Plaintiff filed the instant Motion.

## DISCUSSION

It is the obligation of a requested party to provide discovery that is relevant to the case. See Fed. R. Civ. P. 26(b)(1). Specifically Rule 26(b) provides: "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . [or] reasonably calculated to lead to the discovery of admissible evidence." Id. If a requested party believes any

3

discovery request served upon it to be unduly burdensome or oppressive, the requested party may seek from the court a protective order upon good cause shown. See Fed. R. Civ. P. 26(c).

Plaintiff's Motion seeks to compel answers to interrogatories and production of documents from Defendants. Plaintiff did not identify or specify in the Motion which discovery requests he sought judicial intervention and assistance. At the hearing on the Motion and in response to questioning by the court, Plaintiff's counsel stated that Plaintiff sought to compel answers to interrogatories nos. 1-11, and production of documents for nos. 6, 8, 9, 10, 11, 14, 15 and 16.

The court finds that Plaintiff's interrogatory nos. 1, 2 and 9 seek information relevant to the claims and subject matter of the First Amended Complaint filed by Plaintiff. Accordingly, the court grants the Motion in part and directs Defendant State of Hawaii, Department of Education to serve complete detailed

4

answers to interrogatory nos. 1,2 and 9 by September 15, 2005.

The court also finds that Plaintiff's document request nos. 6 and 16 seek information and documents relevant to the claims and subject matter of the First Amended Complaint filed by Plaintiff. Accordingly, the court grants the Motion in part and directs Defendant State of Hawaii, Department of Education to produce responsive non-privileged documents with regard to Plaintiff's document request nos. 6 and 16 as follows: (1) by September 22, 2005, Defendant shall produce to Plaintiff a list of all tutors that were hired for the Honolulu and Windward Districts from August 2003 to the present; and (2) by September 22, 2005, Defendant shall produce to Plaintiff copies of Defendant's rules and procedures applicable to the hiring of part-time tutors. The court further finds that Plaintiff's document request no. 6 which seeks "any document that shows the names of tutors that were hired for the Honolulu and Windward Districts from August 2003 to the

present" is overly broad, unduly burdensome and seeks irrelevant information and documents. Because the First Amended Complaint does not allege that Plaintiff sought employment or work as a "hospital tutor", Plaintiff's document request no. 16 as drafted seeks irrelevant information and documents.

The court finds that the remainder of the discovery requests identified by Plaintiff's counsel at the August 26, 2005 hearing are vague, overly broad, not specific as to time period, and not appropriately limited in scope relative to the claims made by Plaintiff in the First Amended Complaint. For example, Plaintiff's document request nos. 10 and 11 seek documents on a statewide basis and are not confined to the position referred to in the First Amended Complaint for which Plaintiff allegedly sought employment. Based on the foregoing, the Motion is denied as to the remaining discovery requests identified by Plaintiff's counsel at the hearing on the Motion.

The court further notes that the discovery deadline has not passed in this case. As such, Plaintiff may narrow and tailor the scope of his discovery requests and serve Defendants with discovery requests appropriate to the First Amended Complaint.

Finally, the court denies Plaintiff's request for attorney's fees and costs of having to bring this Motion. The court believes that the Motion would not have been brought if Plaintiff's counsel had (1) properly tailored the discovery request to seek relevant information and documents; and (2) met and conferred in good faith with Defendant's counsel and Plaintiff's counsel had informed defense counsel what specific information and documents were actually being sought by Plaintiff in the discovery request before filing the Motion.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents or For Sanctions Against Defendant State of

Hawaii, Department of Education is GRANTED IN PART AND DENIED IN PART as stated herein above.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, AUG 29 2005.

KEVIN S.C. CHANG
UNITED STATES MAGISTRATE JUDGE

CIVIL NO. 04-00390 HG-KSC. ROBERT SHEREZ vs. STATE OF HAWAII, ET. AL.; ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS OR FOR SANCTIONS AGAINST DEFENDANT STATE OF HAWAII, DEPARTMENT OF EDUCATION