IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>  Plaintiff,<br>vs.<br><br>STATE OF HAWAI'I, DEPARTMENT OF EDUCATION, PATRICIA HAMAMOTO, Superintendent of Hawai'i Schools; MEREDITH MAEDA, Principal, Castle High School, SARA GRONNER OR GRONNA, Vice Principal of Castle High School,<br><br>  Defendants. | Civil No. 04-00390 JMS-KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

Defendants bring this Motion at the close of Plaintiff's case and seek the dismissal of all remaining Counts, to wit:

> Counts 1 & 2: Sex discrimination and deliberate indifference in violation of Title IX against Defendant State of Hawai'i, Department of Education, and its officials, Defendants Hamamoto, Maeda and Gronna.
>
> Count 8: Sex discrimination and Retaliation in violation of Title VII against Defendant State of Hawai'i, Department of Education, and its officials, Defendants Hamamoto, Maeda and Gronna.

231188_1.DOC

II.   STANDARD OF REVIEW

Rule 50 of the Federal Rules of Civil Procedure ("FRCP") reads in relevant part as follows:

> RULE 50. JUDGMENT AS A MATTER OF LAW IN JURY TRIALS; ALTERNATIVE MOTION FOR NEW TRIAL; CONDITIONAL RULINGS
>
> (a)   Judgment as a Matter of Law.
>
> (1)   If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.
>
> . . .
>
> (b)   Renewing Motion for Judgment After Trial; Alternative Motion for New Trial. If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. . . In ruling on a renewed motion, the court may:
>
> (1) if a verdict was returned:
>   (A) allow the judgment to stand,
>   (B) order a new trial, or
>   (C) direct entry of judgment as a matter of law;
>
> . . .

In reviewing evidence in connection with a FRCP Rule 50 motion for judgment as a matter of law, the court should review all of the evidence in the record.

> [T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.

Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150-151 (2000) (citations and internal quotations omitted).

The court must decide whether there is "substantial evidence" that could support a finding for the nonmoving party. Browne v. McDonnell Douglas Corp., 698 F.2d 370, 371 (9th Cir. 1982), cert. denied, 461 U.S. 930 (1983). The question is whether the evidence in its entirety would rationally support a verdict for the plaintiff, assuming the jury took a view of the evidence most favorable to the plaintiff. Neely v. St. Paul Fire & Marine Ins. Co., 584 F.2d 341, 345 (9th Cir. 1978). Rationally supporting a verdict by the jury means that the jury may not guess or speculate at arriving at its decision and there must be enough information

from which a fair-minded juror could logically conclude that one cause is more likely true than another. Id. at 346. Further, a jury question does not exist because of a presence of a "mere scintilla of evidence"; rather there must be a conflict in substantial evidence to crate a jury question. Walker v. Nationsbank of Florida, N.A., 53 F.3d 1548, 1555 (11th Cir. 1995).

III. DISCUSSION

    A. There Is No Legally Sufficient Basis For A Reasonable Jury To Find Liability Against Defendants Hamamoto, Maeda, and Gronna, In Their Official Capacities and Defendant State of Hawai`i, Department Of Education.

        1. Counts 1 & 2: Sex Discrimination and Deliberate Indifference In Violation of Title IX, 20 U.S.C. § 1681(a).

Title IX prohibits discrimination on the basis of sex by educational institutions that receive financial assistance. Title IX provides in relevant part:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . .

20 U.S.C. § 1681(a).

Title IX allows an employee of an educational institution that receives federal funds to sue an employer for sex discrimination. Courts consistently apply the Title VII standards to Title IX claims. See e.g., Oona, R.S. v. McCaffrey, 143 F.3d 473 (9th Cir. 1998); Gallant v. Board of Trustees of California State

University, 997 F. Supp. 1231 (N.D. Cal. 1998); Doe v. Petaluma City School District, 949 F. Supp. 1415 (N.D. Cal. 1996). Therefore, in cases involving discrimination in employment brought under Title IX, the analysis is the same as cases arising under Title VII. See Weinstock v. Columbia Univ., 224 F.3d 33, 42 n.1 (2d Cir. 2000); Johnson v. Baptist Med. Ctr., 97 F.3d 1070, 1072 (8th Cir. 1996); Preston v. Commonwealth of Virginia ex rel New River Comm. College, 31 F.3d 203, 207-08 (4th Cir. 1994). This includes the burden shifting scheme set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Furthermore, in order to establish institutional liability for sex discrimination under Title IX, the plaintiff must show that "an official who . . . has authority to address the alleged discrimination and to institute correction measures on the [institutional] recipient's behalf has actual knowledge of the discrimination . . . and fails adequately to respond." Gebser v. Lago Vista Independent School Dist., 524 U.S. 274, 290 (1998). Moreover, the official's response "must amount to deliberate indifference to discrimination." Id.

Plaintiff's sex discrimination claim fails as a matter of law because he did not present evidence that he was denied tutoring jobs as a result of his sex. Plaintiff has also failed to present evidence that his lack of tutoring jobs was an adverse employment action because of his sex. As such, Plaintiff's Cause of Action I (Title IX) must fail.

Plaintiff's deliberate indifference claim fails as a matter of law because he did not present evidence that he gave actual notice of the discrimination to an official who had authority to address the alleged discrimination. Furthermore, assuming *arguendo,* there was actual notice given to an official who had authority to address the alleged discrimination, Plaintiff has presented no evidence to indicate that the official's response amounted to deliberate indifference. Therefore, Plaintiff's Cause of Action II (Title IX) must fail.

    2. Count 8: Sex discrimination and Retaliation
      In Violation of Title VII, 42 U.S.C. § 2000(e).

Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e)-2). In relevant part, 42 U.S.C. § 2000(e)-2(a)(1), provides as follows:

> (a) It shall be an unlawful employment practice for an employer
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

In Title VII cases, the burden is on the plaintiff to prove by a preponderance of the evidence that he has been the victim of intentional discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 1094 (1981). The ultimate burden of persuading the trier of fact that the defendant

intentionally discriminated against the plaintiff remains at all times with the plaintiff. Id. A plaintiff may meet this burden either by presenting direct evidence that discriminatory reasons motivated the employer's actions or by demonstrating that the employer's explanation is a mere pretext and not worthy of belief. Id. at 256.

There is a three-part framework for analyzing a claim alleging intentional discriminatory treatment under Title VII. First, Plaintiff must establish a prima facie case of discrimination "producing enough evidence to permit the trier of fact to infer the fact at issue." Burdine, 450 U.S. at 254 n.7. If the Plaintiff can meet the initial burden of establishing a prima facie case, the employer must then articulate a legitimate nondiscriminatory reason for the employment decision. Id. Once the employer articulates a legitimate, nondiscriminatory reason for the discharge, the presumption of unlawful discrimination "simply drops out of the picture." St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993). The Plaintiff must then prove the employer's articulated reason for the employment decision was pretextual by showing both that the reason given by the employer for the adverse employment action was false and that discrimination was the real reason. Id.

As set forth below, the Plaintiff did not meet his threshold burden of establishing a prima facie case of discrimination under Title VII. In order for

Plaintiff to have established a prima facie case of discrimination, he must have showed:

(1) he belongs to a protected class;
(2) he performed his job satisfactorily;
(3) he suffered an adverse employment action; and
(4) he was treated differently than a similarly situated employee who does not belong to the same protected class.

See McDonnell Douglas, 411 U.S. at 802-03; Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006); Aragon v. Republic Silver State Disposal, 292 F.3d 654, 658 (9th Cir. 2002); Cordova v. State Farm Ins. Cos., 124 F.3d 1145, 1148 (9th Cir. 1997); Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 672 (9th Cir. 1988).

In the instant matter, Plaintiff is a male and a member of a protected class. However, the mere fact that the Plaintiff belongs to a protected class is insufficient to establish a claim for discrimination.

In order for Plaintiff to establish a prima facie discrimination claim, one of the essential elements requires him to demonstrate that the treatment he received was less favorable than the treatment similarly situated female tutors received. Burdine, 450 U.S. at 258 ("[I]t is the plaintiff's task to demonstrate that similarly situated employees were not treated equally") (citation omitted). See also Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220 (9th Cir. 1998) (Plaintiff must show similarly situated employees who are not members of Plaintiff's protected class

received more favorable treatment); Foss v. Thompson, 242 F.3d 1131, 1134 (9th Cir. 2001) (same); Washington v. Garrett, 10 F.3d 1421, 1434 (9th Cir. 1993) (same).

In this instance, Plaintiff has failed to present evidence of discrimination relating to his tutoring assignments based on his sex. The evidence adduced at trial proves otherwise. Thus, Plaintiff's Title VII discrimination claim fails as a matter of law because he failed to present evidence that similarly situated female tutors were treated more favorably than he was.

Plaintiff has also failed to establish that he was retaliated against in violation of Title VII. To establish a prima facie case of retaliation under Title VII, Plaintiff must show that (1) he was engaging in a protected activity, (2) he suffered an adverse employment decision, and (3) there was a causal link between the protected activity and the adverse employment decision. Tarin v. County of Los Angeles, 123 F.3d 1259, 1264 (9th Cir. 1997); E.E.O.C. v. Hacienda Hotel, 881 F.2d 1504, 1514 (9th Cir. 1989). If Plaintiff succeeds in establishing a prima facie case, the burden shifts to the employer to produce a legitimate, non-discriminatory reason for the adverse action. Id. The McDonnell Douglas/Burdine discrimination analysis thus applies. Thereafter, if the employer successfully articulates a legitimate, non-discriminatory reason for the action, the plaintiff bears the burden of showing that the employer's proffered reasons are pretexts for retaliation. Id.

In this instance, Plaintiff provided no evidence of a causal link between Defendants' decision not to hire him to teach the GED course for Summer 2003 at the McKinley Community School for Adults and his engagement in a protected activity. Instead, the evidence shows that Plaintiff was not "fired" or "prematurely terminated" during the Spring 2003 semester but completed his teaching obligation for the semester and was not hired to teach the GED course for the following semester, Summer 2003.

    B.    There Is No Legally Sufficient Evidentiary Basis For A Reasonable Jury To Find Liability On Plaintiff's Claim For Punitive Damages.

Punitive damages may be awarded either when a defendant's conduct was driven by evil motive or intent or, when it involves a reckless or callous indifference to the constitutional rights of others. Smith v. Wade, 461 U.S. 30, 56 (1983); Davis v. Mason Co., 927 F.2d 1473, 1484 (9th Cir. 1991). During trial, there was no evidence presented that Defendants were driven by evil motive or acted with a reckless disregard to Plaintiff's constitutional rights.

IV.    CONCLUSION

For the reasons set forth above and the evidence presented, Defendants submit that they are entitled to judgment as a matter of law on all remaining Causes of Action.

DATED: Honolulu, Hawai`i, April 4, 2007.

                                                 /s/ Claire W.S. Chinn

NELSON Y. NABETA
CLAIRE W.S. CHINN
Deputy Attorneys General
Attorneys for Defendants