IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ROBERT SHEREZ,<br><br>　　　　　Plaintiff,<br>vs.<br><br>STATE OF HAWAI`I, DEPARTMENT OF EDUCATION; PATRICIA HAMAMOTO, Superintendent of Hawai`i Schools; MEREDITH MAEDA, Principal, Castle High School; SARA GRONNER or GRONNA, Vice Principal of Castle High School,<br><br>　　　　　Defendants. | Civil No. 04-00390 JMS/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF THE MOTION

I.   AS TO THE PLAINTIFF'S CLAIM PURSUANT TO 42 U.S.C. §1983

　　A.   THIS COURT SHOULD ENTER JUDGMENT AS A MATTER OF LAW BECAUSE THE TITLE IX CLAIM ASSERTED BY THE PLAINTIFF BARS ANY CLAIM UNDER 42 USC §1983.

The Complaint alleges violations of both Title IX and § 1983 based on the allegation of a single set of facts purporting gender discrimination. However, in this case, the Plaintiff's § 1983 claim is precluded by his assertion of his claim under Title IX.

229157_1.DOC

Generally, courts have held that a claim under § 1983, alleging gender discrimination, is preempted under Title IX. Bougher v. University of Pittsburgh, 713 F.Supp. 139, 145 (W.D.Pa. 1989); Pfeiffer by Pfeiffer v. Marion Center Area School Dist., Bd. of School Directors for Marion Center Area School Dist., 917 F.2d 779, 789 (3rd Cir. 1990). Courts have reasoned that Congress intended the statute's administrative and judicial remedies, to be exclusive in nature and thus a claimed violation of Title IX should not be pursued both under Title IX and § 1983. Bruneau ex rel. Schofield v. South Kortright Cent. School Dist., 163 F.3d 749, 757-759 (2nd Cir. 1998). Consequently, courts have held that the availability of a claim under Title IX preempts the remedies available for sex discrimination under §1983. Boulahanis v. Board of Regents, 198 F.3d 633, 640 (7th Cir. 1999).

As such, courts have held that a plaintiff may not allege the same set of facts upon which to base causes of action under both Title IX and § 1983. In particular, a plaintiff may not claim that an instance of intentional discrimination simultaneously creates causes of action under both Title IX and under § 1983. Williams v. School Dist. of Bethlehem, Pa., 998 F.2d 168, 176 (3rd Cir. 1993); Waid v. Merrill Area Public Schools, 91 F.3d 857, 862 (7th Cir. 1996).

In this case, the Plaintiff's § 1983 claims against Defendants Maeda and Gronna are premised on purported gender discrimination that is asserted to be violations of Title IX. However, the Plaintiff's claim based on § 1983 is barred

because of the clear congressional intent that the Title IX be the exclusive remedy for such violations. Consequently, judgment as a matter of law should be entered on behalf of Defendants Maeda and Gronna.

    B.    THIS COURT SHOULD ENTER JUDGMENT AS A MATTER OF LAW BECAUSE THE TITLE VII CLAIM ASSERTED BY THE PLAINTIFF BARS ANY CLAIM UNDER 42 USC §1983.

The Complaint alleges violations of both Title VII and § 1983, based on the allegation of a single set of facts purporting employment retaliation discrimination. However, in this case, the Plaintiff's § 1983 claim is barred as a matter of law. Courts have held that where a statute provides its own comprehensive enforcement scheme, that scheme may not be bypassed by pleading an underlying violation of the statute and bringing suit directly under § 1983. Alexander v. Chicago Park Dist., 773 F.2d 850, 856 (7th Cir. 1985). Consequently, courts have held that a claim under § 1983 claim cannot be brought, based on a violation of Title VII, against a person who could not be sued under that statute. Huebschen v. Department of Health and Soc. Serv., 716 F.2d 1167, 1170 (7th Cir.1983); Alsbrook v. City of Maumelle, 184 F.3d 999, 1010-1012 (8th Cir. 1999); Alexander v. Chicago Park Dist., 773 F.2d 850, 856 (7th Cir. 1985); Veal v. Memorial Hosp. of Washington County, 894 F.Supp. 448, 452-55 (M.D.Ga.1995). As such, the § 1983 claim against the individual capacities of Defendants Maeda and Gronna must fail, as a matter of law.

C.     EVEN IF THE CLAIMS ASSERTED UNDER TITLES IX AND VII DO NOT PRECLUDE A CLAIM UNDER 42 U.S.C. §1983, THIS COURT SHOULD ENTER JUDGMENT AS A MATTER OF LAW BECAUSE THE PLAINTIFF HAS FAILED TO PRESENT A PRIMA FACIE CASE.

A violation may be remedied in an action brought under 42 U.S.C. § 1983 upon a showing that (1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or to inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person. FSK Drug Corp. v. Perales, 960 F.2d 6, 10 (2nd Cir. 1992), citing Wayte v. United States, 470 U.S. 598, 608-09 (1985). Yerardi's Moody St. Restaurant v. Bd. of Selectmen, 932 F.2d 89, 92 (1st Cir. 1991). But the equal protection clause's proscription of differential treatment applies only where individuals are similarly situated. Eisenstadt v. Baird, 405 U.S. 438, 446-47 (1972).

Therefore, a prima facie case of discrimination in cases brought under the equal protection clause and 42 U.S.C. § 1983 requires proof of intentional discrimination. Gay v. Waiters' and Dairy Lunchmen's Union, Local No. 30, 694 F.2d 531, 537 (9th Cir.1982). Under § 1983, a plaintiff claiming discrimination in employment must prove that the employer was motivated by a discriminatory purpose. Firefighters Local Union No. 1784 v. Stotts, 467 U.S. 561, 583 n. 16, 104

S.Ct. 2576, 2590 n. 16, 81 L.Ed.2d 483 (1984); Washington v. Davis, 426 U.S. 229, 239-41, 96 S.Ct. 2040, 2047-48, 48 L.Ed.2d 597 (1976). Stones v. Los Angeles Community College District, 796 F.2d 270, 279 (9 th Cir. 1986). As such, a teacher who could not demonstrate that there was an improper motive underlying employment practice or policy failed to demonstrate a cause of action under 42 U.S.C.A. § 1983. Chavez v. Tempe Union High School Dist. No. 213, 565 F.2d 1087, 1095 (9 th Cir. 1977).

In this case, the Plaintiff has failed to present evidence that Defendant Maeda had discriminated against the Plaintiff. Defendant Maeda is a school principal who was responsible for matters on the Castle High School campus. There is no showing that Defendant Maeda had any authority concerning the hiring of tutors in the Home Hospital Instructional program. Nor did Defendant Maeda actually personally participate in any conduct that had deprived the Plaintiff of any rights. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). As such, judgment should be entered on his behalf.

Also, in this case, the Plaintiff has failed to show that her actions were motivated to discriminate against the Plaintiff because of his sex. Further, the evidence shows that Defendant Gronna, acted without illegal discriminatory motivations. The evidence shows that reasons for Defendant Gronna's conduct are

legitimate and completely non-discriminatory towards the Plaintiff's sex. As such, judgment should be entered as a matter of law on her behalf.

II. AS TO THE PLAINTIFF'S CLAIM PURSUANT TO CHAPTER 378, HAW.REV.STAT.

    A. THIS COURT SHOULD ENTER JUDGMENT AS A MATTER OF LAW AS TO THE PLAINTIFF'S CLAIM UNDER CHAPTER 378, HAW.REV.STAT. FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Courts have generally held that where there is a statute prohibiting employers from discriminating, an employee must comply with the administrative requirements of the statute or be precluded from bringing action under the statute. Charland v. Muzi Motors, Inc., 631 N.E. 2d 555 (Mass. 1994); Melley v. Gillette Corp., 475 N.E. 2d 1227 (Mass. 1985). Under such a statute, recourse must first be made administratively before an action can be filed in the courts. Van Scoyk v. St. Mary's Assumption Parochial School, 580 P.2d 1315 (Kan. 1978). Thus, courts require a plaintiff to exhaust all administrative remedies under a statute prohibiting employment discrimination. Bailey v. Storlazzi, 729 A.2d 1206 (Pa. 1999). The failure of the employee to comply with provisions of an employment discrimination statute bars direct action against the employer. Thakkar v. Wilson Enterprises, Inc., 458 N.E. 2d 985 (Ill. 1983). Where an employee fails to file a complaint with the proper state agency, a court is without jurisdiction to adjudicate the civil action for employment discrimination. Bennett v. Borden, Inc., 128 Cal.

Rptr. 627 (1976). Simply put, the failure to satisfy administrative prerequisites deprives the court of subject matter jurisdiction over the employment discrimination claim. Vincent v. West Texas State University, 895 S.W. 2d 469 (Tex. 1995).

In this case, the Plaintiff's charge of discrimination filed before the Hawaii Civil Rights Commission, fails to name the Defendants as respondents. As such, administrative requirements were not followed concerning the Plaintiff's specific claim based on §378-2(3), Haw.Rev.Stat. against the Defendants Maeda and Gronna. Consequently, the Plaintiff has failed to exhaust his administrative remedies. Under similar circumstances, courts have held that a district court is deprived of subject matter jurisdiction over the claim. Legnani v. Alitalia Linee Aerree Italiane, S.P.A., 274 F.3d 683, 686 (2nd Cir. 2001); Shikles v. Sprint/Unitede Management Co., 426 F.3d 1304, 1317 (10th Cir. 2005).

    B.    THIS COURT SHOULD ENTER JUDGMENT AS A MATTER OF LAW AS TO THE PLAINTIFF'S CLAIM UNDER CHAPTER 378, HAW.REV.STAT. BECAUSE PLAINTIFF FAILED TO PRESENT A PRIMA FACIE CASE.

Plaintiff brings a claim under §378-2(3), Haw.Rev.Stat. against Defendants Maeda and Gronna for aiding and abetting an unlawful discriminatory practice. The statute reads:

It shall be an unlawful discriminatory practice:

(3)   For any person whether an employer, employee, or not, to aid, abet, incite, compel, or coerce the doing of any of the discriminatory practices forbidden by this part, or to attempt to do so;

However, in this case, the Plaintiff has failed to present a prima facie case. The Plaintiff has failed to show an actual discriminatory practice existed in the Home Hospital Instructional program in the Windward District that precluded males from teaching female students. On the contrary, the evidence shows that male tutor are hired to teach female students. The Plaintiff also failed to show that there was a practice that existed in the program that discriminated against him because of his sex. Instead, the evidence showed that the hiring of the Plaintiff to serve as a tutor was for legitimate non-discriminatory reasons and not based on his sex. Finally, there is no evidence that either Defendant Maeda or Gronna had somehow tried to influence the hiring of the Plaintiff as a tutor because of his sex. The actions of both defendants toward the Plaintiff was, again, for non-discriminatory reasons. As such, Judgment as a matter of law should be entered on behalf of Defendants Maeda and Gronna.

DATED:   Honolulu, Hawai`i, April 4, 2007.

_____
NELSON Y. NABETA
CLAIRE W CHINN
Deputy Attorney General
Attorney for Defendants