Rule 3.1     HAWAI'I RULES OF PROFESSIONAL CONDUCT

## ADVOCATE

**Rule 3.1.     MERITORIOUS CLAIMS AND CONTENTIONS.**

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.

**COMMENT:**

[1] The advocate has a duty to use legal procedure for the fullest benefit of the client's cause, but also a duty not to abuse legal procedure. The law, both procedural and substantive, establishes the limits within which an advocate may proceed. However, the law is not always clear and never is static. Accordingly, in determining the proper scope of advocacy, account must be taken of the law's ambiguities and potential for change.

[2] The filing of an action or defense or similar action taken for a client is not frivolous merely because the facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery. Such action is not frivolous even though the lawyer believes that the client's position ultimately will not prevail. The action is frivolous, however, if the client

*Hawai'i Code Comparison*

DR 7-102(A)(1) provided that a lawyer may not "[f]ile a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of [the lawyer's] client when [the lawyer] knows or when it is obvious that such action would serve merely to harass or maliciously injure another." Rule 3.1 has the same general effect as DR 7-102(A)(1), with three qualifications. First, the test of improper conduct is changed from "merely to harass or maliciously injure another" to the requirement that there be a basis for the litigation measure involved that is "not frivolous." This includes the concept stated in DR 7-102(A)(2) that a lawyer may advance a claim or defense unwarranted by existing law if "it can be supported by good faith argument for an extension, modification, or reversal of existing law." Second, the test in Rule 3.1 is an objective test, whereas DR 7-102(A)(1) applied only if the lawyer "knows or when it is obvious" that the litigation is frivolous. Third, Rule 3.1 has an exception that in a criminal case, or a case in which incarceration of the client may result (for example, certain juvenile proceedings), the lawyer may put the prosecution to its proof even if there is no nonfrivolous basis for defense.

**Rule 3.2.     EXPEDITING LITIGATION.**

A lawyer shall make reasonable efforts to expedite litigation consistent with the legitimate interests of the client.

**COMMENT:**

Dilatory practices bring the